UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-cv-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO: 06-CV-411KSF

KATHERINE TRIMBLE,
Executrix of the estate of JUDY ANN RAINS                              PLAINTIFF

vs.

COMAIR, INC. et al.                                                    DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court on the motion of Rodney and Linda Rains to intervene in this action [Case No. 06-316, DE #223] and motion for a hearing [DE #304]. Having been fully briefed, these matters are ripe for review.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Rodney and Linda Rains ["Movants"] are the parents of Judy Rains, a passenger on Comair Flight 5191 that crashed August 27, 2006. They move to intervene as plaintiffs in this action, stating they are the statutory beneficiaries of the proceeds of the wrongful death claim and, as such, are the real parties in interest. They further state that their interests are not being adequately represented by Plaintiff Katherine Trimble, who was appointed as Executrix of Judy Rains' estate on August 28, 2006.

Based on the memoranda of the parties and the record herein, the chronological facts in this action appear to be as follows. On August 26, 2006, it is alleged that Judy Rains hand wrote to fill in the blanks of a Last Will and Testament form that apparently was obtained from the internet [DE

#265, Exhibit 1]. This document named her fiancé, Brian Byrd, as her executor and devised her home and dog-grooming business to him. In the event he did not survive her, the Will named Katherine Trimble as the executrix and devised the same property to her. *Id.* Early the next morning, Judy Rains and Brian Byrd left Lexington on Comair Flight 5191 for their wedding, and both died in the plane crash during takeoff.

Monday morning, August 28, 2007, Katherine Trimble offered Judy Rains' Will to probate and was appointed Executrix by the Madison District Court [*Id.*, Exhibit 2]. At some point, one or both of the Movants obtained an injunction from the Madison District Court prohibiting Trimble from acting in her capacity as Executrix. The court dissolved the injunction November 15, 2006 by order stating the injunction exceeded the court's jurisdiction [*Id.*, Exhibit 4]. Meanwhile, Trimble's deposition was taken September 25 and 28, 2006. On October 13, 2006, Linda Rains filed a Complaint, Petition for Removal and Restraining Order in the Madison Circuit Court challenging the validity of the Will, seeking to remove Trimble for breach of her fiduciary duties, and requesting that Linda Rains be named administratrix of the estate [*Id.*, Exhibit 3]. On November 22, 2006, Trimble filed a wrongful death and survival action against Comair, Inc., et al. ["Comair"] in Fayette Circuit Court. That action was removed to this Court by Comair on December 11, 2006. Movants sought intervention December 28, 2006, and on January 10, 2007, Trimble moved to remand this case to the Fayette Circuit Court.

Movants include in their motion to intervene many allegations describing Trimble's allegedly hostile conduct toward them and challenging her qualifications to serve as Executrix. These allegations and challenges, however, are the subject of ongoing state court proceedings and are largely irrelevant to the issue before this Court.

Movants state they are seeking to intervene "in this action to protect their interest in the lawsuit and settlement proceeds" [DE #223, p. 10]. They claim that, as beneficiaries of the wrongful death proceeds, they have a "legally protectable interest" in the this lawsuit [*Id.* p. 11] and a

2

"substantial and direct interest in the proceeding" [DE # 303, p. 9]. In support of their claim that disposition of the action may impair or impede their ability to protect that interest, they raise arguments regarding Trimble's qualifications and claim that she sought a settlement check from Comair to use in the operation of the dog-grooming business. They say Comair was concerned about this demand and contacted Movants to alert them [DE #223, pp. 11-12]. Movants note that Trimble contracted to pay a 35 percent fee to counsel in this case, and they "object to the payment of this costly attorney fee" as they "believe this fee is too high and unnecessary" and is "financially oppressive." [*Id.,* p. 12]. Movants claim that one of Trimble's counsel, Rene Heinrich, is the daughter of Trimble's employer. They argue they "need to intervene to verify that this lawsuit is handled diligently and in their best interest." *Id.* They claim a "justified fear that Ms. Trimble will attempt to settle this matter for an inadequate sum" because Trimble has no interest in the proceedings [*Id.*, p.13]. They also note that they "do not trust Ms. Trimble or her counsel to resolve this matter in their best interest" [DE #303, p. 11]. Finally, they claim they have limited recourse without intervention as the will waived surety, and they believe Trimble "has insufficient assets to satisfy such a judgment." *Id.*

