UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-cv-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO: Civil Action No. 5:06-CV-346-KSF

COMAIR, INC.                                                                                           PLAINTIFF

v.                                        **OPINION AND ORDER**

LEXINGTON-FAYETTE URBAN
COUNTY AIRPORT BOARD,
LEXINGTON-FAYETTE URBAN
COUNTY AIRPORT CORPORATION
AND JOHN DOES 1-20, IN THEIR
OFFICIAL CAPACITY                                                                                  DEFENDANTS

* * * * * * * *

This matter is before the Court on the motion of Lexington-Fayette Urban County Airport Board, Lexington-Fayette Urban County Airport Corporation, and John Does 1-20, in their official capacity ("Airport Defendants"), to dismiss Plaintiff's Complaint [DE #186] and on Comair's Motion for Leave to File First Amended Complaint against the Airport Defendants [DE #345]. These motions, having been fully briefed, are ripe for review.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Comair, Inc. ("Comair") filed its Complaint for Declaratory Judgment against the United States of America and the Airport Defendants seeking contribution pursuant to KRS §412.030. It alleged jurisdiction pursuant to "26 U.S.C. § 2201,[1] 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 1367" [Complaint ¶6]. The United States and the Airport Defendants moved to dismiss

---

[1] This Court assumes Comair intended to cite 28 U.S.C. § 2201.

[DE #186, #209]. The Airport Defendants sought dismissal on grounds of sovereign immunity and for failure to state a claim for relief under KRS §412.030. The United States sought dismissal pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies. By Agreed Order, Comair admitted that exhaustion was an issue and dismissed the United States without prejudice [DE #347]. Comair then moved to file an Amended Complaint against the Airport Defendants to add claims regarding settlement of a property damage claim and damages for the loss of its aircraft [Motion to Amend ¶¶ 2, 3]. In the Amended Complaint, Comair substantially changed its jurisdictional allegations to claim federal question jurisdiction as follows:

> Comair's action is one in which this Court has original jurisdiction under the provisions of Title 28, United States Code, §§ 1331 and 1337 in that Comair's right to declaratory relief, contribution and recovery for property damage necessarily depends upon the standards set forth in the Federal Aviation Act of 1958 ... and the regulations promulgated thereunder as the 1958 Act implicitly preempts state law standards governing aviation safety; the configuration of the Airport premises; the conditions of runways, taxiways, runway safety areas, and airport environment; the airport light, markers and/or signage; and the dissemination and/or use of NOTAMs, NOS, Jeppesen and other charts, diagrams, publications and plates referenced by pilots using, arriving and departing the Airport.

[DE #345 ¶ 6]. The Airport Defendants responded that the motion to amend should be denied for several reasons, including that the First Amended Complaint fails to show any federal question jurisdiction.

II.     ANALYSIS

    A.     **Jurisdiction Over Original Complaint Against Airport Defendants**

"[F]ederal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 890 (6th Cir. 1998). Plaintiff's original complaint alleged jurisdiction over the Airport Defendants pursuant to 28 U.S.C. § 1367, which permits supplemental jurisdiction over related state law claims when there otherwise is original jurisdiction of the action. Once the United States was dismissed as a party to the action, the basis for exercising supplemental jurisdiction over Comair's related claim against the Airport Board disappeared.

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1998). Additionally, when "the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can *never* exist" because "there never was a valid federal claim." *Id.* at 1255. Likewise, when a claim is unripe, a federal court lacks subject matter jurisdiction. *Bigelow v. Michigan Dept. of Natural Resources*, 970 F.2d 154, 157 (6th Cir. 1992). When a district court lacks subject matter jurisdiction over federal issues, "it could not properly rule on pendent state issues." *Id.* at 160; *Musson*, 89 F.3d at 1255. Comair's voluntary dismissal of the United States for its failure to exhaust administrative remedies reflects an unripe federal claim and tacit acknowledgment that the Rule 12(b)(1) motion was meritorious. Accordingly, there was no valid federal claim and no supplemental jurisdiction. It is the opinion of this Court that, after dismissal of the United States, Comair's original complaint against the Airport Defendants must be dismissed *sua sponte* for lack of subject matter jurisdiction.

**B.     Jurisdiction over Proposed Amended Complaint**

The Airport Defendants argue that Comair's motion to amend its complaint should be denied because the First Amended Complaint lacks subject matter jurisdiction. There is no diversity since the Airport Defendants and Comair are citizens of Kentucky. Comair cannot rely upon 28 U.S.C. § 2201, the Declaratory Judgment Act, for federal subject matter jurisdiction. "The Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Southeast Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003).

"Under our interpretations, Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, *only* those cases in which a well-pleaded complaint established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Palkow v. CSX*

3

*Transportation, Inc.*, 431 F.3d 543, 552 (6th Cir. 2006), (quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27 (1983)); *Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S.Ct. 2121, 2131 (2006). The First Amended Complaint states that it is a declaratory judgment action to determine the parties' "rights and obligations based on the right of contribution set forth in Kentucky Revised Statute [§]412.030." [DE # 345, ¶26]. The prayer for relief seeks a declaration that Comair is entitled to contribution from the Defendants "pursuant to Kentucky Revised Statute §412.030." Thus, it is clear that Comair's cause of action is a claim under state law. As a basis for claiming entitlement to contribution, Comair alleges that the Airport Defendants violated unspecified "federal and/or state regulations" governing the operation of the airport and the construction thereon. *See e.g.,* First Amended Complaint ¶¶ 10-16.

