UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF


**IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006**

**RELATING TO:**

| | |
|---|---|
| ***Byrd v. Comair, Inc.*** | **5:06-CV-371-KSF** |
| ***Cone, et al. v. Comair, Inc.*** | **5:07-CV-015-KSF** |


<u>**OPINION AND ORDER**</u>

This matter is before the Court on the motion of Defendant Comair, Inc. ("Comair") for leave to file third-party complaints in the cases filed by Plaintiffs Byrd [DE #569] and Cone [DE #544]. Having been fully briefed, these motions are ripe for review.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In response to Comair's motion to file third-party complaints against the United States and certain Airport Defendants for purposes of apportionment of fault, Plaintiffs Cone and Byrd contend that the motions should be denied in their cases, because apportionment is not available under the Montreal Convention.  In support, Plaintiff Byrd notes that the liability of a carrier under the Warsaw Convention has been characterized as "virtual strict liability," citing *Magan v. Lufthansa German Airlines*, 339 F.3d 158, 161 (2d Cir. 2003).  Byrd further relies on *Cortes v. American Airlines, Inc.*, 177 F.3d 1272 (11th Cir. 1999), in which the court construed the Warsaw Convention as precluding apportionment under Florida's comparative fault statute.  The Eleventh Circuit reasoned that the Convention drafters would have included specific language, similar to that contained in Articles 20 and 21, if carrier liability could be limited by apportionment.  *Id.* at 1304.  It noted that the carrier could "pursue a separate cause of action, independent of the Warsaw Convention, against other potential tortfeasors that contributed to the passenger's injuries."  *Id.* at 1305.  Plaintiff Byrd argues that Article 17 of the Montreal Convention similarly imposes strict liability with limited exceptions

and that Comair has already filed a separate action for contribution or indemnity against the United States and the Airport. Accordingly, Byrd contends it is contrary to judicial economy and prejudicial to him for the same issues to be tried in both cases.

Plaintiff Cone argues that "the Montreal Convention preempts K.R.S. § 411.182," thus precluding an apportionment instruction. [DE #595, p. 3]. Cone likewise relies on the *Cortes* conflict preemption decision holding that apportionment is inconsistent with the imposition of liability under the Warsaw Convention's Article 17. Cone correctly notes that the drafters of the Montreal Convention did not intend to deviate from existing precedents interpreting Article 17 of the Warsaw Convention.

Cone further contends that allowing the third-party complaint will "introduce unrelated issues and unduly complicate the original action." *Id*. In light of the Montreal Convention's strict liability of carriers for the first 100,000 Special Drawing Rights of damages and the limited opportunities for carriers to avoid liability in excess of that amount, Cone anticipates that the only issue at a trial of his original case will be the amount of damages. He claims that, if the third-party complaint is allowed, this simple trial will become consumed by the issues of liability and fault among proposed third parties. In Cone's words, "the trial of the Plaintiffs' damages claims will be a mere sideshow in the circus of Comair's effort to shift its financial obligations to the Plaintiffs over to the proposed third party defendants." Finally, Cone argues that Comair's right of contribution from the third parties is inchoate until payment is made for damages.

Comair replies to both Byrd and Cone that Article 37 of the Montreal Convention "expressly provides a right of recourse against third-party defendants under a state law claim for apportionment such as K.R.S. § 411.182." [DE #669, pp. 1-2]. It argues that *Cortes* is "completely distinguishable" on this ground. Comair seeks to distinguish *Cortes* further in that the companies against whom apportionment was sought were not parties to the action. *Id*., p. 4. By contrast, the Plaintiffs themselves in the present case are reportedly prepared to bring the United States and certain Airport Defendants in as parties. [DE #552].

Comair also relies on *Stratis v. E. Air Lines, Inc.*, 682 F.2d 406 (2d Cir. 1982), in which an apportionment instruction was given to determine the extent to which a passenger's injuries sustained in an air crash were aggravated by the malpractice of two treating hospitals. Comair acknowledges there was no challenge to the issue of apportionment in that case, despite the applicability of the Warsaw Convention, but urges that the giving of the instruction supports its position.

Next, Comair argues that the interest of judicial economy is served by permitting third-party claims when they arise from "the same aggregate or core of fact which is determinative of plaintiff's claim." [DE #669, p. 6]. Comair contends that Plaintiffs Byrd and Cone have made merely conclusory allegations of prejudice, without any specificity, such that the benefits of judicial efficiency are not overcome.

Finally, Comair requests in the alternative, that if this Court decides Kentucky's apportionment statute is preempted by the Montreal Convention, it be allowed ten days in which to file claims for contribution in the *Byrd* and *Cone* cases.

## II.   ANALYSIS

This Court has previously held that the applicable treaty for international passengers on Comair Flight 5191 is the Montreal Convention. *In re Air Crash at Lexington, Kentucky, August 27, 2006*, ___ F. Supp.2d ___, 2007 WL 1876456 (E. D. Ky. 2007). Comair correctly notes that the Montreal Convention contains an express provision regarding third-party liability. Article 37 states:

> Nothing in this Convention shall prejudice the question whether a person liable for damage in accordance with its provisions has a right of recourse against any other person.

Accordingly, the *Cortes* interpretation of the Warsaw Convention that a right of apportionment is a reduction of liability that conflicts with and is preempted by Article 17, has no application here in light of the clarification in the Montreal Convention's new Article 37.

Further support for Comair's claim that it is entitled to seek recourse against third parties is found in *In re Air Crash at Little Rock, Arkansas, on June 1, 1999*, 291 F.3d 503 (8th Cir. 2002).

3

The district court in that case held that American Airlines could not file third-party complaints against the United States and an air traffic controller for contribution because the airline's liability arose from contractual obligations under the Warsaw Convention and the International Air Transport Association Intercarrier Agreement, rather than from tort.  The court thus concluded that the airline could not be a "joint tortfeasor" for purposes of contribution.  *In re Air Crash at Little Rock, Arkansas, on June 1, 1999*, 109 F. Supp.2d 1022, 1025 (E. D. Ark. 2000).  The Eighth Circuit reversed, saying that the "Convention provides a tort remedy, not one in contract."  291 F.3d at 516.  The district court was directed "to allow American to file a third-party complaint against the United States."  *Id.* at 517.

This Court has not found any other authority on this subject.  It is persuaded, however, that it must honor the express provision of Article 37 that a right of recourse against third parties is not prohibited by the Montreal Convention.  Accordingly, Comair's motion to file third party complaints in these Montreal Convention cases will be granted.  Whether an apportionment instruction is ultimately granted depends upon questions of law and fact to be determined later in this case.  However, granting Comair's motion is a necessary prerequisite under Kentucky law to allow *consideration* of an apportionment instruction later in the case.

The parties have assumed that Kentucky law would apply to any claim for apportionment, contribution or indemnity, and the Court will proceed under that assumption.  As explained in *Degener v. Hall Contracting Corp*, 27 S.W.3d 775 (Ky. 2000), under current Kentucky law:

> [L]iability among joint tortfeasors in negligence cases is no longer joint and several, but is several only; and because the liability is several as to each joint tortfeasor, it is necessary to apportion a specific share of the total liability to each of them, whether joined in the original complaint or by third party complaint....
>
> * * *
>
> [T]he apportionment of causation and the requirement of several liability obviates any claim for contribution among joint tortfeasors whose respective liabilities are determined in the original action....

4

*Id.* at 779.   K.R.S. § 411.182 "'is simply a codification of this common law evolution of the procedure for determining the respective liabilities of joint tortfeasors,' whether joined in the original complaint or by third-party complaint." *Kentucky Farm Bureau Mut. ins. Co. v. Ryan*, 177 S.W.3d 797, 802-03 (Ky. 2005) (quoting *Degener*, 27 S.W.3d at 779).  The common law right of indemnity is also available "to one exposed to liability because of the wrongful act of another with whom he/she is not in parti delicto." *Degener,* 27 S.W.3d. at 780.  *See also Smith v. Toyota Motor Corp.*, 105 Fed. Appx. 47, 50 (6th Cir. 2004) ("Kentucky law requires apportionment of fault in all tort cases....")  These rights of recourse against third parties should be available to Comair in these cases to the extent they may be appropriate.

The Court wants to make clear that this decision to allow two additional third-party complaints should not be construed as a determination regarding the procedure to be followed at trial in these or any of the Comair cases.  The parties are free to make all appropriate arguments regarding consolidation or severance of issues or parties for purposes of trial.

## III.    CONCLUSION

**IT IS ORDERED** that Comair's Motions to File Third-Party Complaints in *Byrd v. Comair* [DE #569] and *Cone, et al. v. Comair* [DE #544] are **HEREBY GRANTED**  and the Clerk is **ORDERED TO FILE** the Third-Party Complaints tendered with the motions.

This October 5, 2007.



Signed By:

*Karl S. Forester*   K S F

**United States Senior Judge**