UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

Eastern District of Kentucky
FILED
DEC 0 6 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO: ALL CASES

### OPINION AND ORDER

This matter is before the undersigned Magistrate Judge on the Plaintiffs' motion to Compel Production of Cockpit Voice Recorder Recording [DE #591]. The Magistrate Judge has reviewed the recording *in camera*. The motion is ripe for consideration.

**I.  BACKGROUND**

Plaintiffs moved to compel production of an unedited recording of the cockpit voice recorder ("CVR") from Comair Flight 5191, claiming that the written transcript is incomplete; contains editorial insertions; does not reflect "changes in voice tone, tempo, volume and inflection," which they argue are important to their claims of pilot error; and does not reflect noises heard in the cockpit prior to and during the crash that may be relevant to the crash sequence and to their claims for pre-impact terror or fear. A protocol was established for a download of the recording from the CVR and a sealed copy was provided to the Magistrate Judge who has reviewed it *in camera* to determine whether it is discoverable pursuant to 49 U.S.C. § 1154(3).

**II.  ANALYSIS**

Federal law provides that a Cockpit Voice Recorder recording may be discovered under the following terms:

§ 1154. Discovery and use of cockpit and surface vehicle recordings and transcripts

(a) Transcripts and recordings –

> (3) Except as provided in paragraph (4)(A) of this subsection, a court may allow discovery by a party of a cockpit or surface vehicle recorder recording if, after an in camera review of the recording, the court decides that –
>
> (A) the parts of the transcript made available to the public under section 1114(c) or 1114(d) of this title and to the party through discovery under paragraph (2) of this subsection do not provide the party with sufficient information for the party to receive a fair trial; and
>
> (B) discovery of the cockpit or surface vehicle recorder recording is necessary to provide the party with sufficient information for the party to receive a fair trial.
>
> (4)(A) When a court allows discovery in a judicial proceeding of a part of a cockpit or surface vehicle recorder transcript not made available to the public under section 1114(c) or 1114(d) of this title or a cockpit or surface vehicle recorder recording, the court shall issue a protective order –
>
> (I) to limit the use of the part of the transcript or the recording to the judicial proceeding; and
>
> (ii) to prohibit dissemination of the part of the transcript or the recording to any person that does not need access to the part of the transcript or the recording for the proceeding.

49 U.S.C. § 1154.

In *McCoy v. Southwest Airlines Co., Inc.*, 208 F.R.D. 617 (C.D. Ca. 2002), plaintiffs moved to compel production of an unedited recording of the cockpit voice recorder on the grounds that the transcript of the tape was reached by group consensus, which might not be accurate; that an expert might determine that a word is different than that agreed upon by the NTSB; that the tape was incomplete in that it was missing words; that the tape "fails to reflect changes in voice tone, tempo, volume and inflection, all of which are important"; and that it "does not accurately reflect the noises heard in the cockpit during the recording," which noises could help an expert recreate what happened in the cockpit. *Id.* at 620. The plaintiffs claimed they needed the recording to prove their underlying case, to meet their burden regarding punitive damages, and to impeach the testimony of the flight crew. The court listened to the CVR tape *in camera* and granted plaintiffs' motion.

The *McCoy* court noted that one of the major purposes behind enactment of 49 U.S.C. § 1154 "was to safeguard or protect the National Traffic Safety Board ("NTSB") against premature public speculation regarding the cause of any airline crash so it may 'conduct a full and fair investigation.'" *Id.* at 619, citing Senate Report No. 101-450, 1990 U.S.C.C.A.N. 6376, 6381. "Since the NTSB has already concluded its investigation and issued its report regarding the probable cause of the Burbank crash, this purpose is not adversely affected by plaintiffs' discovery of the CVR tape." *Id.* The court specifically found "that the tape is one of the few neutral pieces of evidence available to plaintiffs to support their claims, and, as such, it is clearly relevant under Rule 26(b). *See In re Air Crash Disaster ast John F. Kennedy Intl. Airport on June 24, 1975*, 687 F.2d 626, 630 (2d Cir. 1982) ('The CVR tape is an important piece of evidence in an aircrash case.')." *Id.* at 620.

In *Buschmann v. Little Rock Nat'l. Airport*, 222 F.R.D. 114 (N. D. Texas 2004), the court likewise held that production of the cockpit voice recording was warranted where the defendant airport claimed the plane crash in a thunderstorm was solely caused by the negligence of the flight crew. The court noted the "primary motivation" behind § 1154 "was to prevent private litigants from interfering with an ongoing NTSB investigation," but said, "[b]ecause the NTSB has concluded its investigation of the crash and issued a final report, that concern is no longer an issue." *Id.* at 116-117. The court also recognized a secondary purpose of "strik[ing] a balance between the privacy interests of crew members and the need for full and fair investigations." *Id.* at 116. "However, as the underlying lawsuits were initiated by crew members and their families, any right to privacy has been waived." *Id.* at 117.

After reviewing the CVR transcript and listening to the CVR recording, the court found sufficient reasons to compel production of the recording. The court particularly noted the following:

> The tone of voice, pitch, and inflection of statements made by crew members, all of which may be relevant to their state of mind, emotional condition, and situational awareness, are completely absent on the printed page. At a minimum, access to

3

information on the CVR audio recording is reasonably calculated to lead to the discovery of admissible evidence.

*Id.* at 117. *See also In re September 11 Litigation*, 2007 WL 2668608 (S.D. N.Y. 2007) (motion to compel production of the CVR granted).

Plaintiffs' claims in the present case, their arguments regarding the insufficiency of the NTSB transcript, and their claims of need for the CVR recording are strongly similar to the claims in *Buschmann* and *McCoy*. In the present case, as in *Buschmann* and *McCoy*, the NTSB has completed its investigation and issued its final report. Accordingly, the statute's primary purpose of avoiding interference with the NTSB is no longer a concern in this case. Plaintiffs here claim the cause of the crash was pilot negligence, particularly lack of situational awareness. Most of the Plaintiffs are seeking punitive damages. As in *Buschmann*, the "tone of voice, pitch, and inflection of statements made by crew members, all of which may be relevant to their state of mind, emotional condition, and situational awareness, are completely absent on the printed page." *Buschmann*, 222 F.R.D. at 117. The pilot is deceased, and the co-pilot severely injured. The recording of the cockpit conversations "is one of the few neutral pieces of evidence available to plaintiffs to support their claims...." *McCoy*, 208 F.R.D. at 620. The transcript of the recording is also insufficient because it is incomplete with many missing words and no ambient noise. The noises in the cockpit could help an expert recreate exactly what happened. Further, the transcript was reached by group consensus, and an expert might disagree with the NTSB's interpretation. *Id.* The recording is also important to Plaintiffs' burden in their claims for punitive damages. With respect to balancing the privacy interests of crew members with the need for full and fair investigations, an appropriate protective order will protect the recording "from sensationalism and unwarranted disclosure." *Buschmann*, 222 F.R.D. at 116. Under the facts of this case, complete disclosure of the recording to the litigants is vital to a fair trial.

Accordingly, it is the opinion of the Magistrate Judge that the transcript does not provide the parties with sufficient information to receive a fair trial and therefore discovery of the recording is

4

necessary to provide sufficient information for the parties to receive a fair trial. Copies of the recording shall be provided to the litigants as soon as possible following entry of a protective order. Comair previously submitted a proposed Protective Order, to which Plaintiffs objected that consideration of a protective order was premature. There were other specific objections. The issue is now ripe.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that:

1. The CD-ROM containing the download from Comair Flight 5191 Cockpit Voice Recorder on August 27, 2006, that was provided to the Magistrate Judge for *in camera* review **SHALL BE FILED UNDER SEAL**.

2. Plaintiffs' Motion to Compel Discovery of the Cockpit Voice Recorder Recording [DE #591] is **GRANTED**.

3. Plaintiffs are **ORDERED** to provide a proposed Protective Order on or before December 12, 2007.

4. Any objections to the proposed Protective Order shall be **FILED** by December 17, 2007.

5. Following the entry of a Protective Order, copies of the CD-ROM containing the download from Comair Flight 5191 Cockpit Voice Recorder on August 27, 2006, shall be made available to the parties.

This ___6th___ day of December, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

5