UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO: ALL CASES

## OPINION AND ORDER

This matter is before the Magistrate Judge on the motion of Plaintiffs to enforce separation of witnesses at depositions [DE #1209]. All briefs having been filed, this matter is ripe for consideration.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs object to Comair's practice of preparing witnesses for depositions by allowing them to read or watch the videotape of other witnesses' depositions in this case. Plaintiffs claim this practice is in violation of Paragraph 38 of the Court's Fourth Amended Case Management Order, Federal Rule of Evidence (FRE) 615 and Fed. R. Civ. P. 30(c). Alternatively, Plaintiffs request exclusion of witnesses through a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(E) [formerly 26(c)(5)] [DE #1284]. Comair responds that the Case Management Order was not intended as a sequestration order for witnesses, that FRE 615 is not applicable to depositions and that Plaintiffs have not shown good cause for a protective order [DE #1262].

**II.   ANALYSIS**

Paragraph 38 of the Fourth Amended Case Management Order states:

> Unless otherwise agreed by the parties, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in these cases or other cases arising out of the Comair Flight 5191 air crash, in-house counsel for the parties, experts as necessary, court reporters, videographers, and members and/or employees from the law firms of counsel of record. To allow arrangements for adequate deposition space, counsel who plan to attend or have interested

> persons attending a deposition should advise counsel for the noticing party seven days prior to the deposition, if feasible.

This language has been a part of the case management orders entered by the Court since at least February 5, 2007 [DE #308, p. 14]. It did not arise from any request for a protective order for separation of witnesses. It was simply one of the initial procedural requirements associated with handling a large number of cases that are consolidated for pretrial purposes. Comair correctly interprets this order as merely addressing personal attendance at depositions. Accordingly, it does not support Plaintiffs' claim of separation of deposition witnesses.

Plaintiffs' authorities in support of their argument that FRE 615 and Fed. R. Civ. P. 30(c) require separation of deposition witnesses all precede the 1993 amendment to clarify that rule by adding the following underlined language: "The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1) (emphasis added). The 1993 Advisory Committee Notes explain in part:

> The revision provides that other witnesses are not automatically excluded from a deposition simply by the request of a party. Exclusion, however, can be ordered under Rule 26(c)(5) when appropriate; and, if exclusion is ordered, consideration should be given as to whether the excluded witnesses likewise should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions.

146 F.R.D. 401, 664. *See also*, 29 Wright and Gold, Federal Practice and Procedure § 6243 (2007) ("A recent amendment to Federal Rule of Civil Procedure 30(c) resolves the dispute by establishing that Rule 615 does not apply at depositions"). Thus, no separation of deposition witnesses is warranted under FRE 615 or Fed. R. Civ. P. 30(c).

Plaintiffs note that the depositions are being videotaped, "and each of them constitutes potential trial testimony." [DE #1209, p. 2]. In the event that FRE 615 is invoked at trial and a prospective witness has reviewed the portion of a deposition that is used as trial testimony, the Court will need to consider any impact on that prospective witness's ability to testify. The Sixth Circuit recently noted that circuits disagree on whether Rule 615 extends beyond the courtroom,

2

but it did not decide that issue. *United States v. Solorio*, 337 F.3d 580, 592-93 (6th Cir. 2003); *United States v. Moore*, 93 Fed. Appx. 887, 894 (6th Cir. 2004).

Relying on the Fourth Amended Case Management Order, Plaintiffs argue that reading a deposition or otherwise being informed about the testimony is the equivalent of or a more serious violation of witness separation than physically attending a deposition. As discussed above, the paragraph regarding attendance at depositions was not in response to a showing of necessity for a protective order to separate witnesses. It cannot be expanded retroactively to have that effect.

The means for effectuating a separation of deposition witnesses is provided in Rule 26(c)(1)(E), as explained in Rule 30's 1993 Advisory Committee Notes. 146 F.R.D. 401, 664. Such a protective order should consider "whether the excluded witnesses likewise should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions." Rule 26 (c)(1) provides in part: "The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (E) designating the persons who may be present while the discovery is conducted." Plaintiffs argue in the present case that the extensive preparation of witnesses suggests that they are "preparing their own testimony in conformity" with previous depositions [DE #1284, p. 4]. Such speculation does not meet their burden of showing "good cause" under this Rule. A request for a protective order "must be illustrated with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 202 n. 16 (1981)). For example, the Fifth Circuit held that Issuance of a protective order based upon a conclusory allegation that the majority of fact witnesses are employees of Terra and would be subject to Terra's influence was an abuse of discretion. *In re Terra Intern, Inc.*, 134 F.3d 302, 306-307 (5th Cir. 1998). Plaintiffs' allegations do not warrant a protective order in this case.

### III. CONCLUSION

**IT IS ORDERED** that Plaintiffs' motion regarding the separation of deposition witnesses [DE # 1209] is **DENIED**.

This January 17, 2008.

Signed By:

*James B. Todd*

United States Magistrate Judge