UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO: ALL CASES

## OPINION AND ORDER

This matter is before the Court on the motion of Comair, Inc. to Appoint a Warning Order Attorney to Serve John Doe Summonses [DE #1166].

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On October 13, 2006, Comair first filed its Complaint against the United States, the Airport Board, the Airport Corporation, and John Does 1-20 [Case No. 06-346, DE #1]. John Does 1-20 were identified as "members, agents or employees of the Airport Board and/or officers, directors, agents or employees of the Airport Corporation." *Id.*, ¶ 5. Summonses were issued to other defendants, but not to the Does [DE #1, 2]. No additional time was requested to serve the Does, nor was there a request to substitute any named individuals for the Does. On April 18, 2007, the case against the Airport Defendants was dismissed for lack of jurisdiction [DE #40].

In August 2007, the Fayette Circuit Court dismissed with prejudice Comair's Third-Party Defendants, the Airport Corporation, Airport Board, members of the Airport Board in their official capacities as Board members and officers or directors of the Board and the Corporation [Case No. 06-316, DE #738, Attachment 2]. The court applied its ruling to all civil actions arising from the crash of Comair Flight 5191 that were then pending in Fayette Circuit Court. There is nothing in the record of this Court to indicate that the John Does 1-20, which were named in the third-party complaint filed in that court, were served with summonses while the cases were in the Fayette Circuit Court.

On September 5, 2007, Comair filed third-party complaints in a number of cases pending in this Court. *See e.g.*, Case Nos. 06-292, 06-318, 06-385, 06-400, 06-429. Included among the third-party defendants were Airport John Does 1 and 2, who were identified as "officers, directors, members, agents and/or employees of the Board and/or Corporation." *See, e.g.*, Case No. 06-316, DE #605, ¶ 7; Case No. 06-292, DE #39. Summonses were issued for most of the third-party defendants, but not for the John Does. *See e.g.,* Case No. 06-292, DE #40. No request was made within the 120-day period to extend the time for service.

On September 19, 2007, Comair filed a Second Amended Complaint in its new, separate action against the United States and the Airport Defendants in which it included as third-party defendants the Airport John Does 1 and 2, identified as "officers, directors, members, agents and/or employees of the Board and/or Corporation." [Case No. 07-58, DE #49, ¶ 6]. The record does not show any summonses issued for the John Does. There has been no request to extend the time for service of summons. There are several other examples of third-party complaints filed by Comair against Airport John Does, but no summonses issued and no request for additional time for service of summonses.

Bombardier's third-party complaint was filed on September 5, 2006, in *Moscoe v. Comair, et al.*, Case No. 06-318 [DE #39]. Among other defendants, Bombardier named the Airport John Does 1 and 2. Summons were issued for other parties, but not the Airport John Does [DE #45]. Less than two months later, Bombardier requested that a warning order attorney be appointed to serve the John Doe Summonses [DE #76]. The motion was granted and a report filed January 18 that, despite diligent efforts, the attorney was unable to identify the John Does, to inform them regarding the complaint against them, or to make any defense on their behalf [DE #104].

Despite more than fifteen months having now passed since it first sued the Airport John Does, Comair never requested additional time for service and has not moved to substitute any named person for the fictitious parties. Instead, on December 3, 2007, it asked this Court to

2

appoint a warning order attorney to serve summonses on the John Does, who are "officers, directors, members, agents, employees, servants and/or representatives of the Lexington-Fayette Urban County airport Board and/or the Lexington-Fayette Urban County Airport Corporation" [DE #1166, ¶ 1].

## II.   ANALYSIS

The Federal Rules of Civil Procedure do not provide a mechanism for "fictitious party" or "Doe" pleadings.  See *Fifty Associates v. Prudential Ins. Co. of* America, 446 F.2d 1187, 1191 (9th Cir. 1970), *Graziose v. American Home Products Corp.*, 202 F.R.D. 638 (D. Nev. 2001).  However, a Doe pleading is permitted in many federal courts where the Doe is a real, but unidentified, defendant whose identity can be learned through discovery.  See *HMK Corp. v. Walsey*, 637 F. Supp. 710, 714 n. 4 (E.D. Va. 1986); *Atlantic Used Auto Parts v. City of Philadelphia,* 957 F. Supp. 622, 625 (E.D. Pa. 1997)*; Kemper Ins. Co., Inc. v. Federal Express Corp.*, 115 F. Supp.2d 116, (D. Mass. 2000).  The Sixth Circuit decided several cases involving John Doe defendants and has not been critical of the practice of using a fictitious name, so long as service and substitution requirements are met.  *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996); *Nafziger v. McDermott International, Inc.*, 467 F.3d 514 (6th Cir. 2006); *Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir. 2007).

The Federal Rules of Civil Procedure also do not expressly provide for appointment of a warning order attorney.  See Fed. R. Civ. P. 4.  Rule 4(e)(1), however, authorizes service on an individual "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located...."  Fed. R. Civ. P. 4(e)(1).  Kentucky Rules of Civil Procedure authorize constructive service through a warning order attorney.  CR 4.05 - 4.08.  Thus, this procedure appears to be available to parties in federal courts in Kentucky.

A limitation on the availability of constructive service in federal court is found in Rules 4(c)(1) and 4(m). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)...." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In *Nafziger v. McDermott International, Inc.*, 467 F.3d 514 (6th Cir. 2006), the plaintiffs' complaint was filed in May 2003 and an amended complaint in June 2003, but they did not ask the clerk to issue summons for one named defendant until December 2003. They also did not request an extension of time for service. *Id.*, 467 F.3d at 521. The district court dismissed the party pursuant to Rule 12(b)(5) for insufficient service of process after finding that the reasons offered for failure to meet the 120-day deadline did not constitute good cause. The Sixth Circuit affirmed.

In *Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005), a plaintiff filed an amended complaint naming additional employees of a defendant and served the amended complaint on counsel for other employees previously served with summonses. Plaintiff never confirmed that counsel accepted service on behalf of the newly named employees. Nearly a year later, plaintiff moved to re-issue the summonses for the additional employees saying he mistakenly relied on counsel to accept service. The court denied the motion, saying that "Plaintiff's conduct was inexcusable." *Id.* at 651. It continued: "If the magistrate judge was compelled to grant the motion to reissue the summonses in these circumstances, then it is unclear how the 120 day service rule ever could be enforced." *Id.*

In *Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir. 2007), the plaintiff brought a civil rights action against a sheriff and John Does 1 and 2, who were sheriff's department employees. The district court dismissed the John Does after the close of discovery because they had never been properly identified or served under Rule 4(m), despite ample time to do so. *Id.*, 478 F.3d at

4

344. The Sixth Circuit held that it "should not have been difficult to obtain the name[s]" of the John Does and that the district court was correct in dismissing them. *Id.* at 346. *See also Johnson v. Lucas*, 2006 WL 2802308 (E.D. Ky. 2006)(dismissing seven defendants when the 120-day period expired on March 22, 2006, but summonses were not issued until July 11, 2006); *Rigney v. Marcum*, 2007 WL 2979931 (E.D. Ky. 2007)(Plaintiff never amended complaint to identify the John Does).

Based on the foregoing authorities, it is the opinion of this Court that a plaintiff may not circumvent or nullify Rules 4(c)(1) and 4(m) by ignoring their requirements that a defendant be "served within 120 days after the complaint is filed." Such failure also cannot be overcome by a belated request for a warning order attorney. Accordingly, Comair's request for appointment of a warning order attorney is denied. Pursuant to Rule 4(m), Comair is put on notice that the Court will dismiss Comair's third-party complaints against all Airport John Does without prejudice unless Comair shows good cause for its failure.

### III.  CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

   A.  Comair's Motion to Appoint a Warning Order Attorney to Serve John Doe Summonses [DE #1166] is **DENIED**; and

   B.  Comair is hereby given **NOTICE** that its claims against all Airport John Does will be dismissed without prejudice unless Comair **SHOWS GOOD CAUSE** for its failure to comply with Fed. R. Civ. P. 4(m) on or before **February 4, 2008**.

This January 25, 2008.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**