UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO: ALL CASES

## OPINION AND ORDER

This matter is before the Court on Comair's Objection [DE #1376] to the January 17, 2008 Opinion and Order ("Order") of Magistrate Judge James B. Todd regarding discovery of certain of Comair's Aviation Safety Action Program ("ASAP") reports.  The Court has considered Comair's Objection, Plaintiffs' Response, the *amicus curiae* briefs filed in support of Comair by Southwest Airlines, Inc. [DE #1441] and the Air Transport Association of America, Inc. [DE # 1452], and the record herein.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On November 21, 2007, Plaintiffs sent a Rule 30(b)(6) notice for the December 20 deposition of Comair's person most knowledgeable about the ASAP program and a request for ASAP reports regarding certain subjects [DE #1105].  On December 13, 2007, Comair moved for a protective order against disclosure of any of the reports and to quash the deposition, claiming that its disclosure of the reports was prohibited by statute and that the documents were also protected by a common-law or self-critical analysis privilege [DE # 1199].  On Friday,  December 14, 2007 around 7:00 p.m., Comair filed a nineteen-page Memorandum of Law in Support of its Motion [DE #1204].  At a conference call the following Monday, Magistrate Judge Todd ruled that the timing of Comair's filings would support a motion for sanctions, but Plaintiffs declined to file one at that time [DE #1463, p. 2, n. 1].  Judge Todd ordered expedited briefing by the parties on the confidentiality and privilege issues raised by Comair and permitted the Airline Pilots' Association

and the Regional Airline Association to file *amicus* briefs [DE #s 1211, 1213, 1235]. In the Opinion and Order dated January 17, 2008, Magistrate Judge Todd denied the motion for protective order and to quash, ordered Comair to produce the requested documents immediately, and ordered Comair to make a corporate representative available promptly for a deposition pursuant to the November 21, 2007 Notice [DE #1326].

Comair filed a thirty-six-page Objection to the Order on January 13, 2008, promptly followed by *amicus* briefs in support of its position by two additional aviation entities. These issues have been briefed extensively, both before Magistrate Judge Todd and this Court. No further briefing would be helpful.

II. ANALYSIS

A. Standard of Review

This Court reviews any pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a) ("The district judge ... must ... modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *Collier v. Gray*, 167 F.3d 977, 981 n. 4 (6th Cir. 1999)("These ... nondispositive motions ... engender a clearly erroneous review from the district court").

B. Magistrate Judge Todd's Opinion and Order

Magistrate Judge Todd thoroughly reviewed the nature of the ASAP reports, relevant FAA regulations and orders, and the various arguments regarding discovery in all of the briefs [DE #1326, pp. 1-7]. He noted that privileges "are not lightly created or expansively construed" and that allowing a privilege to withhold demonstrably relevant evidence in a trial "would cut deeply into the guarantee of due process of law and gravely impair the basic function of the courts." *Id.*, p. 7 (quoting *United States v. Nixon*, 418 U.S. 683, 710 (1974). No objection was made to these portions of the Order. Magistrate Judge Todd concluded that there was no statutory or regulatory privilege protecting the ASAP reports from discovery in litigation [DE # 1326, p. 10]. He further

concluded that Comair failed to show that a common-law privilege or a self-critical analysis privilege was warranted. *Id.* pp. 10-14. Finally, he concluded that Plaintiffs were entitled to a Rule 30(b)(6) witness on the issue of ASAP reports and could not be required to rely on the personal knowledge of Mr. Vislosky. *Id.* p. 14.

Having reviewed the January 17, 2007 Order and all briefs and exhibits in the record in support and opposition on this issue, it is the opinion of this Court that Comair has failed to meet its burden of showing that the Order is clearly erroneous. Accordingly, this Court ADOPTS and INCORPORATES the decision of the Magistrate Judge herein. Comair's primary Objections are addressed below.

### C. Comair's Objections

For the most part, Comair's objections are expanded versions of its policy arguments in favor of a court-created privilege for ASAP reports. Comair admitted that "Congress did not create a statutory privilege specifically for ASAP or other voluntary safety reports." [DE #1289, p. 4]. Despite that admission, it argues that this Court should read a privilege into the statute or regulations because "ASAP will whither and die if this Court does not offer protection." [DE #1376, p. 21]. Comair's brief brings to mind cymbals banging together very loudly, foretelling the destruction of the ASAP program and unsafe skies for the public if ASAP reports are not withheld from litigants on the basis of confidentiality. This Court has certainly heard Comair's policy arguments and concerns and those of the *amici*. Their problem is that these policy arguments are being made in the wrong forum. If disclosure of ASAP reports to litigants under a confidentiality order presents a serious danger to aviation safety, Comair and the *amici* should implore the FAA or Congress to change the regulations or statute to preclude disclosure to litigants, rather than authorizing disclosure pursuant to a court order as the regulations do now.[1]

---

[1] The record reflects that comments on the proposed 14 C.F.R. Part 193 were received from Comair and the Air Line Pilots Association, among others. 66 Fed. Reg. 33,793. The protection they now request was not provided by the FAA.

3

Comair argued throughout the briefing, and no one disagreed, that any privilege applicable to the FAA also applies to Comair as a signatory to a Memorandum of Understanding with the FAA establishing the reporting program with Comair employees. For purposes of this review, the Court will assume, without deciding, that to be the case. Comair objects to language in the Magistrate Judge's Order that it says suggests the protection under 14 C.F.R. Part 193 may only be applicable to government agencies [DE #1376, p. 7]. Two other courts have interpreted the regulation in a similar manner. *Vinton v. Adam Aircraft Industries, Inc.*, 232 F.R.D. 650, 665 (D. Colo. 2005) ("These regulations clearly restrict the ability of the FAA to disclose information persons supply to it, but does not purport to render that information privileged in the hands of the person supplying it"); *In re: Air Crash at Belle Harbor, New York,* 02 MDL 1448, Order dated August 14. 2007 at 13 (S.D.N.Y. 2007) ("However, the Act merely restricts disclosure by the FAA; it does not create a privilege for the airline to prevent disclosure in subsequent litigation"). Comair has not shown the Order to be clearly erroneous in that regard.

Contrary to Comair's claim of a broad statutory privilege that precludes disclosure to litigants, the legislative history underlying 49 U.S.C. § 40123, as discussed by the FAA in its Final Rule of 14 C.F.R. Part 193, shows that the concern was with release of ASAP information to the "public." 66 Fed. Reg. 33,792-93 (June 25, 2001) ("may be required to be released to the public through FOIA or other means"; "if it will be publicly released"; "concerns about release of the information to the general public"). "[R]elief from these concerns" was provided through the statute and regulation precluding the FAA from releasing the information to the public. *Id.* at 33,792. That relief, however, contains specific exceptions, including "to correct a condition that compromises safety or security, if that condition continues uncorrected," "to carry out a criminal investigation or prosecution," and when "ordered to do so by a court of competent jurisdiction." 14 C.F.R. §§ 193.9, 193.7(f).

Providing reports to the Plaintiffs under the protection of a confidentiality order is not a release to the "general public." Comair's attempt to equate the two is not well taken. Moreover, the FAA considered the release of the information in litigation and responded by providing that disclosure would require only agreement or a court order.

> *Comment*: One commenter states that the FAA should take the position that it will not disclose voluntarily submitted information in response to a subpoena.
> *FAA response:* The FAA concurs that if information is designated as protected under this part, the FAA should not disclose the information unless both the submitter and the FAA agree to disclosing the information, or the court orders disclosure.

66 Fed. Reg. 33,796-97.

Comair argues that "Congress could not possibly have intended for unfettered disclosure of ASAP reports any time an airline is involved in a civil suit." [DE 1376, p. 8]. First, disclosure pursuant to a protective order is not "unfettered disclosure." Second, the very type of litigation involved here was considered by the FAA, and the only protection required in 14 C.F.R. § 193.7(f) was an order "by a court of competent jurisdiction."

> New § 193.7(f) provides the procedure in the event that the FAA receives a subpoena for protected information. This might happen, for instance, in litigation between an air carrier and an individual who alleges he was harmed by the air carrier's negligence.

*Id.* at 33,797. Thus, the FAA expressly contemplated that there could be disclosure pursuant to a court order in carrier negligence cases.

Moreover, the regulation does not include any limitations on the court order, such as the requirement of materiality that Comair now requests [DE #1376, pp. 8-9]. Comair relies on *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987) to claim that court orders for discovery require a showing of materiality and in camera review [DE #1376, p. 9], but that reliance is misplaced. The court in that case had to review the state protective agency's investigative reports of child rape and incest in camera to determine if there was evidence "favorable to the accused and material to guilt

5

or punishment" because that is the due process requirement for discovery in a criminal case. *Id.* at 57. Civil discovery is not similarly limited.

Additionally, *Ritchie* supports the Magistrate Judge's Order for disclosure. Despite the strong public interest in protecting the sensitive information in Pennsylvania's Children and Youth Services' investigative reports, the court held the information was discoverable.

> This is not a case where a state statute grants CYS the absolute authority to shield its files from all eyes. (Citations omitted). Rather, the Pennsylvania law provides that the information shall be disclosed in certain circumstances, including when CYS is directed to do so by court order.

*Id.* at 57-58. Likewise, 49 U.S.C. § 40123 and 14 C.F.R. Part 193 do not grant authority to the FAA or anyone else to shield the information from all eyes. Instead, the information is to be disclosed in certain circumstances, including by court order. Surely the public interest in protecting pilots and the information in ASAP reports is not greater than the public interest in shielding sensitive investigative files of child sexual abuse. In any event, both are expressly subject to disclosure pursuant to a court order.

Comair objects that the Magistrate Judge's Order is incorrect because it "relies too heavily on 'Congress' silence' on whether ASAP reports are discoverable in civil litigation." [DE #1376, p. 4]. The Order did note that Congress knows how to protect aviation information from discovery, as evidenced by 49 U.S.C. § 1154 [Order p. 8]. However, it also relied on the plain language authorizing disclosure pursuant to a court order [Order, pp. 8-9]. Reliance on an affirmative statement that information will be released when "ordered to do so by a court of competent jurisdiction" is not reliance on "silence."

Moreover, Comair's reliance on *Burns v. United States*, 501 U.S. 129 (1991) is misplaced. In *Burns*, the court criticized an inference from silence "when it is contrary to all other textual and contextual evidence of congressional intent." *Id.* at 136. Here, the absence of language precluding discovery by litigants is "consistent with," not contrary to, the evidence of congressional

6

intent. The history shows the intent was to preclude release to the "general public," but to authorize release by court order.

Comair objects to the Order on the ground that it disregards the effect of disclosure of ASAP reports to litigants and that a protective order does not alleviate that harm [DE #1376, pp. 10-12]. It claims the Order is erroneous for disregarding evidence provided by the ALPA. *Id.* p. 12. Once again, Comair addresses these policy arguments to the wrong forum. The FAA has authorized disclosure by court order.

Comair next objects that the Magistrate Judge did not grant a common-law or self-critical analysis privilege, despite the fact that a common-law privilege was recognized in *In re Air Crash Near Cali, Columbia*, 959 F. Supp. 1529 (S.D. Fla. 1997) and a self-critical analysis privilege was assumed in *Tice v. American Airlines, Inc.*, 192 F.R.D. 270 (N. D. Ill. 2000). Comair reiterates its "silence" argument, but does not mention the Order's reliance on subsequent authority of *University of Pennsylvania v. E.E.O.C.*, 493 U.S. 182, 198 (1990) expressing reluctance "to recognize a privilege in an area where it appears that Congress has considered the relevant competing concerns but has not provided the privilege itself." Additionally, *Cali* and *Tice* were decided before the FAA issued its final regulation expressly authorizing disclosure by court order. Any court-created privilege to preclude disclosure to litigants would be in derogation of the FAA's regulation.[2]

Comair provides for the first time[3] an unpublished order that appears to follow *Cali* somewhat and require a demonstration of specific need for the ASAP reports. *In re: Air Crash at Belle Harbor, New York,* 02 MDL 1448, Order dated August 14. 2007 at 16 (S.D.N.Y. 2007). That court ordered disclosure of specific ASAP reports as follows:

---

[2] The FAA in its brief states: "Of course, the FAA will produce these reports to litigants where 'ordered to do so by a court of competent jurisdiction.'" 14 C.F.R. § 193.7(f)." [DE #1263, n. 2].

[3] Comair did tell the Magistrate Judge he could request a copy of the order from Comair [DE #1199, p. 15, n. 16].

7

> In contrast, those ASAP reports concerning the issues of rudder operation, turbulence, and/or high load events could prove vital to this case by shedding light on the extent of AAL's alleged improper training techniques.  Airbus has met its burden of showing a specific need for the information sufficient to overcome AAL's qualified privilege.
>
> Therefore, AAL shall comply by producing all such documents involving rudder operation, turbulence, and/or high load events.

*Id.*  Contrary to Comair's arguments, no in camera review was required in that case.  The court also rejected any claim of self-critical analysis privilege, saying "ASAP material fails both the first and third prongs of the *Dowling* test for the self-critical privilege." *Id.* at 14.  Specifically, the court held ASAP materials are not an "in house" review, and "the FAA itself does not hold ASAP information in strict confidence and can be obliged to release such data for a variety of reasons ... further undermining the notion that discovery in civil litigation would hamper the flow of such information." *Id.*

While this Court agrees with the Magistrate Judge that no common-law privilege should apply to ASAP reports, the Court also notes that Plaintiffs here have made a limited request for ASAP reports that are particularly relevant to their claims.  Comair deponents "have either denied knowledge or recollection of any such incidents or have been unable to provide details."  [DE #1463, p. 8].  One recent deponent, however, mentioned four Comair crew incidents involving a runway incursion and wrong runway events.  When relevant, contemporaneous records are available, Plaintiffs should not be limited to the recollections of their opponent's witnesses.  "The allowance of the privilege to withhold evidence that is demonstrably relevant in a ... trial would cut deeply into the guarantee of due process of law and gravely impair the basic function of the courts." *United States v. Nixon*, 418 U.S. 683, 712 (1974).  If a showing of specific need were required, Plaintiffs have met that burden.

Comair's objections continue for many, many more pages, but consist largely of rehashing arguments in support of its original position, rather than making any attempt to demonstrate that

the Magistrate Judge's Order is clearly erroneous. It is the opinion of this Court that the Magistrate Judge's Order sufficiently addresses the issues and is not clearly erroneous.

## III. CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that the Magistrate Judge's Opinion and Order dated January 17, 2008 [DE #1326] is **ADOPTED** and **INCORPORATED** by reference.

This February 19, 2008.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge