UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:

    *Demrow, et al. v. Comair, Inc.*    Case No. 05-07-CV-315-KSF
    (Plaintiff Adam Theodore only)

**OPINION AND ORDER**

This matter is before the Court on the motion of Plaintiff Adam Theodore to Reconsider Order Dismissing His Claim for Loss of Parental Consortium [DE #1312]. Comair having responded to same, this matter is ripe for review.

Plaintiff Adam Theodore acknowledges this Court's decision of January 3, 2008, that Kentucky law does not permit an adult child to recover for loss of parental consortium. *In re: Air Crash at Lexington, Kentucky, August 27, 2006*, 2008 WL 80059 at *7-8 (E.D. Ky. 2008). That decision is incorporated by reference herein. Plaintiff urges, however, that his circumstance as a mentally handicapped adult child raises a differentiating issue that has not been decided by the Supreme Court of Kentucky or the Kentucky Court of Appeals [DE # 1312, p. 2]. Accordingly, he asks the Court to reconsider its decision or, alternatively, to certify to the Supreme Court of Kentucky the question of whether "a mentally handicapped adult child [may] recover loss of consortium damages upon the wrongful death of his or her caregiver parent(s)." *Id.* at 5.

In support of his argument that a mentally handicapped adult child should be treated differently than other adult children, Plaintiff Theodore relies on *Crain v. Mallone*, 130 Ky. 125, 113 S.W. 67 (1908), recognizing the obligation of a parent to provide support for an adult child who is "as helpless and incapable of making his support as an infant." *Id.* at 68. He further relies on

K.R.S. § 405.020(2) requiring support of children eighteen or older "who are wholly dependent because of permanent physical or mental disability" and *Abbott v. Abbott*, 673 S.W.3d 723,726 (Ky. Ct. App. 1983) interpreting that statute to hold that mentally or physically disabled children are not emancipated by operation of law at eighteen.  Finally, he reiterates his prior argument based on *Belcher v. Goins*, 400 S.E.2d 830 (W.Va. 1990) and *Morgan v. Lalumiere*, 493 N.E.2d 206 (Mass. Ct. App. 1986).

A Kentucky parent's claim of loss of consortium is authorized by K.R.S. § 411.135, which is expressly limited to a "minor child" and the "loss of affection and companionship that would have been derived from such child during its minority."  The emphasis on minority is clear, as is K.R.S. § 2.015 establishing the age of majority in Kentucky at eighteen.  Despite the recognition in other statutes of the special needs of mentally or physically handicapped adult children, Kentucky's Legislature did not choose to make such an exception or inclusion in the statute authorizing a claim for loss of consortium.

In *Giuliani v. Guiler*, 951 S.W.2d 318 (Ky. 1997), the Supreme Court of Kentucky authorized "the claim of minor children for loss of parental consortium" only after holding that a "claim of loss of parental consortium is a reciprocal of the claim of the parents for loss of a child's consortium ... in K.R.S. § 411.135." *Id.* at 323.  If *Giuliani* were expanded to include claims by mentally or physically handicapped adult children, it would no longer be a "reciprocal" of K.R.S. § 411.135.

The Kentucky Court of Appeals has twice refused to extend *Giuliani* to include claims by adult children.  *Clements v. Moore*, 55 S.W.3d 838 (Ky. Ct. App. 2001); *Smith v. Vilvarajah*, 57 S.W.3d 839 (Ky. Ct. App. 2001).  This court has previously found that the Supreme Court of Kentucky "would not recognize such a claim" and has declined to certify the law.  *Treadway v. United States*, 2005 WL 2304747 (E.D. Ky. 2007).  Plaintiff's reliance on *Belcher*, where "the West Virginia wrongful death statute allows recovery of parental consortium damages by adult, as well as by minor, children" is not persuasive.  *Belcher*, 400 S.E.2d at 840.  Plaintiff's reliance on other

2

Kentucky statutes and cases from other jurisdictions is equally unpersuasive. Where the language of a statute is plain, "the sole function of the courts is to enforce it according to its terms." *Chapman v. Higbee Co.,*, 319 F.3d 825, 829 (6th Cir. 2003) (quoting *United Stats v. Ron Pair Enterprises*, 489 U.S. 235, 241 (1989).

For the foregoing reasons and those stated in the Opinion and Order of January 3, 2008, the motion to reconsider or, alternatively, to certify the law will be denied.

Plaintiff Theodore noted in his original response that it was supported by matters outside the pleadings [DE # 1055, p. 2], which were not excluded by the Court nor controverted by Comair. Accordingly, Comair's motion to dismiss is to be treated as a motion for summary judgment pursuant to Rule 56. Plaintiff noted this in his motion to reconsider, and no objection was made by Comair. Accordingly, this Court is treating Comair's motion to dismiss Plaintiff Theodore's claim of loss of parental consortium as one for summary judgment. The Court finds that there is no genuine issue of material fact regarding this claim and that Comair is entitled to judgment as a matter of law on this claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Plaintiff Theodore's other claims remain pending. The Court otherwise being sufficiently advised;

**IT IS ORDERED AND ADJUDGED** that Plaintiff Adam Theodore's motion to reconsider [DE #1312] is **DENIED** and Comair's motion for summary judgment [DE #539] on Plaintiff Adam Theodore's claim of parental consortium is **GRANTED**.

This March 10, 2008.



**Signed By:**

*Karl S. Forester* KSF
**United States Senior Judge**