UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

**MASTER FILE: 5:06-CV-316-KSF**

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

**RELATES TO THE FOLLOWING CASES**:

| | |
|---|---|
| Adams, et al. v. Comair | 5:07-CV-339-KSF |
| Anderson, et al. v. Comair | 5:07-CV-270-KSF |
| Byrd, et al. v. Comair | 5:06-CV-371-KSF |
| Dawson, et al. v. Comair | 5:07-CV-300-KSF |
| First Citizens Bank (Nohoko Kono) | 5:07-CV-316-KSF |
| First Citizens Bank (Tetsuya Kono) | 5:07-CV-317-KSF |
| Fortney v. Comair | 5:07-CV-318-KSF |
| Frederick v. Comair | 5:07-CV-319-KSF |
| Hebert, et al. v. Comair | 5:07-CV-320-KSF |
| Hunt v. Comair | 5:06-CV-400-KSF |
| Mallory, et al. v Comair | 5:07-CV-124-KSF |
| McKee, et al. v. Comair | 5:07-CV-322-KSF |
| Theodore, et al. v. Comair | 5:07-CV-315-KSF |
| Thomason, et al. v. Comair | 5:07-CV-324-KSF |
| Threet, et al. v. Comair | 5:07-CV-315-KSF |
| Towles v. Comair | 5:06-CV-429-KSF |
| Trimble v. Comair | 5:07-CV-269-KSF |
| Turner, et al. v. Comair | 5:07-CV-326-KSF |
| Washington v. Comair | 5:06-CV-385-KSF |

**OPINION AND ORDER**

This matter is before the Court on the Motion of the United States to dismiss Comair's crossclaims filed against the United States in the above actions. Having been fully briefed, this motion is ripe for review.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Of the original forty-seven Passenger Plaintiff ("Plaintiffs") cases arising from the crash of Comair Flight 5191, twenty-nine have not yet settled their cases with Comair, and this matter is proceeding to trial on all liability issues and on damages for three exemplar plaintiffs in less than forty-five days.[1]  The cases were consolidated for all pretrial purposes. [DE 284].  In each of the

---

[1] One case was filed in Florida and has not been transferred to this Court to date.

passenger cases, Comair filed third-party complaints against the United States, seeking indemnity, contribution or apportionment. In January 2008, the Plaintiffs announced they "will be filing suit against the FAA in the next thirty days." [DE 1387, p. 9]. Some Plaintiffs amended their complaints to add claims against the United States, and Comair filed crossclaims. [DE 2305, p. 2]. The Plaintiffs listed above, however, filed separate actions against the United States and then moved to consolidate their action against the United States with their pending case against Comair, stating "the actions involve common parties and similar and/or identical issues of law and/or fact, and it is in the interest of judicial efficiency for the matters to proceed in consolidated fashion for all purposes." *See e.g.* DE 1484 (Thomason). The motions were granted, and all future filings were required to be filed in the single, consolidated case. *See e.g.* DE 1543.

In March 2008, Comair moved to file crossclaims against the United States in the above cases; no response was filed and the motion was granted. [DE 1744, 1868]. On May 2, 2008, the United States filed a dispositive motion to dismiss Comair's crossclaims on the ground that the consolidation of a single plaintiff's case against Comair with that same plaintiff's case against the United States did not merge the cases into a single cause of action. [DE 2119]. Accordingly, the United States argued that it and Comair were not coparties in the same cause of action and no crossclaim is authorized under Fed. R. Civ. P. 13(g).

## II. ANALYSIS

### A. Standard for Motion to Dismiss

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005).

**B.     Consolidation of the Actions**

The United States relies on an early case interpreting 28 U.S.C. § 734:

> Under the statute, 28 U.S.C. §734, consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.

*Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-497 (1933). That case involved a Senior Circuit Judge usurping the authority of New York District Judges to appoint receivers in bankrupty. A separate action was filed before a District Judge challenging the authority of the Senior Circuit Judge to appoint himself to handle all receivership appointments. The court ordered the two cases consolidated over objections of the parties, but was reversed on appeal.

The United States further relies on several Sixth Circuit decisions repeating and quoting *Johnson*. *Lewis v. ACB Bus. Services, Inc.*, 135 F.3d 389, 412-13 (6th Cir. 1998); *Patton v. Arrogate Ordnance Co.*, 765 F.2d 604, 606 (6th Cir. 1985); *Stacey v. Charles J. Rogers, Inc.*, 756 F.2d 440, 442-43 (6th Cir. 1985); *Kraft, Inc. v. Local Union 327 Teamsters, Chauffeurs, Helpers & Taxicab Drivers*, 683 F.2d 131, 133 (6th Cir. 1982). In the most recent of these decisions, the court said: "Therefore, it is the district court's responsibility to ensure that parties are not prejudiced by consolidation." *Lewis*, 135 F.3d at 412-13, *citing* 9 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2385 (2d ed. 1994).

In the updated edition of Federal Practice and Procedure, the authors read Fed. R. Civ. P. 42(a) more expansively. 9A Fed. Prac. & Proc. Civ. 2d § 2382 (2008). Consolidation under Rule 42(a) is used in three different senses:

> (1)  When all except one of several actions are stayed until one is tried, in which case, the judgment in the one trial is conclusive as to the others. This is not actually a consolidation but sometimes is referred to as such.
> (2)  When several actions are combined into one, lose their separate identity, and become a single action in which a single judgment is rendered. An illustration of this is the situation in which several actions are pending between the same parties stating claims that might have been set out originally as separate counts in one complaint.
> (3)  When several actions are ordered to be tried together but each retains its

3

> separate character and requires the entry of a separate judgment. This type of consolidation does not merge the suits into a single action, or cause the parties to one action to be parties to another.
>
> Rule 42(a)(1) and (2) refer separately to the district court's power to order a joint trial and to the power to order the actions consolidated. Therefore, the rule seems to authorize both the second and third of the procedures just described.

*Id.* The authors note that much of the case law relies on *Johnson* to limit the result to the third procedure.

Other writers suggest that "[w]hether the actions are merged or remain separate may depend on the wording of the consolidation order." 1A C.J.S. *Actions*, § 274. In the present situation, the original and all subsequent case management orders said that the "cases in this Master File are, until further order, consolidated for pretrial purposes. This order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action to which it has not been joined...." This order is consistent with the authorization of Rule 42(a)(1) to "join for hearing or trial any or all matters at issue in the actions." Separate case files are still maintained for each passenger plaintiff, crew plaintiff, and Comair as a plaintiff. Separate judgments will be entered for each case.

When each passenger plaintiff wanted to consolidate its separate actions against Comair and the United States into one case, it said "it is in the interest of judicial efficiency for the matters to proceed in consolidated fashion for all purposes." *See e.g.* DE 1484. The motion was granted and the parties were ordered to make any further filings in one consolidated case file under one case number. This is consistent with Rule 42(a)(2) authorizing consolidation of the actions. The actions were pending between the same parties and stated claims that might have been set out originally as separate counts in one complaint. In fact, some plaintiffs did simply amend their complaints. Neither the parties nor the Court contemplated that these consolidated cases would later be separated for any reason or that more than one judgment would be required. It is the opinion of this Court that the effect of these consolidation orders was to merge the cases into one.

4

Support for this result is also found in the case of *Travelers Indemnity Company v. Longview Fibre Paper & Packaging, Inc.*, 2007 WL 2916541 (W.D. Wash. 2007) arising out of asbestos litigation. That court recognized that Rule 42(a) "apparently permits consolidation either to merge the cases or to retain the separate character of the cases." *Id.* at *3. It held: "In this case, the complaints of the two actions are very similar, and the parties appear to favor merger. Deviation from the traditional rule is therefore proper, and the Travelers and Longview cases should be consolidated and merged." See also, *Ringwald v. Harris,* 675 F.2d 768, 770-71 (5th Cir. 1982); *A/S Ludwig Mowinckles Rederi v. Tidewater Const. Co.,* 559 F.2d 928 (4th Cir. 1977).

None of the Sixth Circuit cases involved a situation such as this one where both types of consolidation contemplated by Rule 42(a) are involved in a complex litigation case. The United States does not claim that its substantive rights are affected or that any prejudice flows from the consolidation and merger of the cases. The United States made no objection when Comair moved to file the crossclaims. On the other hand, it would be prejudicial and unjust to Comair to be denied its crossclaims in some passenger plaintiff cases at this late date.

### III.   CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that the motion of the United States to Dismiss Comair's Crossclaims [DE 2119] is **DENIED.**

This June 23, 2008.

**Signed By:**

*Karl S. Forester* 

**United States Senior Judge**