UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

**CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF**

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:   ALL CASES

## OPINION AND ORDER

This matter is before the Court on the motion of Comair, Inc., Comair Services, Inc., Comair Holdings, LLC and Delta Air Lines, Inc. ("Comair") to exclude opinions, testimony, or other evidence from Plaintiffs' Expert William Baldwin because he used the "total offset" method of estimating loss of earning capacity. [DE 2549]. The Plaintiffs' Steering Committee and several individual Plaintiffs sought to exclude evidence regarding "present value," "inflation rate," or "discount rate." [DE 2688, ¶2]. The Court having considered the responses to these motions, this issue is ripe for review.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The real issue before the Court is what evidence will be admissible to prove Plaintiffs' destruction of earning capacity claims. Comair argues that Dr. Baldwin's evidence using the "total offset"[1] method of estimating damages does not satisfy the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) because it oversimplifies a determination of the present value of future earnings and is not accurate. The issue, however, is not what is the best possible method of estimating damages "from an economic standpoint," as Comair suggests.  See DE 2549, p. 3.  It is more a matter of trial management in a complex case.

---

[1] Under this method, interest rates and rates of inflation are deemed to be "self-adjusting" so as to totally offset each other.  *Paducah Area Public Library v. Terry*, 655 S.W.2d 19, 25 (Ky. Ct. App. 1983).

**II.    ANALYSIS**

The Sixth Circuit recently summarized the standard for admissibility of expert testimony as follows:

> [A] proposed expert's opinion is admissible, at the discretion of the trial court, if the opinion satisfies three requirements. First, the witness must be qualified by "knowledge, skill, experience, training, or education." Fed.R.Evid. 702. Second, the testimony must be relevant, meaning that it "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* Third, the testimony must be reliable. *Id.*

*In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 528-29 (6th Cir. 2008).

In the present case, as in *Scrap Metal*, the defense does not argue that Baldwin is unqualified as an expert or that his testimony is irrelevant. The challenge here is to the reliability of his testimony because of his use of the "total offset" method for estimating loss of future earnings. The Sixth Circuit rejected such a challenge in *Scrap Metal* as follows:

> Columbia's argument is unpersuasive because it fundamentally confuses the *credibility and accuracy* of Leitzinger's opinion with its *reliability*. Contrary to Columbia's assertions, a determination that proffered expert testimony is reliable does not indicate, in any way, the correctness or truthfulness of such an opinion. ... The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation.

*Id.* at 529-530 (emphasis in original).

Twenty five years ago, Kentucky state courts approved the use of the total offset method for proving future lost earnings, saying:

> [S]uffice it to say that such a rule goes far to eliminate the contest between litigants who have the resources to marshall mountains of expert testimony relative to money, its worth and the nebulous art of economic forecasting, all of which encumber the trial proceedings and confuse the deliberation of jurors.***
>
> We adopt the reasoning that the relationship of interest rates and rates of inflation are "self-adjusting" and it is unnecessary to concern the jury with either. Because the two totally offset each other, the jury may make a fair and reasonable award in present worth without introduction of evidence or instruction. The injection of such matters in the trial is not prejudicial but irrelevant and non-essential; all however within the discretion of the trial court.

*Paducah Area Public Library v. Terry*, 655 S.W.2d 19, 25 (Ky. Ct. App. 1983). The total offset methodology was recognized as an acceptable method being used by several courts in *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 544-45 (1983). While declining to adopt a universal methodology for determining lost earnings, the court said:

> [B]y its very nature the calculation of an award for lost earnings must be a rough approximation. Because the lost stream can never be predicted with complete confidence, any lump sum represents only a "rough and ready" effort to put the plaintiff in the position he would have been in had he not been injured.

*Id*. at 546. Thus, the time consuming introduction of evidence of present value, inflation, discount rates and the differences in expert opinions regarding the appropriate rates to use all still result in only a "rough and ready" estimate of lost earnings.

The Court recognizes that state court decisions on evidence are not binding on this Court and that the Federal Rules of Evidence ("FRE") apply instead. However, the Court has discretion to exclude relevant evidence that might result in undue delay, waste of time, or jury confusion. FRE 403. This Court agrees with the court in *Kuntz v. Windjammer Barefoot Cruises, Ltd.*, 573 F. Supp. 1277, 1287 (D.C. Pa. 1983) that "the total offset method is the best formula yet devised to measure the immeasurable." It has been used throughout Kentucky for years and is based on sound logic; it eliminates the bias experts can inject through the use of various discount and inflation rates; and it will save substantial time and reduce the likelihood of jury confusion in this upcoming trial. The Court finds this methodology reliable. Comair's challenges to its accuracy are the proper subject of cross examination. Accordingly, Comair's motion to exclude the opinions of Dr. Baldwin will be denied, and Plaintiffs' motions to exclude evidence of present value, inflation of discount rates will be granted.

### III. CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

A. Comair's Motion in Limine regarding the testimony of William Baldwin [DE 2549] is **DENIED**;

B.      The motions of the Plaintiffs' Steering Committee and various individual Plaintiffs to exclude evidence of present value, inflation and discount rates are **GRANTED**;

C.      Any evidence of lost earnings at the August 4, 2008 trial shall be consistent with the decision in *Paducah Area Public Libraries v. Terry*, 655 S.W.2d 19 (Ky. Ct. App. 1983).

This July 2, 2008.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge

4