UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:  ALL CASES

## OPINION AND ORDER

This matter is before the Court on numerous motions *in limine* by Comair, Inc., Comair Services, Inc., Comair Holdings, LLC, and Delta Air Lines, Inc. ("Comair") to exclude evidence. The United States advises that Comair filed 34 separate motions *in limine* requesting a total of 53 pretrial rulings to restrict evidence. [DE 2856]. This Opinion and Order addresses some of those motions as well as motions by First Officer Polehinke.

A. Standard for Rule 402 and Rule 403 Motions in Limine

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the court discussed the admissibility of evidence as follows:

Rule 402 provides the baseline:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

"Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401. The Rule's basic standard of relevance thus is a liberal one.

*Id.* at 587.  The Sixth Circuit recognized many years ago that a court should not "deprive plaintiffs of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action which they have brought into the court, replacing it with a sterile or laboratory atmosphere...."  *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 217 (6th Cir. 1982).

Federal courts have held that Fed. R. Evid. 403 is an extraordinary remedy and carries a

strong presumption in favor of admissibility. *U.S. v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

*In re Air Crash Disaster*, 86 F.3d 498 (6th Cir. 1996), the Sixth Circuit said:

> Rule 403 does not exclude evidence because it is strongly persuasive or compellingly relevant – the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account.

*Id.* at 538. "Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" *Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983).

### B. Motion to Exclude All Evidence Regarding Certain Pre-Accident Matters Involving the Pilots, Insurance, and the Preparation of Witnesses

Comair moves to exclude eleven separate items of evidence relating to the pilots, the existence of insurance and the methodology and time Comair utilized to prepare its witnesses for deposition and trial testimony. Each item will be discussed in turn.

#### 1. The Pilots Boarding the Wrong Aircraft

Comair argues that evidence the pilots boarded aircraft number 7824 and were told by a Comair agent that they were on the wrong plane is not relevant, is not that uncommon, and may be explained by reasons unrelated to negligence. They also note that one of Plaintiffs' experts reported that this boarding of a wrong aircraft "was not a direct event relating to the crash and therefore, does not individually provide a causative link to the crash." [DE 2678, p. 4]. They argue alternatively that the evidence is unfairly prejudicial because it allows the jury to speculate on why the pilots boarded aircraft 7824. Polehinke also moves to exclude this evidence as irrelevant and unduly prejudicial. [DE 2660].

The United States responds that a central criticism of the pilots concerns their lack of "situational awareness" and general lack of professionalism. They argue that boarding the wrong aircraft reflects they were "lacking situational awareness in virtually every aspect of their operations that day."July 7, 2008  They argue the evidence is also relevant to the time line of the pilots' actions that morning and to an understanding of other allegations of negligence, such as an inadequate

2

walk-around inspection and failure to conduct a proper Flight Compartment Safety Inspection. [DE 2856, p. 13].

Plaintiffs respond that evidence of boarding the wrong aircraft is highly relevant in that it reflects a failure to pay attention to details and visual clues, such as the numbers on the tail and nose of the plane, and makes it more probable that they were not paying attention to details such as the number of the runway from which they were taking off. Plaintiffs further argue that it shows a lack of situational awareness and a probability the pilots were tired and making negligent mistakes. Moreover, they state their experts opine that boarding the wrong plane is part and parcel of the numerous negligent acts of the crew which in totality rise to the level of reckless conduct. Plaintiffs note that Rule 403 requires that the danger of undue prejudice must "substantially outweigh" the probative value of the evidence, and that standard is not met here. They disagree the jury must speculate on why the wrong aircraft was boarded and argue it is direct evidence that the crew was not fully alert at the time.

The Court agrees that this evidence is relevant and that its probative value is not substantially outweighed by any unfair prejudice. Accordingly, the motion is denied

2. Motion to Exclude Evidence that Polehinke Purchased Two Beers

Comair argues that evidence Polehinke may have violated Comair's policy prohibiting consumption of alcohol within twelve hours of a scheduled departure is not relevant and rely on Plaintiffs' expert report that this violation of Comair policy did not cause the crash. Comair further argues that no one saw Polehinke drink the beer he purchased at 6:26 p.m. the day prior to the crash and took to his room, so whether he violated Comair policy becomes a collateral issue. Polehinke also moves to exclude this evidence as irrelevant and unduly prejudicial and notes that there is no evidence he consumed the beer and there is no evidence of alcohol in his blood following the accident. [DE 2660].

The United States responds that this was a serious violation of Comair's procedures and

3

is relevant to show that there were rules First Officer Polehinke would follow and those he would not. They note no one suggests Polehinke was impaired by alcohol at the time of the accident, but the number of violations and mistakes by the pilots has caused many of the experts to question whether Flight 5191 is indicative of broader, systemic problems at Comair. They also note the issue may have relevance to Polehinke's credibility, since he testified he did not recall ordering the two beers and that, prior to August 26, 2006, he testified that he absolutely has not ordered two beers within 12 hours of his time to report for duty. [DE 2856, pp. 14-15].

Plaintiffs claim that the purchase of two beers in violation of Comair's "bottle to throttle" rule is relevant to their claims of negligence and punitive damages against Polehinke and Comair. [DE 2897, pp. 88-91; DE 2896]. They note there is no evidence he did anything other than drink the two Coronas, and that it is for the jury to decide what he did with them. If the jury concludes that he did drink them, it is evidence of his disregard for the Comair policy on alcohol or his lack of training or awareness of the policy. Plaintiffs' expert will offer the opinion that the purchase of the two beers is direct evidence of the culture among Comair pilots and the lip service that was paid to written regulations. Comair personnel told the NTSB that Polehinke was a "thorough by the book pilot." Comair's Operations manual shows that violation of this policy subjects a pilot to termination.

The Court finds that the evidence is relevant to Plaintiffs' claims and that Comair has not shown that its probative value is substantially outweighed by unfair prejudice. The motion is denied.

      3.    Motion to Exclude Prior DUI Charges

Comair admits that Captain Clay was convicted of driving under the influence of alcohol on July 10, 1993 and First Officer Polehinke was charged with driving under the influence of alcohol on January 17, 1992. It argues this evidence should be excluded because it is not relevant to the crash, it is too remote, and its probative value is substantially outweighed by danger of unfair prejudice or misleading the jury. Comair says such evidence would provide an inference that

4

alcohol was a factor in the crash.  It argues the evidence would be prejudicial as tarnishing the credibility, integrity and character of the pilots.

The United States responds that it does not believe Captain Clay's conviction is relevant, but that First Officer Polehinke's charge bears directly on the allegations of negligent hiring. Plaintiffs respond that evidence of the charges against both pilots is relevant to the issue of Comair's negligence in hiring individuals who had legal problems for operating machinery while under the influence.  They argue it is relevant to demonstrate that both individuals tended to disregard rules and consequences.  They urge that it is relevant circumstantial evidence that Polehinke drank the two beers he purchased.

It is the opinion of this Court that the remoteness of the charges impacts the probative value of this evidence.  Accordingly, this motion is passed pending the development of other evidence at trial to place this evidence in the proper context.

4. Motion to Exclude Evidence of the Shooting Involving Polehinke

Polehinke suffered a gunshot wound to his abdomen on July 7, 1999 as a result of a domestic dispute.  Comair moves to exclude this evidence as irrelevant and only delaying the fact finding process, unduly harassing and embarrassing Polehinke and causing undue prejudice to Polehinke and Comair.  Comair does not specify how it may be unduly prejudiced.  Polehinke also moves to exclude this evidence as irrelevant.  [DE 2896].

The United States argues that this evidence is relevant to the negligent hiring claims and Comair's failure to conduct a background investigation into Polehinke.  It claims this incident, the DUI charge and Polehinke's flying record should have been explored by Comair.  Plaintiffs claim this issue of admissibility is premature and requires context from the evidence at trial, but argues there are a number of issues for which this evidence could be relevant.  It notes that Polehinke did not disclose the gunshot wound when asked about his health and hospitalizations, and that this is a proper subject for impeachment.  [DE 2896].

Whether this evidence is relevant is questionable at this time, but the motion will be passed for consideration in the context of the evidence at trial.

### 5. Motion to Exclude Polehinke's Non-Aviation Employment History

Comair claims this Court should exclude evidence that Polehinke worked in the food services industry in positions such as assistant beverage manager, banquet captain, restaurant manager, waiter and bartender prior to beginning his pilot training in 1995. It argues the prior employment history is irrelevant to his qualifications as a pilot and such evidence would only delay the fact finding process and unnecessarily harass and prejudice the defense. Comair does not suggest any specific way in which the defense would be prejudiced.

The United States questions how the fact someone worked in food service could really be unfairly prejudicial. Moreover, it says this evidence may be relevant to the negligent hiring claim. Plaintiffs argue that this evidence is directly relevant to their negligent hiring claim and may also be relevant to whether he follows the rules established by his employers and whether he had disciplinary problems as a result. [DE 2897, pp. 93-94].

It is too early for the Court to determine the relevance of this evidence, but if any relevance is shown at trial, it will be admitted. Comair certainly has not demonstrated any unfair prejudice.

### 6. Motion to Exclude Polehinke's Request for Leave of Absence

One week prior to the crash of Flight 5191, Polehinke requested a leave of absence through a telephone conversation with Steve Briner, Chief Pilot for Comair. Briner does not recall the reason for the request, nor does Polehinke. Comair seeks to exclude evidence of this request because it is not relevant and because it is unduly prejudicial in that it creates collateral issues and leads to jury speculation as to why the request was made.

The United States notes that the evidence may be relevant to a number of issues, such as Polehinke's affirmative claims for lost wages. At a minimum, it argues that the parties should be able to ask Mr. Polehinke why he requested this leave. Plaintiffs urge that this motion is premature

6

and any determination should await the context at trial. They note the evidence might be relevant to any health issues, mental state, fatigue, exhaustion, and the like.

It is too early for the Court to determine the relevance of this evidence, but if relevance is shown at trial, it will be admitted. Comair has not shown any unfair prejudice.

       7.      <u>Motion to Exclude Polehinke's Worker's Compensation Status</u>

Comair moves to exclude any evidence of Polehinke's workers' compensation status as irrelevant and unduly prejudicial for creating collateral issues. Comair further suggests Plaintiffs may introduce this evidence to infer that Polehinke is receiving compensation for his alleged negligent acts or omissions.

The United States responds that, for the Crew Plaintiffs' cases, Comair is treated as a settling party to whom fault can be apportioned. It argues, based on Kentucky law, that an employee cannot recover that portion of the judgment attributable to the negligence of his employer, and a third-party tortfeasor is not liable for fault attributable to the employer. [DE 2856, p. 17]. Plaintiffs respond that this motion is premature and will require the context of trial. They urge that the evidence may be relevant to health issues, mental state, fatigue, and the like.

It is too early for the Court to determine the relevance of this evidence, but if relevance is shown at trial, it will be admitted. Comair has not shown any unfair prejudice.

       8.      <u>Motion to Exclude Photographs of Polehinke in a Panama Jack Hat</u>

Comair argues that the photograph of First Officer Polehinke in a Panama Jack hat published by the media is unfairly prejudicial in that it creates an inference that Polehinke "was a casual, carefree and spirited individual, perhaps someone who might be prone to consume alcoholic beverages or 'party.'" [DE 2678, p. 13]. Comair also suggests the photo may illicit emotions from the jury that Polehinke was or is apathetic toward his job duties or the lives lost. They suggest the use of less prejudicial photographs or observing Polehinke at trial.

The United States notes this photograph was shown on the news after the accident and argues that neither the photograph or hat are unfairly prejudicial to Comair. Plaintiffs respond this issue is premature and should await a determination at trial "if and when it becomes an issue." [DE 2897, p. 94].

The Court agrees that this motion is premature and will be considered at trial if necessary.

9. Motion to Exclude the Radisson Hotel Restaurant Server's Testimony

Comair seeks to exclude the testimony of Mitch Anderson, a server at the Radisson Hotel restaurant who took an order from Polehinke on August 26, 2008. It is not clear whether Comair seeks to exclude all testimony of Mr. Anderson or only that portion relating to the contract Comair has with the Radisson, that he does not see pilots from other airlines frequenting the hotel or restaurant or bar, that he has not noticed pilots going to the bar and would not call it typical for a pilot to order alcohol, but that it is not irregular for male guests to order two beers. Comair urges that the evidence is unfairly prejudicial because it implies "that only pilots employed by Comair, Inc. frequent the Radisson's restaurant and bar and are the only pilots that tend to order alcohol." Comair argues this allows the jury to conclude that Comair does not strictly enforce its alcohol policy or that its employees disregard it.

The United States responds that Polehinke's activities the night before the accident are highly relevant and probative and not unfairly prejudicial. Plaintiffs respond that evidence regarding Comair's contract with the Radisson and the fact it was mostly Comair pilots that Anderson saw frequent the restaurant/bar is relevant to the identification of Polehinke as the person who purchased the beers from Anderson.

It is the opinion of the Court that Polehinke's activities the night before the plane crash are highly relevant. The motion regarding the other evidence requires the context of trial to determine its relevancy.

10. Motion to Exclude Evidence of Comair's Liability Insurance

Comair moves to exclude any reference to Comair's liability insurance pursuant to FRE 411, absent a showing of one of the alternate purposes set forth in the second sentence of the Rule. Comair relies on the Advisory Committee Notes suggesting prejudice that arises from the knowledge that the defendant is insured. The United States did not respond to this motion. Plaintiffs respond that the motion is premature and that wholesale exclusion of evidence of liability insurance is improper. It is the opinion of the Court that the motion should be granted at this time, subject to reconsideration if an appropriate exception is shown at trial.

    11.    <u>Motion to Exclude References to Comair's Methodology and Time Spent Preparing Witnesses</u>

Comair moves to exclude any reference to its methodology in preparing its witnesses for deposition or trial as protected by the attorney-client privilege and work product doctrine. In support, Comair relies on a recent District of Columbia District Court case in which witnesses were asked very specific questions about their conversations with counsel while preparing their defense. *Banks v. Office of Senate Sergeant-at-Arms*, 241 F.R.D. 376 (D.D.C. 2007). The court held the information was protected by work product. That decision is obviously not binding on this Court. Moreover, Comair's motion is much more vague and broad. It also says "Plaintiffs should be prohibited from attempting to refer to Comair's preparation of witnesses to infer any improper conduct on the part of Comair or its counsel."

The United States responds that the Court should wait to see if any party has a legitimate purpose for raising the issue at trial. Plaintiffs, likewise, argue the motion is premature and should await developments at trial. The Court agrees that this motion is premature and will be considered at trial if necessary.

**CONCLUSION**

    **IT IS ORDERED** that Comair's Motion in Limine [DE 2678] is decided as follows:

1. Comair's motion to exclude evidence that the pilots boarded the wrong aircraft is **DENIED**. Polehinke's related motion [DE 2660] is **DENIED**.

2. Comair's motion to exclude evidence that Polehinke bought two beers is **DENIED**. Polehinke's related motion [DE 2660] is **DENIED.**

3. Comair's motion to exclude evidence of prior driving under the influence of alcohol charges against the pilots is **PASSED** for consideration at trial.

4. Comair's motion to exclude evidence of the shooting of Polehinke is **PASSED** for consideration at trial. Polehinke's related motion [DE 2660] is also **PASSED**.

5. Comair's motion to exclude evidence of Polehinke's non-aviation employment history is **PASSED** pending a showing of relevance in the context of trial.

6. Comair's motion to exclude evidence of Polehinke's request for a leave of absence is **PASSED** pending a showing of relevance in the context of trial.

7. Comair's motion to exclude evidence of Polehinke's workers' compensation status is **PASSED** pending a showing of relevance in the context of trial.

8. Comair's motion to exclude the photograph of Polehinke in a Panama Jack hat is **PASSED** pending a showing of relevance in the context of trial.

9. Comair's motion to exclude the testimony of Mitch Anderson is **DENIED** as to the testimony regarding Polehinke's activities on August 26 and is **PASSED** as to his other testimony pending a showing of relevance in the context of trial.

10. Comair's motion to exclude evidence of liability insurance pursuant to Fed. R. Evid. 411 is **GRANTED**, subject to reconsideration if an appropriate exception is shown at trial.

11. Comair's motion to exclude references to Comair's methodology in preparing witnesses for deposition or trial is **PASSED** as premature.

This July 8, 2008.



Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**