UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:  ALL CASES

## OPINION AND ORDER

This matter is before the Court on the motion *in limine* by Comair, Inc., Comair Services, Inc., Comair Holdings, LLC, and Delta Air Lines, Inc. ("Comair") to exclude the Cockpit Voice Recorder audio tape at trial.  Having been fully briefed, this motion is ripe for review.

### A.     Standard for Rule 402 and Rule 403 Motions in Limine

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the court discussed the admissibility of evidence as follows:

> Rule 402 provides the baseline:
>
> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.
>
> "Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401. The Rule's basic standard of relevance thus is a liberal one.

*Id.* at 587.  The Sixth Circuit recognized many years ago that a court should not "deprive plaintiffs of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action which they have brought into the court, replacing it with a sterile or laboratory atmosphere...."  *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 217 (6th Cir. 1982).

Federal courts have held that Fed. R. Evid. 403 is an extraordinary remedy and carries a strong presumption in favor of admissibility.  *U.S. v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). *In re Air Crash Disaster*, 86 F.3d 498 (6th Cir. 1996), the Sixth Circuit said:

> Rule 403 does not exclude evidence because it is strongly persuasive or compellingly relevant – the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account.

*Id.* at 538. "Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" *Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983).

**B.     Comair's Motion to Exclude the CVR Audio Tape** [DE 2683]

Comair moves to exclude the playing of the Cockpit Voice Recorder (CVR) Audio Tape at trial on the grounds that it is irrelevant and highly prejudicial. Comair notes that the final sections of the recording contain shouts, explicatives and exclamations from the crew and crash or impact sounds. They argue there is no evidence that these sounds were recorded from anywhere but the cockpit and, therefore, are not relevant to the passenger claims. Comair further argues that allowing the jury to hear the end of the tape will play on the jury's sympathies and impair their ability to use reason. It notes that the jury can reference the CVR transcript without the prejudicial effect of the recording. Alternatively, Comair requests precautions be taken to ensure that the tape is not played in public, in violation of 49 U.S.C. § 1154. Comair further requests that any demonstrative exhibit omit references to the sounds at the end of the tape.

The United States says this motion "strains credulity." [DE 2872]. It argues the audio tape is relevant because it allows the jury to hear the pitch and inflection of the pilots' conversation and other sounds revealing a crew inattentive to the task of piloting a commercial airliner. It relies on several cases that admitted CVR tapes. *See Greene v. B.F. Goodrich Avionics Sys., Inc.*, 409 F.3d 784, 787, 790-91 (6th Cir. 2005) (admitting CVR tape); *In re Air crash Disaster at John F. Kennedy Int'l airport on June 24, 1975*, 687 F.2d 626, 630 (2d Cir. 1982) ("The CVR tape is an important piece of evidence in an aircrash case."); *McCoy v. Southwest Airlines Co.*, 208 F.R.D. 617, 620 (C.D. Cal. 2002) (noting that the CVR "tape is one of the few neutral pieces of evidence available to plaintiffs to support their claims, and, as such, it is clearly relevant...."); *Buschmann v. Little Rock Nat. Airport*, 222 F.R.D. 114, 117 (N.D. Tex. 2004) ("The tone of voice, pitch, and inflection of

2

statements made by the crew members, all of which may be relevant to their state of mind, emotional condition, and situational awareness, are completely absent on the printed page."). It further notes that "[v]irtually all evidence is prejudicial or it isn't material." *Koloda v. General Motors Parts Div., GMC,* 716 F.2d 373, 377 (6th Cir. 1983). It argues that Comair has failed to carry its burden to show any prejudice is unfair and substantially outweighs the probative value of the evidence. The United States has no objection to reasonable restrictions on the use of the CVR tape so as to prevent its use "for purposes other than for the proceeding."

Plaintiffs argue that Magistrate Todd's determination that the audio tape was discoverable because the written transcript "does not provide the parties with sufficient information to receive a fair trial" is also pertinent to the admissibility of the evidence. *In re Air Crash at Lexington, Ky., August 26, 2006*, 2007 WL 4321865 at *3 (E.D. Ky. 2007). They also argue that the state of mind of the pilots is clearly relevant to their burden of proof for punitive damages. Plaintiffs express sensitivity to Comair's concerns about playing the CVR recording, but urge that the jury should be allowed to hear the tape in open court. They suggest appropriate precautions can be determined at a later date. [DE 2897, pp. 112-113].

It is the opinion of the Court that Magistrate Todd's ruling addressed discovery, rather than admissibility, but Plaintiffs' arguments regarding relevance remain very strong. As in *McCoy* and *Buschmann*, the tone of voice, pitch, and inflection of the pilots statements are highly relevant to their state of mind and to Plaintiffs' claims of negligence and gross negligence. These aspects of their statements are completely absent from a printed page. Plaintiffs need the audio recording to prosecute their claims and meet their heightened burden to prove gross negligence.

**CONCLUSION**

**IT IS ORDERED** that Comair's motion to exclude the Cockpit Voice Recorder audio tape at trial [DE 2683] is **DENIED**. The Court will entertain at the Pretrial Conference the suggestions

of the parties to prevent the use of the recording for purposes other than for the proceeding pursuant to 49 U.S.C. § 1154(4)(B).

This July 8, 2008.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**