In support of their claim that their interest is not adequately represented by Trimble, Movants argue that Trimble's interests are adverse in that her attorneys claim a 35 percent contingency fee, which will result in their losing "a substantial sum." [DE #223, p. 14] They claim that Trimble has pursued this matter for "her own gain or for the gain of her bosses' daughter." [*Id.*] They contend that she has not consulted them or attempted to cooperate with them. [*Id.*] They note that Rodney Rains was to stay at Judy Rains' residence during her honeymoon, but Trimble immediately changed the locks and did not give him access to his medication or clothing [*Id.* p. 2]. They point out that Trimble has no financial stake in the outcome of the lawsuit and, thus, does not share any interest with Movants. Instead, they claim she prefers her own interests and those of her lawyers to the interest of Movants [DE #303, pp. 12-13]. They argue that Trimble has "demonstrated utter

3

disregard for Rodney and Linda Rains' age and serious health conditions." Under the circumstances, they "object to the litigation path upon which the Plaintiff has embarked." [*Id.* p. 3].

Movants seek the alternative relief of permissive intervention pursuant to Rule 24(b) so that they may "verify that this lawsuit is handled in a diligent and agreeable manner" and "object to this unreasonable contingent attorney fee." [DE #223 p. 15]. In addition to intervention, the relief Movants request is that "no settlement of this matter should occur without the agreement of the Rains" and that "Ms. Trimble's counsel takes no further action and no attorney fees are accumulated pending a final hearing to determine Mrs. Trimble's fitness to act as the executrix." *Id.*

In response to these claims, Trimble argues that Movants have unsuccessfully litigated in the Madison District Court and are currently litigating in the Madison Circuit Court the same issues regarding their desire to control the wrongful death litigation. She notes that Kentucky law requires the personal representative to bring a wrongful death action and does not allow the beneficiaries to do so. Trimble suggests *Colorado River*[1] abstention may be appropriate in light of the extensive litigation pending in Madison Circuit Court regarding removing her as the personal representative. Additional arguments of the parties are discussed below.

## II.  ANALYSIS

### A.  Application of Kentucky Law

The wrongful death claim that is the foundation of the Motion to Intervene was filed as a state law claim pursuant to KRS 411.130 [Complaint introduction, Case No. 06-411, DE #1-2]. Both parties rely on Kentucky law in their memoranda and do not question that Kentucky law applies to this claim in which the decedent was a citizen of Kentucky, the defendant's principal place of business is Kentucky, and the accident occurred in Kentucky.

---

[1] *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

### B. Intervention As A Matter Of Right

To succeed on their motion to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2), Movants must satisfy the following three-part test, in addition to the fourth requirement of timeliness[2] stated in the Rule: "(1) does the applicant claim an interest relating to the property or transaction that is the subject of the action; (2) is the applicant so situated that disposition of the lawsuit may as a practical matter impair or impede his ability to protect that interest; and (3) is the applicant's interest adequately represented by existing parties." *Purnell v. City of Akron*, 925 F.2d 941, 945 (6th Cir. 1991)[3] (citing *Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 292 (6th Cir. 1983)). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

#### 1. Whether Movants Have an Interest Relating To The Property That Is The Subject Of This Action

For purposes of intervention, the Sixth Circuit "has required a 'direct, substantial interest' in the litigation which must be 'significantly protectable.'" *Purnell*, 925 F.2d at 947 (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1990). Movants here argue that, as the beneficiaries of any proceeds of the wrongful death action filed pursuant to KRS 411.130, they are the real parties in interest and that the personal representative of the estate is merely a nominal party. Accordingly, Movants claim they clearly have an "interest" relating to property that is the subject of this action. Trimble responds that the cause of action for wrongful death belongs to the estate and can only be litigated by the personal representative, even though Movants will be the beneficiaries of the proceeds of the claim [DE #265 p. 10]. She further notes that the Movants are not necessary participants in the action and have no separate claims for damages. Thus, Trimble argues Movants do not have an "interest" such that they are entitled to intervene.

---

[2] Plaintiff did not challenge the timeliness of the motion.

[3] The parties agreed that *Purnell* states the Rule 24(a)(2) test in this Circuit.

> Section 141 of the Kentucky Constitution authorizes a wrongful death action as follows:
>
> Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made, the same shall form part of the personal estate of the deceased person.

In Kentucky, there was no common law cause of action for wrongful death. *Moore v. Citizens Bank of Pikeville*, 420 S.W.2d 669, 670 (Ky. 1967). In 1893, the General Assembly codified a wrongful death cause of action pursuant to Constitution Section 141 in Carroll's Kentucky Statutes, Section 6. *Dishon's Adm'r v. Dishon's Adm'r*, 187 Ky. 497, 219 S.W.794, 795 (1920). The present statute has not changed materially from the original in Carroll's Kentucky Statutes, Section 6. *Moore,* 420 S.W.2d at 671. Kentucky's wrongful death statute, KRS 411.130, provides in relevant part:

> (1) Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was willful or the negligence gross, punitive damages may be recovered. The action shall be prosecuted by the personal representative of the deceased.
>
> (2) The amount recovered, less funeral expenses and the cost of administration and costs of recovery including attorney fees, not included in the recovery from the defendant, shall be for the benefit of and go to the kindred of the deceased in the following order:
>
>> (d) If the deceased leaves no widow, husband or child, then the recovery shall pass to the mother and father of the deceased, one(1) moiety each, if both are living....

It is undisputed that Movants, as Judy Rains' parents, are the beneficiaries of the proceeds of the wrongful death claim in this case. Trimble admits in her deposition that they are the beneficiaries of the wrongful death action she filed [Trimble Depo. Vol. II, p. 34].

Kentucky law has long held that the beneficiaries of a wrongful death claim are the "real parties in interest" and that the personal representative is a nominal party. *Vaughn's Adm'r v. Louisville & N. R. Co.*, 297 Ky. 309, 179 S.W.2d 441, 445 (1944) ("The recovery in an action for wrongful death is not for the benefit of the estate but for the next of kin, here the decedent's father

6

and mother." "The administrator is merely a nominal plaintiff. The real parties in interest are the beneficiaries whom he represents."); *Totten v. Parker*, 428 S.W.2d 231, 238 (Ky. 1967) ("The next of kin are the real parties in interest, in that they share the recovery, but they are not necessary parties to the action."); *Rhodes v. Rhodes*, 764 S.W.2d 641, 643 (Ky. Ct. App. 1988) ("[T]he amount recovered under the statute does not inure to the decedent or his estate. It is for and goes directly to the kindred of the deceased in the order in the statute.") Recently, Kentucky's intermediate court reiterated these principles:

> An action for wrongful death is statutorily governed. Such an action is brought under KRS 411.130, which gives a cause of action to a personal representative for the sole benefit of named beneficiaries. The recovery in an action for wrongful death is not for the benefit of the estate but for the next of kin. The statutory authority of the administrator, where the decedent leaves any of the kindred named in the statute, is to sue for the benefit of the next of kin. The administrator is merely a nominal plaintiff. The real parties in interest are the beneficiaries whom he represents.

*Sluder v. Marple*, 134 S.W.3d 15, 16 (Ky. Ct. App. 2003).

On the other hand, it is clear that **only** the personal representative of the decedent can bring a claim for wrongful death under Kentucky law. "Under the constitution and statutes of Kentucky, an action for wrongful death can be maintained only by the personal representative of the decedent." *Lewis v. Harper*, 371 F.2d 555, 556 (6th Cir. 1967). *See also Everley v. Wright*, 872 S.W.2d 95 (Ky. 1993) (Wrongful death action by widow was dismissed at trial because she had not been appointed personal representative). Kentucky law permits the beneficiaries to bring an action only under two exceptional circumstances: (1) when the personal representative has refused to bring the action; or (2) where there is fraud and collusion on the part of the personal representative and the person sought to be made liable for the death. *Id.*, citing *McLemore v. Sebree Coal & Mining Co.,*, 121 Ky. 53, 88 S.W. 1062 (1905) and *Leach v. Owensboro City Ry. Co.,* 137 Ky. 292, 125 S.W. 708 (1910). *See also Harris v. Rex Coal Co.* , 177 Ky. 630, 197 S.W. 1075 (1917); *Louisville & N. R. Co. v. Turner*, 290 Ky. 602, 162 S.W.2d 219 (1942); *New Bell Jellico Coal Co. v. Stewart's Admin'x, 155 Ky. 415, 159 S.W. 962 (1913)*. "Courts have consistently held that the right of [a wrongful death]

action is in the personal representative exclusively." *Wheeler v. Hartford Accident & Indemnity Co.*, 520 S.W.2d 816, 819 (Ky. 1978).

Thus, while the next of kin are the beneficiaries of the proceeds and the real parties in interest therein, the cause of action for wrongful death accrues to the personal representative of the estate. *Birkenshaw v. Union Light, Heat and Power Co.*, 889 S.W.2d 804, 806 (Ky. 1994) ("As stated in *Spangler's Adm'r v. City of Middlesboro*, 301 Ky. 237, 191 S.W.2d 414 (1945), a cause of action for wrongful death accrues to the estate of the deceased. Once a recovery is made in such an action, payment of same is governed by KRS 411.130(2)...."); *Sluder*, 134 S.W.3d at 16 ("Such an action is brought under KRS 411.130, which gives a cause of action to a personal representative for the sole benefit of named beneficiaries.")

Kentucky courts have refused to allow beneficiaries to intervene in a wrongful death case, absent allegations of fraud and collusion between the personal representative and the party sought to be held liable for the death. In *Louisville & N. R. Co. v. Turner*, 290 Ky. 602, 162 S.W.2d 219 (1942), the court allowed a widow and children to intervene in a wrongful death action based upon their allegations of fraud and collusion. *Id.* at 221. While the personal representative in that case was acting fraudulently and her appointment as administratrix was voidable, the court held that until her appointment was revoked, her acts were valid. *Id.* Finding no fraud or collusion on the part of the railroad, however, the court held that the intervenors had failed to meet their burden and directed that a verdict be entered against them on their claim. *Id.* at 221-22. *See also Flanary's Adm'x v. Griffin*, 239 S.W.2d 248, 251 (Ky. 1951) (court did not err in refusing to permit the children to be made parties); *Kentucky Handbook Series, Wrongful Death Actions* § 4:4 (2006 ed.) ("Since the personal representative is solely empowered to bring the action, neither the beneficiaries nor their assignees can intervene in the action"); *Kentucky Practice Series Probate Practice and Procedure* § 1393 (2d ed.)("The right of the personal representative to bring an action for wrongful death under this statute is exclusive. The beneficiaries are not entitled to intervene."] None of these authorities

8

are based upon a failure to meet a state court procedural rule. Instead, they reference the substantive requirements of Kentucky's wrongful death statute.

Movants argue that an analysis regarding who can "bring" a lawsuit applies only to the question of standing, and that the Sixth Circuit does not require standing in order to intervene [DE #303, p. 8]. They cite in support *Jones v. Prince George's County, Md.*, 348 F.3d 1014 (6th Cir. 2003). In that case, Jones' mother, as personal representative, brought a wrongful death action under Virginia law, and Jones' infant daughter sought to intervene. The court noted that only a personal representative may sue for wrongful death under Virginia law. However, under Virginia law, "a decedent's child may recover damages to compensate her for the loss she suffers as a consequence of her parent's death." *Id.* at 1017. Because this child was deprived of her father's financial and emotional support, the court held she "thus has standing to participate in this suit." *Id.* at 1018. Since the child had standing, any comment in *Jones* that standing is not required is dicta.

The situation in *Purnell v. City of Akron*, 925 F.2d 941 (6th Cir. 1991) was similar. There, two allegedly illegitimate children of the deceased ("Campbell children") sought to intervene in an Ohio wrongful death suit brought by the personal administrator on behalf of the decedent's legitimate children. Paternity had not been established for the Campbell children. The court held they were entitled to intervene as a matter of right, but the motion should be held in abeyance until the paternity issue was resolved [*Id.* at 950]. They were also entitled to permissive intervention, "contingent upon resolution of the paternity determination." *Id.* at 954. Movants argue they have an even greater interest than the Campbell children because there is no contingency associated with their interest [DE #303, p. 10]. The distinction Movants disregard is that the Campbell children had independent claims under Ohio's wrongful death statute for loss of services, loss of prospective inheritance, and for mental anguish. *Id.* at 949. "[R]ecovery under Ohio law for wrongful death depends on each beneficiary's circumstances." *Id.* Thus, if the Campbell children were not permitted to intervene and present evidence, there could not be any award for their damages. By

9

contrast in the present case, Movants do not have any independent claims under Kentucky's wrongful death statute. They will be the beneficiaries of any proceeds of the litigation whether they intervene or not.

The *Purnell* court's statement that "a party seeking to intervene need not possess the standing necessary to initiate a lawsuit" [*Id.* at 948] is also dicta in that the Campbell children had a right to bring an action for their own loss if paternity was established. *Purnell* relies on *Trbovich v. United Mine Workers*, 404 U.S. 528 (1972) for the absence of a standing requirement. That court interpreted the Labor-Management Reporting and Disclosure Act of 1959, which made the exclusive remedy for an election violation a suit by the Secretary of Labor, not to preclude intervention by a union member. The court found the congressional intent was to prevent claims the Secretary believed to be lacking in merit and to avoid "litigating in forums or at times different from those chosen by the Secretary." *Id.* at 536. It did not find anything in the language or legislative history to prevent intervention so long as a "petitioner seeks only to present evidence and argument in support of the Secretary's complaint." *Id.* at 537. By contrast, Kentucky courts and commentators have plainly said that intervention by beneficiaries in wrongful death suits is prohibited, absent proof of collusion. Movants have not alleged or shown collusion between Trimble and Comair. The Sixth Circuit has not ruled on intervention under Kentucky's wrongful death statute.

Despite serious questions about whether Kentucky substantive law controls the right of intervention in this case, this Court recognizes that the Sixth Circuit "has opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). It has said that "'interest' is to be construed liberally." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). Accordingly, this Court will assume, arguendo, that the Sixth Circuit would hold Movants have met their burden of showing a sufficient, direct and substantial interest in the litigation to support intervention.

      2.    <u>Whether Disposition of the Lawsuit May Impair or Impede Movant's Ability to Protect Their Interest</u>

10

To satisfy the impairment requirement, "the would-be intervenors need only show that the disposition '*may* ... impair or impede [their] ability to protect [their] interest." *Purnell*, 925 F.2d at 948. As discussed above, the *Jones* and *Purnell* cases are clear examples of the impairment a proposed intervenor would suffer in a wrongful death case if intervention were denied. There, the children of the decedents had independent claims for loss of consortium-type damages under the wrongful death statutes of Virginia and Ohio. Without intervention, those claims could not be made and proof could not be offered. The children were necessary parties in the action to protect their interest. As the court said in *Purnell*, "recovery under Ohio law for wrongful death depends on each beneficiary's circumstances." *Id.* at 949. No similar situation exists here. Under Kentucky law, there is no recovery for wrongful death that depends on each beneficiary's circumstances. The Movants do not have any separate claims that will be lost or diminished without their intervention.

In support of their argument that their wrongful death proceeds will be diminished, Movants speculate that Trimble will breach her fiduciary duties to them, that they will have no recourse because the will waives the requirement of surety, and that Trimble will have insufficient assets to satisfy a judgment for breach. These speculative claims might have some value in a state court proceeding to disqualify the personal representative or to require a bond because of endangerment of the rights of the beneficiaries. They are not sufficient, however, to satisfy a right to intervene. This Court will not presume a fiduciary will breach her duties to the beneficiaries. Moreover, this Court will not preempt ongoing state court proceedings to disqualify the fiduciary. As the court said in *Louisville & N. R. Co. v. Turner*, 290 Ky. 602, 162 S.W.2d 219 (1942), the personal representative's appointment may be voidable, "but until revoked her acts were valid." There is a serious insult to comity "when a federal court decides state claims that are already on a state court's docket." *Musson Theatrical, Inc. V. Federal Express Corp.,* 89 F.3d 1244, 1256 (6th Cir. 1998).

It also is unclear how intervention by Movants would prevent any breach of fiduciary duty, such as an unconscionably low settlement or unconscionably high attorney fee, unless Movants

11

assume control of the litigation. While they state "they do not seek to prosecute this wrongful death action in their own name or under the guise of KRS 411.130" [DE # 303, p. 8], that certainly would be the practical effect of their insistence upon controlling the manner in which Trimble conducts the litigation.

Movants' second argument that their interest will be impaired without intervention is that Trimble has contracted for a 35 percent contingency fee. They conclude they "clearly stand to lose a substantial sum based on Ms. Trimble's attorneys' fees." [DE #223, p. 14]. It is not at all clear to this Court how adding three more law firms[4] to the fray will reduce the attorneys' fees. The claim further assumes that Movants' counsel will take over the litigation, will do so for a lower fee, and will recover an amount exactly equal to what would have been recovered by Trimble's counsel. Trimble notes in her response that a co-counsel agreement exists with the Clifford Law Offices, P. C., which has extensive national experience in airplane crash litigation and which is a member of the Plaintiffs' Executive Committee.[5] Movants' insistence that their wrongful death recovery will be diminished by such representation is highly speculative and somewhat disingenuous. It is the opinion of this Court that Movants have failed to meet their burden of showing that disposition of this litigation may impair or impede their ability to protect their interest.

### 3. Whether Movants' Interest is Adequately Represented

The *Purnell* court described the test for adequacy of representation as follows:

The proposed intervenors bear the burden of demonstrating inadequate representation. *Meyer Goldberg, Inc. [of Lorain v. Goldberg]*, 717 F.2d [290 (6th Cir. 1983)] at 293. Some of the factors to be considered in determining whether representation is adequate are stated in *Triax Co. v. TRW, Inc.*, 724 F.2d 1224 at 1227-28 (6th Cir. 1984): (1) if there is collusion between the representative and an

---

[4] Rodney Rains is represented by Hurt Crosbie & May, PLLC in this motion. Linda Rains is represented by Travis, Pruitt, Powers & Yeast and Kellie D. Wilson.

[5] Movants' counsel do not mention having any experience with airplane crash litigation.

opposing party; (2) if the representative fails in the fulfillment of his duty; and (3) if the representative has an interest adverse to the proposed intervenor.

*Purnell*, 925 F.2d at 949-950. Additionally, "applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." *United States v. Michigan*, 424 F.3d 438, 443-44 (6th Cir. 2005).

In the present case, Trimble's fiduciary duty is to pursue this wrongful death claim for the benefit of Movants. Movants have the same ultimate objective. Accordingly, there is a presumption of adequate representation which Movants must overcome. Turning to some of the relevant factors regarding adequacy of representation, this Court finds as follows:

        a.      Whether There Is Collusion Between the Representative and an Opposing Party

Movants allege that Trimble contacted Comair to demand $25,000 for use in operating the dog-grooming business [DE # 223, pp. 3, 11]. Assuming for these purposes that this allegation is true, it does not show the type of collusion related to inadequate representation. Movants state that Comair promptly called them to report the incident [DE # 223, pp. 3, 12]. Movants thereby refute any claim of collusion "between the representative and an opposing party." From the facts presented by Movants, Comair is not participating in any alleged collusion.

This case more closely resembles the situation in *Louisville & N. R. Co. v. Turner*, 290 Ky. 602, 162 S.W.2d 219 (1942). There, the personal representative was acting fraudulently, but the court found no collusion on the part of the railroad. Accordingly, the intervenors' claims of collusion were rejected. *Id.* at 221-22. The court held that the personal representative's appointment as administratrix was voidable, but until her appointment was revoked, her acts were valid.

        b.      Whether the Representative Fails in the Fulfillment of Her Duty

Movants cannot and do not attempt to claim that Trimble has "failed" to bring a wrongful death action on their behalf. Trimble is proceeding in the wrongful death action as their fiduciary. Thus, like the trustee in *Jones v. Prince George's County, Md*, 348 F.3d 1014, "the interests of [Ms.

13

Trimble] as trustee and [Movants] as beneficiar[ies] are perfectly congruent." *Id.* at 1019. Movants' claim, instead, is that they disagree with the way in which Trimble is handling the action; particularly, they disagree with the contingent fee she agreed to pay counsel.

      c.  Whether the Representative Has an Interest Adverse to the Proposed Intervenor

Movants repeatedly claim that Trimble does not consult them and does not cooperate with them regarding the wrongful death action. They also strenuously object to counsel's 35 percent contingent fee. They claim they "need to intervene to verify that this lawsuit is handled diligently and in their best interest." [DE #223, p. 12].

In *Jones*, the would-be intevenors claimed the suit was filed in an inappropriate forum, a choice-of-law position was advanced that was disadvantageous, a separate state-law claim was not brought, and the representative would not cooperate with counsel for the intervenors. The court rejected such claims of inadequate representation as follows:

> The alleged inadequacies here amount to little more than quibbles over litigation tactics. "A mere difference of opinion concerning the tactics with which litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit." 7C Charles Alan Wright, Arthur R. Muller & Mary Kay Kane, Federal Practice and Procedure § 1909 at 344 (2d ed. 1986)."

*Id.* at 1020. As in *Jones*, Movants "have no substantive right to a wrongful death recovery that [the personal representative] is failing to protect. Therefore, their disagreement over [the personal representative's] choice of law boils down to just another dispute over litigation tactics." *Id.* Regarding the contention that counsel did not share information or cooperate with the would-be intervenors' counsel, the *Jones* court said such an alleged deficiency does not address representative adequacy. "Indeed, we cannot imagine why an existing party would bear such an obligation to a prospective intervenor." *Id.* Finally, the court said: "If disagreement with an existing party over trial strategy qualified as inadequate representation, the requirement of Rule 24 would have no meaning." *Id.* (quoting *Butler, Fitzgerald & Potter v. Sequa* Corp., 250 F.3d 171, 181 (2d

14

Cir. 2001). See also Bradley v. Milliken, 828 F.2d 1186, 1192 (6th Cir. 1987) ("A mere disagreement over litigation strategy or individual aspects of a remediation plan does not, in and of itself, establish inadequacy of representation.")

Movants have not identified any separate arguments that they claim should be made, nor do they demonstrate that Trimble would fail to present such arguments to the court. *See United States v. Michigan*, 424 F.3d 438, 444 (6th Cir. 2005). Unlike the Campbell children in *Purnell* or the child in *Jones*, Movants do not have any separate claims that are not being represented. Instead, the motion to intervene focuses on arguments that Trimble is not qualified to serve as Executrix or that she has breached or will breach her fiduciary duties [DE #223, pp. 13-14; DE #303, pp. 12-13]. They assert that Trimble's interest is in benefitting the lawyers, rather than carry out her fiduciary duty to them. These are arguments that properly should be raised in the ongoing state court proceedings, not in this wrongful death action. The relief sought by Movants in this Court sharply illustrates that their true concerns are with controlling the litigation and the attorneys' fees: "(2) That no settlement of this matter should occur without the agreement of the Rains; and (3) That Ms. Trimble's counsel takes no further action and no attorney fees are accumulated pending a final hearing to determine Ms. Trimble's fitness to act as the executrix." [DE 223, p. 15]. A request of no settlement without Movants' consent is effectively a request for an injunction prohibiting Trimble from performing her fiduciary duties.

It is the opinion of this Court that Movants have not met their burden to show that disposition of the lawsuit may impair or impede their ability to protect their interest or that their interest is not adequately represented by Trimble in her fiduciary capacity. Accordingly, the motion to intervene as of right is denied.

**Permissive Intervention**

"Rule 24(b) grants the district court discretionary power to permit intervention if the motion is timely, and if the 'applicant's claim or defense and the main action have a question of law or fact in common.'" *Bradley v. Milliken*, 828 F.2d 1186, 1193 (6th Cir. 1987).  Once these two factors are established, the district court "must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Michigan*, 424 F.3d at 445.

In the present case, the Movants' claim and the wrongful death aspect of this action are identical.  The motion was also filed in a timely manner, insofar as the filing of this individual case is concerned.  However, there are currently thirty-three wrongful death claims and other claims consolidated before this Court for purposes of discovery.  The first case was filed September 1, 2006, and Trimble's action represented the twenty-fourth passenger to file suit.  It is noteworthy that Movants enjoined Trimble from carrying out her fiduciary duties until November 15, 2006.  Before the present action could be filed, the Court conducted two status conferences, a Plaintiffs' Executive Committee was formed, and significant investigatory work was conducted by the parties.  Plaintiff entered into a co-counsel arrangement with Robert Clifford, who is a member of the Plaintiffs' Executive Committee and was involved in the early investigative work, thereby avoiding undue prejudice from the delay in filing the action.

A Case Management Order is now in place and discovery is proceeding in a coordinated fashion.  Because of the number of parties and the complexity of this litigation, cooperation among all Plaintiffs' counsel and cooperation with Defendants' counsel has been and will continue to be essential to the prompt resolution of claims.  It is the opinion of this Court that the intervention of new counsel in the wrongful death action for Judy Rains not only is likely to delay and prejudice that claim, but also may delay and prejudice other parties in their consolidated discovery efforts and

resolution of their claims. Accordingly, this Court exercises its discretion to deny permissive intervention.

### III. CONCLUSION

The Court, being otherwise fully and sufficient advised, **HEREBY ORDERS**:

A. Rodney and Linda Rains' Motion to Intervene [DE #223, Case No. 06-316] is **DENIED**;

B. Rodney and Linda Rains' Motion for a Hearing on their motion to intervene [DE #304] is **DENIED AS MOOT**; and

C. Judgment denying the motion of Rodney and Linda Rains shall be entered contemporaneously with this Opinion and Order.

This February 20, 2007.

Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**