Regarding original federal court jurisdiction, Comair does not allege that federal law creates the cause of action. In fact, Comair previously said it "does not allege or argue that the 1958 Act provides a private cause of action under the circumstances here" [DE #199, p. 11 n. 8]. Moreover, the Federal Aviation Act does not provide a private cause of action for violation of its regulations. *Wright v. Bond-Air, Ltd.*, 930 F. Supp. 300, 305 (E. D. Mich. 1996)

The second alternative for federal question jurisdiction is whether "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Palkow,* 431 F.3d at 552. In its reply in support of its motion to amend, Comair states that its "First Amended Complaint relies upon the same federal question allegations used to support removal jurisdiction in the underlying wrongful death cases" [DE #376, p. 2]. Basically, Comair argues that there is a "substantial question of federal law" because "the 1958 Act implicitly preempts state law standards." By Opinion and Order entered April 13, 2007 [DE #406], this Court held that there was no federal question jurisdiction, through preemption or otherwise, to support removal of the wrongful death cases. To the extent that Comair relies on those arguments, the motion to amend must be denied.

4

This Court recognizes that the need to exercise restraint regarding federal court jurisdiction was "even more compelling in the context of removal than in the context of original jurisdiction" presented here. *Palkow*, 431 F.3d at 555. Nonetheless, the claim of original jurisdiction in the instant case does not present a close call. In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), the federal question test was stated as follows:

> [T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Id.* at 314. *Grable* presented an important federal tax question that was an essential element of his claim, and the meaning of the federal statute was actually disputed. In distinguishing that circumstance, the *Grable* court considered its prior ruling in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986) and noted that the absence of a federal cause of action and no preemption of state remedies was "an important clue" regarding the scope of jurisdiction under § 1331. *Grable*, 545 U.S. at 318. Together they provided "a missing welcome mat" that is required when the exercise of federal jurisdiction would attract "a horde of original filings and removal cases raising other state claims with embedded federal issues." *Id. Grable*, however, involved a "rare state title case that raises a contested matter of federal law" and would have "only a microscopic effect on the federal-state division of labor." *Id.* at 315. Under these circumstances, the *Grable* court held there was federal question jurisdiction.

In *Empire*, the court visited the substantial federal question issue again and noted that "*Grable* presented a nearly 'pure issue of law,' one 'that could be settled once and for all and thereafter would govern numerous tax sale cases.'" *Empire*, 126 S.Ct. at 2137. By contrast, McVeigh's claim involving reimbursement of benefits from a state personal injury action "is fact-bound and situation-specific." *Id.* The *Empire* court refused to open federal courts to such state-law cases. Regarding the application of federal law, the court said: "The state court in which the personal-injury suit was lodged is competent to apply federal law, to the extent it is relevant...." *Id.*

5

*Empire* characterized *Grable* federal question jurisdiction as a "special and small category." *Id.* at 2136.

Like the claim in *Empire*, Comair's claim against the Airport Defendants is "fact-bound and situation-specific." Any determination that there were violations of federal regulations associated with this plane crash would have little impact on other plane crashes or other contribution claims. Moreover, there is no dispute as to the meaning of any regulations; the dispute concerns only their applicability in a state law action for contribution. The primary issues between the parties appear to be purely state law issues regarding whether a claim for contribution is still viable under Kentucky law and whether the Airport Defendants are entitled to sovereign immunity. These are traditionally state law claims, the usurpation of which would surely offend the balance of federal and state judicial responsibilities. Finally, finding federal question jurisdiction in a case like this, where violations of unspecified federal regulations are merely cited to support a state law cause of action, would open the floodgates to drown federal courts in state-law causes of action.

It is the opinion of this Court that Comair has failed to establish federal question jurisdiction in its First Amended Complaint. Accordingly, any amendment would be futile, since the amended complaint would necessarily be dismissed. *See, e.g., Thiokol Corp. v. Dept. Of Treasury, Michigan, Revenue Div.*, 987 F.2d 376, (6th Cir. 1993). Because there is no subject matter jurisdiction, it is not appropriate for this Court to address the remaining issues raised by the parties. Those issues are all reserved for a court with appropriate jurisdiction. *Alongi v. Fort Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004).

### III. CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

A. The Court *sua sponte* has determined that it lacks subject matter jurisdiction over this action after the United States was dismissed as a party, and **ALL CLAIMS AGAINST THE REMAINING DEFENDANTS ARE DISMISSED WITHOUT PREJUDICE;**

B. The motion of Lexington-Fayette Urban County Airport Board, Lexington-Fayette Urban County Airport Corporation, and John Does 1-20, in their official capacity to dismiss Plaintiff's Complaint [DE #186] is **DENIED AS MOOT**;

C. Plaintiff Comair's Motion for Leave to File First Amended Complaint against the Airport Defendants [DE #345] is **DENIED**; and

D. **THIS ACTION IS DISMISSED WITHOUT PREJUDICE AND SHALL BE STRICKEN FROM THE ACTIVE DOCKET**.

This April 18, 2007.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge