UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:   ALL CASES

## OPINION AND ORDER

This matter is before the Court on various motions in limine filed by the Plaintiffs' Steering Committee ("PSC") on behalf of all passenger plaintiffs, pursuant to Federal Rules of Evidence ("FRE") 401, 402, 403, 702, 703 and applicable Kentucky state law, to prohibit argument, reference, use or the admissibility of certain information, inferences or evidence.  [DE #2688]. Defendant Comair having responded thereto, this motion is ripe for review.  The PSC's motions in limine shall be considered in seriatim, as follows:

I.   **Standard for Rule 402 and Rule 403 Motions in Limine**

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Court discussed the admissibility of evidence as follows:

> Rule 402 provides the baseline:
>
>> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.
>
> "Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401.  The Rule's basic standard of relevance thus is a liberal one.

*Id.* at 587.  Many years ago, the Sixth Circuit recognized that a court should not "deprive plaintiffs of their legitimate right to place before the jury the circumstances and atmosphere of the entire

cause of action which they have brought into the court, replacing it with a sterile or laboratory atmosphere...." *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 217 (6th Cir. 1982).

Federal courts have held that FRE 403 is an extraordinary remedy and carries a strong presumption in favor of admissibility. *U.S. v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). In *In re Air Crash Disaster*, 86 F.3d 498 (6th Cir. 1996), the Sixth Circuit noted:

> Rule 403 does not exclude evidence because it is strongly persuasive or compellingly relevant – the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account.

*Id.* at 538. "Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" *Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983).

**1.    Evidence of Collateral Source Payments**

Relying on *O'Bryan v. Hedgespeth,* 892 S.W.2d 571 (Ky. 1975) ("Collateral source benefits . . . have no bearing on the plaintiff's right to recover damages."), PSC submits that all evidence of collateral source payments is not admissible and should be excluded.[1]

Comair has no objection to this motion, acknowledging that evidence of collateral source benefits is irrelevant to plaintiff's damages; however, Comair requests the court reserve issues of

---

[1] The following plaintiffs in the individual, related cases have also either moved in limine or joined in the PSC's motion in limine to exclude of collateral source payments: William W. Thomason, Jr., et al., in Civil No. 5:07-cv-324-KSF [DE #2612]; Anita P. Threet in Civil No. 05:08-cv-0072-KSF [DE #2533]; William G. Demrow in 5:07-cv-00315 [DE #2533]; Kevin Winters, et al., in Civil No. 5:07-cv-127-KSF [DE #2622]; Sarah King Fortney in Civil No. 5:06-cv-318-KSF; Joshua Isaac Adams in Case No. 5:07-cv-339-KSF [DE #2581]; Lois Turner in Civil No. 5:07-cv-00326-KSF [DE #2618]; Jamie Herbert in Case No. 5:07-cv-320-KSF [DE #2625]; Kevin Fahey in Civil No. 5:07-cv-126-KSF [DE #2621]; Alexander O. Anderson in 5:07-cv-270-KSF [DE #2592]; Tony Byrd, et al., in Civil No. 5:06-cv-371-KSF [DE #2585]; Andrea L. Combs in Civil No. 5:07-cv-312-KSF [DE #2589]; C. Timothy Cone in Civil No. 5:07-cv-00015-KSF [DE #2613]; C. Timothy Cone in Civil No. 5:07-cv-00271-KSF [DE #2613]; Katherine Trimble in Civil No. 5:07-cv-269-KSF [DE #2595]; Valeria A. Towles in Civil No. 5:06-cv-429-KSF [DE #2594]; Edith Mallory, et al., in Civil No. 5:07-cv-124-KSF [DE #2566]; Edith Mallory, et al., in Civil No. 5:08-cv-00070-KSF [DE #2566]; First Citizens Bank of Elizabethtown, Kentucky (Nahoko Kono in Civil No. 5:07-cv-316-KSF [DE #2572]; First Citizens Bank of Elizabethtown, Kentucky (Tetsuya Kono) in Civil No. 5:07-cv-317-KSF [DE #2574]; Kenneth A. Hunt in Civil No. 5:06-cv-400-KSF [DE #2550]; Kyra Frederick in Civil No. 5:07-cv-319-KSF [DE #2607]; Marsha Bentley Dawson in Civil No. 5:07-cv-300-KSF [DE #2593].

collateral source benefits and to rule on same on a case-by-case basis since the collateral source benefits could be relevant and probative for other purposes. Nevertheless, Comair makes no mention of what those "other purposes" might be. Consequently, the court is not inclined to reserve its ruling on this motion in limine and will grant the motion of the PSC and certain plaintiffs to prohibit the introduction of any evidence of collateral source payments.

2.     **Reference to "Present Value" or "Inflation Rate" or "Discount Rate"**

The PSC's motion in limine to prohibit any reference to or evidence of "present value," "inflation rate," or "discount rate," was considered and granted in the Opinion and Order of July 2, 2008. See DE #3080.

3.     **The Tax Consequences of a Damage Award**

Based on *Paducah Area Public Library v. Terry, supra*, and FRE 401, the PSC has moved in limine to prohibit the tax liability of any of the plaintiffs, as it relates to the tax consequences to the plaintiffs in the event of a damages award, from being mentioned or inquired into in any at trial, as said tax consequences are irrelevant to this matter.[2]

---

[2] The following plaintiffs in the individual, related cases have also either moved in limine or joined in this motion in limine: William W. Thomason, Jr., et al., in Civil No. 5:07-cv-324-KSF [DE #2612]; Anita P. Threet in Civil No. 05:08-cv-0072-KSF [DE #2533]; William G. Demrow in 5:07-cv-00315 [DE #2533]; Kevin Winters, et al., in Civil No. 5:07-cv-127-KSF [DE #2622]; Joshua Isaac Adams in Case No. 5:07-cv-339-KSF [DE #2581]; Lois Turner in Civil No. 5:07-cv-00326-KSF [DE #2618];Jamie Herbert in Case No. 5:07-cv-320-KSF [DE #2625]; Kevin Fahey in Civil No. 5:07-cv-126-KSF [DE #2621]; Alexander O. Anderson in 5:07-cv-270-KSF [DE #2592]; Tony Byrd, et al., in Civil No. 5:06-cv-371-KSF [DE #2585]; Andrea L. Combs in Civil No. 5:07-cv-312-KSF [DE #2589]; C. Timothy Cone in Civil No. 5:07-cv-00015-KSF [DE #2613]; C. Timothy Cone in Civil No. 5:07-cv-00271-KSF [DE #2613]; Katherine Trimble in Civil No. 5:07-cv-269-KSF [DE #2595]; Valeria A. Towles in Civil No. 5:06-cv-429-KSF [DE #2594]; Edith Mallory, et al., in Civil No. 5:07-cv-124-KSF [DE #2566]; Edith Mallory, et al., in Civil No. 5:08-cv-00070-KSF [DE #2566]; First Citizens Bank of Elizabethtown, Kentucky (Nahoko Kono) in Civil No. 5:07-cv-316-KSF [DE #2572]; First Citizens Bank of Elizabethtown, Kentucky (Tetsuya Kono) in Civil No. 5:07-cv-317-KSF [DE #2574]; Kenneth A. Hunt in Civil No. 5:06-cv-400-KSF [DE #2550]; Kyra Frederick in Civil No. 5:07-cv-319-KSF [DE #2607]; Marsha Bentley Dawson in Civil No. 5:07-cv-300-KSF [DE #2593].

In response, Comair acknowledges that the tax consequences or lack thereof to the plaintiffs in respect to any damages award are irrelevant and that the reference to the fact that the award of certain damages is not taxable should be excluded at trial.

**4.     Reference to or Argument by Comair Regarding Lack of Intent to Cause Harm or Speculation as to the State of Mind of the Pilots**

The PSC has moved in limine to prohibit any reference by Comair to the state of mind of the pilots of Flight No. 5191 as to whether they intended to cause harm to themselves or others when they attempted to take off from the wrong runway.[3]  As grounds for this motion, the PSC notes that (1) such reference or argument by Comair would cause the jury needlessly and improperly to speculate as to the pilots' state of mind, and (2) the pilots' state of mind is irrelevant to an award of punitive damages under Kentucky law, since Kentucky only requires proof of gross negligence, rather than proof of intent to cause harm, in any award of punitive damages.  See *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382 (Ky. 1985) ("The threshold for the award of punitive damages in a tort case is whether there is misconduct as described [as] 'outrageous' in character, not whether the injury was intentionally or negligently inflicted.").

In response, Comair agrees with the PSC's motion to exclude all evidence and argument concerning the "lack of intent" of the pilots' state of mind and/or asking the jurors to speculate about the pilots' state of mind.  Additionally, Comair requests the court to enter an order concerning this motion in limine that is broad in scope that would exclude any lay person and expert testimony

---

[3] The following plaintiffs in the individual, related cases have also either moved in limine or joined in this motion in limine:  Kevin Winters, et al., in Civil No. 5:07-cv-127-KSF [DE #2622]; Joshua Isaac Adams in Case No. 5:07-cv-339-KSF [DE #2581]; C. Timothy Cone in Civil No. 5:07-cv-00015-KSF [DE #2613]; C. Timothy Cone in Civil No. 5:07-cv-00271-KSF [DE #2613]; Katherine Trimble in Civil No. 5:07-cv-269-KSF [DE #2595]; Valeria A. Towles in Civil No. 5:06-cv-429-KSF [DE #2594]; Edith Mallory, et al., in Civil No. 5:07-cv-124-KSF [DE #2566]; Edith Mallory, et al., in Civil No. 5:08-cv-00070-KSF [DE #2566]; First Citizens Bank of Elizabethtown, Kentucky (Nahoko Kono) in Civil No. 5:07-cv-316-KSF [DE #2572]; First Citizens Bank of Elizabethtown, Kentucky (Tetsuya Kono) in Civil No. 5:07-cv-317-KSF [DE #2574]; Kenneth A. Hunt in Civil No. 5:06-cv-400-KSF [DE #2550]; Kyra Frederick in Civil No. 5:07-cv-319-KSF [DE #2607]; Marsha Bentley Dawson in Civil No. 5:07-cv-300-KSF [DE #2593].

or argument regarding the pilots' state of mind concerning their take-off from the wrong runway, including any attempt to argue or suggest that the pilots intended to take off from the wrong runway or intended to cause harm to themselves or others.

The court will grant the PSC's motion in limine as well as Comair's request to make the ruling broad in scope to exclude as requested above.

**5. Exclusion of any Reference to Negligence or Failures or Omissions by Blue Grass Airport ("BGA"), including but not limited to, Signage, Barriers, Lighting, NOTAMS, Construction, or Anything Else that Could Lead to Consideration of Fault by the BGA**

Based on the fact that BGA has sovereign immunity herein and is not subject to suit, the PSC has moved in limine to preclude Comair or any other party to imply, suggest, or introduce any evidence of any negligence or failings of BGA, including any expert testimony, documents or reports. Relying on *Lexington Fayette Urban County Government v. Smolcic,* 142 S.W.3d 128, 136 (Ky. 1994), the PSC also asserts that since BGA is immune from suit, no apportionment of fault can be attributed to it under Kentucky. Therefore, in order to eliminate any doubt or confusion by the jury, the PSC requests the court to instruct the jury that BGA is immune from suit and that no fault can be attributed to BGA in this matter.[4]

---

[4] The following plaintiffs in the individual, related cases have also either moved in limine or joined in this motion in limine: William W. Thomason, Jr., et al., in Civil No. 5:07-cv-324-KSF [DE #2612]; Anita P. Threet in Civil No. 05:08-cv-0072-KSF [DE #2533]; William G. Demrow in 5:07-cv-00315 [DE #2533]; Kevin Winters, et al., in Civil No. 5:07-cv-127-KSF [DE #2622]; Joshua Isaac Adams in Case No. 5:07-cv-339-KSF [DE #2581]; Lois Turner in Civil No. 5:07-cv-00326-KSF [DE #2618];Jamie Herbert in Case No. 5:07-cv-320-KSF [DE #2625]; Kevin Fahey in Civil No. 5:07-cv-126-KSF [DE #2621]; Alexander O. Anderson in 5:07-cv-270-KSF [DE #2592]; Tony Byrd, et al., in Civil No. 5:06-cv-371-KSF [DE #2585]; Andrea L. Combs in Civil No. 5:07-cv-312-KSF [DE #2589]; C. Timothy Cone in Civil No. 5:07-cv-00015-KSF [DE #2613]; C. Timothy Cone in Civil No. 5:07-cv-00271-KSF [DE #2613]; Katherine Trimble in Civil No. 5:07-cv-269-KSF [DE #2595]; Valeria A. Towles in Civil No. 5:06-cv-429-KSF [DE #2594]; Edith Mallory, et al., in Civil No. 5:07-cv-124-KSF [DE #2566]; Edith Mallory, et al., in Civil No. 5:08-cv-00070-KSF [DE #2566]; First Citizens Bank of Elizabethtown, Kentucky (Nahoko Kono) in Civil No. 5:07-cv-316-KSF [DE #2572]; First Citizens Bank of Elizabethtown, Kentucky (Tetsuya Kono) in Civil No. 5:07-cv-317-KSF [DE #2574]; Kenneth A. Hunt in Civil No. 5:06-cv-400-KSF [DE #2550]; Kyra Frederick in Civil No. 5:07-cv-319-KSF [DE #2607]; Marsha Bentley Dawson in Civil No. 5:07-cv-300-KSF [DE #2593].

In response, Comair acknowledges that since the BGA is immune from suit, there can be no apportionment of fault to the BGA, as seen in *Smolcic, supra*. However, Comair notes that, contrary to the PSC's argument, *Smolcic* does not prohibit the parties from introducing evidence of the acts of omissions of an immune party and that the jury is entitled to consider such evidence so that it may consider the actions of the pilots in context rather than in a vacuum without considering the full picture. For these reasons, Comair objects to the PSC's motion in limine to the extent of the PSC's request (1) that no evidence be admitted relating to any fault or negligence by the BGA in this matter, and (2) that the court instruct the jury that the BGA is immune from suit and that no fault can be attributed to it in this matter. Comair also points out that under *Smolcic, supra,* the court may not even mention the BGA in instructing the jury on apportionment of fault.

The court is persuaded that the jury is entitled to consider evidence concerning the condition of the airport on August 26, 2007, so that it may consider the actions of the pilots in context rather than in a vacuum without considering the full picture. Comair correctly points out that *Smolcic* does not prohibit the parties from introducing evidence of the acts of omissions of an immune party. For these reasons, the court will deny the PSC's motion in limine; however, it is clear that no negligence can be apportioned to the airport.

**6. Reference to or Argument that Future Economic Losses are "Speculation" or "Pure Speculation"**

The PSC has moved in limine to prohibit Comair from presenting any argument to the jury that the plaintiffs' future economic losses are mere speculation or pure speculation.[5] As grounds

---

[5] The following plaintiffs in the individual, related cases have also either moved in limine or joined in this motion in limine: William W. Thomason, Jr., et al., in Civil No. 5:07-cv-324-KSF [DE #2612]; Anita P. Threet in Civil No. 05:08-cv-0072-KSF [DE #2533]; William G. Demrow in 5:07-cv-00315 [DE #2533]; Kevin Winters, et al., in Civil No. 5:07-cv-127-KSF [DE #2622]; Joshua Isaac Adams in Case No. 5:07-cv-339-KSF [DE #2581]; Lois Turner in Civil No. 5:07-cv-00326-KSF [DE #2618];Jamie Herbert in Case No. 5:07-cv-320-KSF [DE #2625]; Kevin Fahey in Civil No. 5:07-cv-126-KSF [DE #2621]; Alexander O. Anderson in 5:07-cv-270-KSF [DE #2592]; Tony Byrd, et al., in Civil No. 5:06-cv-371-KSF [DE #2585]; Andrea L. Combs in Civil No. 5:07-cv-312-KSF [DE #2589]; C. Timothy Cone in Civil No. 5:07-cv-00015-KSF [DE #2613]; C. Timothy Cone in Civil No. 5:07-cv-00271-KSF [DE #2613]; Katherine Trimble in Civil

6

for this motion, the PSC notes that the measure of damages in Kentucky for future economic losses is the destruction of the ability to earn money, which by definition, requires some degree of speculation about the future. The PSC observes that some elements of compensable damages do not lend themselves to exactitude and, by their very nature, are subject to some degree of uncertainty, as seen by the fact that one's future lost earnings is reflected in the loss of the capacity to labor and earn money. In short, the PSC submits that Comair should be restricted from arguing that future economic losses are speculative.

In response, Comair argues that this motion in limine is misplaced, contrary to Kentucky law, and should be denied. As grounds for this argument, Comair points out that in *W.L. Harper v. Slusher*, 469 S.W.2d 955 (Ky. 1971), the court observed that many factors may be important in considering and determining the economic loss to an estate, such as the overall health of the decedent prior to death, the type of work the decedent engaged in prior to death, the wages earned by the decedent prior to death, as well has the decedent's ability to do other work. For these reasons, Comair submits that there should not be a wholesale granting of the PSC's motion in limine at this juncture and that it should be afforded the opportunity to refer to the PSC's assertions on a case-by-case basis at trial.

Given the inherent nature of determining future economic loss to an estate in general, the court is not inclined to grant or deny on a wholesale basis the PSC's motion in limine concerning future economic losses, and the court will pass this motion to trial and consider same on a case-by-case basis.

---

No. 5:07-cv-269-KSF [DE #2595]; Valeria A. Towles in Civil No. 5:06-cv-429-KSF [DE #2594]; Edith Mallory, et al., in Civil No. 5:07-cv-124-KSF [DE #2566]; Edith Mallory, et al., in Civil No. 5:08-cv-00070-KSF [DE #2566]; First Citizens Bank of Elizabethtown, Kentucky (Nahoko Kono) in Civil No. 5:07-cv-316-KSF [DE #2572]; First Citizens Bank of Elizabethtown, Kentucky (Tetsuya Kono) in Civil No. 5:07-cv-317-KSF [DE #2574]; Kenneth A. Hunt in Civil No. 5:06-cv-400-KSF [DE #2550]; Kyra Frederick in Civil No. 5:07-cv-319-KSF [DE #2607]; Marsha Bentley Dawson in Civil No. 5:07-cv-300-KSF [DE #2593].

7

**7.      Evidence of Personal Consumption**

The PSC has moved in limine to prohibit the introduction of any evidence of personal consumption.[6]  As grounds for this motion, the PSC asserts that in determining economic loss relative to the destruction of a decedent's power to earn money, Kentucky does not permit the reduction of any award of wrongful death damages by any portion of future earnings the decedent would have consumed had he lived a normal life expectancy.  In support of this argument, the PSC relies on *Charlton v. Jacobs*, 619 S.W.2d 498 (Ky. App. 1981).

Comair objects to this motion, pointing out that while *Charlton v. Jacobs*, *supra*, is often cited for the proposition that personal consumption can not be considered in the calculation of wrongful death damages, it is not controlling authority in Kentucky on this issue, as it is a decision by a three-judge panel of the Kentucky Court of Appeals that runs contrary to earlier controlling authority decided by the Kentucky Court of Appeals when it was Kentucky's highest court and subsequently became the Kentucky Supreme Court, when the present Kentucky Court of Appeals was formed as the intermediate appellate court in Kentucky.  Comair notes that since *Charlton* has never been adopted by the Kentucky Supreme Court, and is contrary to controlling precedent from

---

[6] The following plaintiffs in the individual, related cases have also either moved in limine or joined in this motion in limine:  William W. Thomason, Jr., et al., in Civil No. 5:07-cv-324-KSF [DE #2612]; Anita P. Threet in Civil No. 05:08-cv-0072-KSF [DE #2533]; William G. Demrow in 5:07-cv-00315 [DE #2533]; Kevin Winters, et al., in Civil No. 5:07-cv-127-KSF [DE #2622]; Joshua Isaac Adams in Case No. 5:07-cv-339-KSF [DE #2581]; Lois Turner in Civil No. 5:07-cv-00326-KSF [DE #2618];Jamie Herbert in Case No. 5:07-cv-320-KSF [DE #2625]; Kevin Fahey in Civil No. 5:07-cv-126-KSF [DE #2621]; Alexander O. Anderson in 5:07-cv-270-KSF [DE #2592]; Tony Byrd, et al., in Civil No. 5:06-cv-371-KSF [DE #2585]; Andrea L. Combs in Civil No. 5:07-cv-312-KSF [DE #2589]; C. Timothy Cone in Civil No. 5:07-cv-00015-KSF [DE #2613]; C. Timothy Cone in Civil No. 5:07-cv-00271-KSF [DE #2613]; Katherine Trimble in Civil No. 5:07-cv-269-KSF [DE #2595]; Valeria A. Towles in Civil No. 5:06-cv-429-KSF [DE #2594]; Edith Mallory, et al., in Civil No. 5:07-cv-124-KSF [DE #2566]; Edith Mallory, et al., in Civil No. 5:08-cv-00070-KSF [DE #2566]; First Citizens Bank of Elizabethtown, Kentucky (Nahoko Kono) in Civil No. 5:07-cv-316-KSF [DE #2572]; First Citizens Bank of Elizabethtown, Kentucky (Tetsuya Kono) in Civil No. 5:07-cv-317-KSF [DE #2574]; Kenneth A. Hunt in Civil No. 5:06-cv-400-KSF [DE #2550]; Kyra Frederick in Civil No. 5:07-cv-319-KSF [DE #2607]; Marsha Bentley Dawson in Civil No. 5:07-cv-300-KSF [DE #2593].

the highest court in Kentucky, and since it is only a decision by a three-judge panel of the intermediate appellate court in Kentucky, it is not controlling law in Kentucky.

Regardless of Comair's objection to this motion in limine and irrespective of whether *Charlton* is controlling law in Kentucky, since the court has already decided to follow the holding in the *Paducah Area Public Library* case concerning the "total offset" method, as stated previously herein, to be consistent with that decision, the court will also grant the PSC's motion in limine to prohibit the introduction of any evidence of personal consumption.

8.  **Reference to or Evidence of Comair's Prior Bankruptcy Filing**

Pursuant to FRE 401, 402, and 403, the PSC has moved in limine to exclude any reference to Comair's prior bankruptcy from which is has now emerged, on the grounds that Comair's prior bankruptcy proceeding is irrelevant to any determination of whether Comair was negligent or grossly negligent on August 27, 2006.[7]

In response, Comair agrees with the PSC that any reference to or evidence of its prior bankruptcy proceeding should be excluded as irrelevant. Comair also requests an order on a much broader scale to exclude any reference at all to its complete financial status, as it is also irrelevant to this litigation.

---

[7] The following plaintiffs in the individual, related cases have also either moved in limine or joined in this motion in limine: William W. Thomason, Jr., et al., in Civil No. 5:07-cv-324-KSF [DE #2612]; Anita P. Threet in Civil No. 05:08-cv-0072-KSF [DE #2533]; William G. Demrow in 5:07-cv-00315 [DE #2533]; Kevin Winters, et al., in Civil No. 5:07-cv-127-KSF [DE #2622]; Joshua Isaac Adams in Case No. 5:07-cv-339-KSF [DE #2581]; Lois Turner in Civil No. 5:07-cv-00326-KSF [DE #2618];Jamie Herbert in Case No. 5:07-cv-320-KSF [DE #2625]; Kevin Fahey in Civil No. 5:07-cv-126-KSF [DE #2621]; Alexander O. Anderson in 5:07-cv-270-KSF [DE #2592]; Tony Byrd, et al., in Civil No. 5:06-cv-371-KSF [DE #2585]; Andrea L. Combs in Civil No. 5:07-cv-312-KSF [DE #2589]; C. Timothy Cone in Civil No. 5:07-cv-00015-KSF [DE #2613]; C. Timothy Cone in Civil No. 5:07-cv-00271-KSF [DE #2613]; Katherine Trimble in Civil No. 5:07-cv-269-KSF [DE #2595]; Valeria A. Towles in Civil No. 5:06-cv-429-KSF [DE #2594]; Edith Mallory, et al., in Civil No. 5:07-cv-124-KSF [DE #2566]; Edith Mallory, et al., in Civil No. 5:08-cv-00070-KSF [DE #2566]; First Citizens Bank of Elizabethtown, Kentucky (Nahoko Kono) in Civil No. 5:07-cv-316-KSF [DE #2572]; First Citizens Bank of Elizabethtown, Kentucky (Tetsuya Kono) in Civil No. 5:07-cv-317-KSF [DE #2574]; Kenneth A. Hunt in Civil No. 5:06-cv-400-KSF [DE #2550]; Kyra Frederick in Civil No. 5:07-cv-319-KSF [DE #2607]; Marsha Bentley Dawson in Civil No. 5:07-cv-300-KSF [DE #2593].

The PSC's motion in limine will be granted, as well as Comair's request to broaden the scope of this ruling also to exclude any reference to its complete financial status.

**9.    Testimony by Dr. James Raddin That Plaintiffs' Autopsies Are Incomplete**

The PSC has moved in limine to prohibit any testimony from Dr. James Raddin concerning his opinion that the plaintiffs' autopsies were incomplete.[8]  This motion will be addressed in a separate Opinion and Order.

**10.    Evidence or Testimony Regarding the Need for Tissue Samples**

The PSC has moved in limine to preclude Comair from offering any testimony concerning the need for tissue samples from the victims in the crash of Flight No. 5191.[9]  As grounds for this

---

[8] The following plaintiffs in the individual, related cases have also either moved in limine or joined in this motion in limine:  William W. Thomason, Jr., et al., in Civil No. 5:07-cv-324-KSF [DE #2612]; Anita P. Threet in Civil No. 05:08-cv-0072-KSF [DE #2533]; William G. Demrow in 5:07-cv-00315 [DE #2533]; Kevin Winters, et al., in Civil No. 5:07-cv-127-KSF [DE #2622]; Joshua Isaac Adams in Case No. 5:07-cv-339-KSF [DE #2581]; Lois Turner in Civil No. 5:07-cv-00326-KSF [DE #2618];Jamie Herbert in Case No. 5:07-cv-320-KSF [DE #2625]; Kevin Fahey in Civil No. 5:07-cv-126-KSF [DE #2621]; Alexander O. Anderson in 5:07-cv-270-KSF [DE #2592]; Tony Byrd, et al., in Civil No. 5:06-cv-371-KSF [DE #2585]; Andrea L. Combs in Civil No. 5:07-cv-312-KSF [DE #2589]; C. Timothy Cone in Civil No. 5:07-cv-00015-KSF [DE #2613]; C. Timothy Cone in Civil No. 5:07-cv-00271-KSF [DE #2613]; Katherine Trimble in Civil No. 5:07-cv-269-KSF [DE #2595]; Valeria A. Towles in Civil No. 5:06-cv-429-KSF [DE #2594]; Edith Mallory, et al., in Civil No. 5:07-cv-124-KSF [DE #2566]; Edith Mallory, et al., in Civil No. 5:08-cv-00070-KSF [DE #2566]; First Citizens Bank of Elizabethtown, Kentucky (Nahoko Kono) in Civil No. 5:07-cv-316-KSF [DE #2572]; First Citizens Bank of Elizabethtown, Kentucky (Tetsuya Kono) in Civil No. 5:07-cv-317-KSF [DE #2574]; Kenneth A. Hunt in Civil No. 5:06-cv-400-KSF [DE #2550]; Kyra Frederick in Civil No. 5:07-cv-319-KSF [DE #2607]; Marsha Bentley Dawson in Civil No. 5:07-cv-300-KSF [DE #2593].

[9] The following plaintiffs in the individual, related cases have also either moved in limine or joined in this motion in limine:  William W. Thomason, Jr., et al., in Civil No. 5:07-cv-324-KSF [DE #2612]; Anita P. Threet in Civil No. 05:08-cv-0072-KSF [DE #2533]; William G. Demrow in 5:07-cv-00315 [DE #2533]; Kevin Winters, et al., in Civil No. 5:07-cv-127-KSF [DE #2622]; Joshua Isaac Adams in Case No. 5:07-cv-339-KSF [DE #2581]; Lois Turner in Civil No. 5:07-cv-00326-KSF [DE #2618];Jamie Herbert in Case No. 5:07-cv-320-KSF [DE #2625]; Kevin Fahey in Civil No. 5:07-cv-126-KSF [DE #2621]; Alexander O. Anderson in 5:07-cv-270-KSF [DE #2592]; Tony Byrd, et al., in Civil No. 5:06-cv-371-KSF [DE #2585]; Andrea L. Combs in Civil No. 5:07-cv-312-KSF [DE #2589]; C. Timothy Cone in Civil No. 5:07-cv-00015-KSF [DE #2613]; C. Timothy Cone in Civil No. 5:07-cv-00271-KSF [DE #2613]; Katherine Trimble in Civil No. 5:07-cv-269-KSF [DE #2595]; Valeria A. Towles in Civil No. 5:06-cv-429-KSF [DE #2594]; Edith Mallory, et al., in Civil No. 5:07-cv-124-KSF [DE #2566]; Edith Mallory, et al., in Civil No. 5:08-cv-00070-KSF [DE #2566]; First Citizens Bank of Elizabethtown, Kentucky (Nahoko Kono)

motion, the PSC argues that since Comair did not conduct the inspection of stock tissue samples by the June 10, 2008 deadline established by the court, Comair should be precluded from asserting at trial the need for any tissue samples in order to determine any pain and suffering.

Comair did not object or otherwise respond to this motion. The court will grant this motion in limine concerning the need for tissue samples.

**11.    Limitation of Testimony of State Medical Examiner and Pathologists**

This motion in limine will be addressed in a separate Opinion and Order.

**12.    Reference to $25,000 Payments or Other Services Offered by Comair to Families of Victims**

The PSC has moved in limine to prohibit Comair from making any reference at trial to the payments of $25,000 and other services it offered to and paid the families of the victims of the crash.[10] The PSC notes that pursuant to the Aviation Disaster Family Assistance Act of 1996 (ADFAA), Comair is required to provide these types of payments, services, and assistance to the families of the victims in the airplane crash and that it would be unfairly prejudicial under FRE 403

---

in Civil No. 5:07-cv-316-KSF [DE #2572]; First Citizens Bank of Elizabethtown, Kentucky (Tetsuya Kono) in Civil No. 5:07-cv-317-KSF [DE #2574]; Kenneth A. Hunt in Civil No. 5:06-cv-400-KSF [DE #2550]; Kyra Frederick in Civil No. 5:07-cv-319-KSF [DE #2607]; Marsha Bentley Dawson in Civil No. 5:07-cv-300-KSF [DE #2593].

[10] The following plaintiffs in the individual, related cases have also either moved in limine or joined in this motion in limine: William W. Thomason, Jr., et al., in Civil No. 5:07-cv-324-KSF [DE #2612]; Anita P. Threet in Civil No. 05:08-cv-0072-KSF [DE #2533]; William G. Demrow in 5:07-cv-00315 [DE #2533]; Kevin Winters, et al., in Civil No. 5:07-cv-127-KSF [DE #2622]; Joshua Isaac Adams in Case No. 5:07-cv-339-KSF [DE #2581]; Lois Turner in Civil No. 5:07-cv-00326-KSF [DE #2618];Jamie Herbert in Case No. 5:07-cv-320-KSF [DE #2625]; Kevin Fahey in Civil No. 5:07-cv-126-KSF [DE #2621]; Alexander O. Anderson in 5:07-cv-270-KSF [DE #2592]; Tony Byrd, et al., in Civil No. 5:06-cv-371-KSF [DE #2585]; Andrea L. Combs in Civil No. 5:07-cv-312-KSF [DE #2589]; C. Timothy Cone in Civil No. 5:07-cv-00015-KSF [DE #2613]; C. Timothy Cone in Civil No. 5:07-cv-00271-KSF [DE #2613]; Katherine Trimble in Civil No. 5:07-cv-269-KSF [DE #2595]; Valeria A. Towles in Civil No. 5:06-cv-429-KSF [DE #2594]; Edith Mallory, et al., in Civil No. 5:07-cv-124-KSF [DE #2566]; Edith Mallory, et al., in Civil No. 5:08-cv-00070-KSF [DE #2566]; First Citizens Bank of Elizabethtown, Kentucky (Nahoko Kono) in Civil No. 5:07-cv-316-KSF [DE #2572]; First Citizens Bank of Elizabethtown, Kentucky (Tetsuya Kono) in Civil No. 5:07-cv-317-KSF [DE #2574]; Kenneth A. Hunt in Civil No. 5:06-cv-400-KSF [DE #2550]; Kyra Frederick in Civil No. 5:07-cv-319-KSF [DE #2607]; Marsha Bentley Dawson in Civil No. 5:07-cv-300-KSF [DE #2593].

for Comair to make reference to its provision of these services that it is required by law to provide. Additionally, the PSC points out that Comair's provision of these services is irrelevant to the issues of causation or damages in this action.

In response, Comair agrees with the PSC that any evidence of or reference to the payments it made to the families of the victims, pursuant to the ADFAA should be excluded from the trial. However, Comair notes that certain payments it made represent amounts that would ordinarily be recoverable in a wrongful death action; therefore, it should be given credit in the damages award calculation for any amounts paid to or on behalf of the plaintiffs pursuant to the ADFAA that plaintiffs would otherwise be entitled to be awarded herein. In lieu of proving these matters at trial, Comair suggests that the court establish a post-trial procedure to prove and to enforce said payments and credits.

The court will grant the PSC's motion in limine and will establish a post-trial procedure to establish the credits to which Comair is entitled for payments it made to the plaintiffs' families pursuant to the ADFAA.

**13.  Reference to ASAP Reports Filed After the Crash of Flight No. 5191**

The PSC has moved in limine to prohibit Comair from making any reference to or offering evidence of any ASAP reports filed by its pilots shortly after the crash of Flight No. 5191 alleging confusion, "bad lighting," and "black holes" at the airport.[11]  As grounds for this motion, the PSC

---

[11] The following plaintiffs in the individual, related cases have also either moved in limine or joined in this motion in limine:  William W. Thomason, Jr., et al., in Civil No. 5:07-cv-324-KSF [DE #2612]; Anita P. Threet in Civil No. 05:08-cv-0072-KSF [DE #2533]; William G. Demrow in 5:07-cv-00315 [DE #2533]; Kevin Winters, et al., in Civil No. 5:07-cv-127-KSF [DE #2622]; Joshua Isaac Adams in Case No. 5:07-cv-339-KSF [DE #2581]; Lois Turner in Civil No. 5:07-cv-00326-KSF [DE #2618];Jamie Herbert in Case No. 5:07-cv-320-KSF [DE #2625]; Kevin Fahey in Civil No. 5:07-cv-126-KSF [DE #2621]; Alexander O. Anderson in 5:07-cv-270-KSF [DE #2592]; Tony Byrd, et al., in Civil No. 5:06-cv-371-KSF [DE #2585]; Andrea L. Combs in Civil No. 5:07-cv-312-KSF [DE #2589]; C. Timothy Cone in Civil No. 5:07-cv-00015-KSF [DE #2613]; C. Timothy Cone in Civil No. 5:07-cv-00271-KSF [DE #2613]; Katherine Trimble in Civil No. 5:07-cv-269-KSF [DE #2595]; Valeria A. Towles in Civil No. 5:06-cv-429-KSF [DE #2594]; Edith Mallory, et al., in Civil No. 5:07-cv-124-KSF [DE #2566]; Edith Mallory, et al., in Civil No. 5:08-cv-00070-KSF [DE #2566]; First Citizens Bank of Elizabethtown, Kentucky (Nahoko Kono)

submits that such ASAP reports are irrelevant to what happened on the morning of August 27, 2006, that they are of limited probative value, and unduly prejudicial to the plaintiffs, especially since the airport is immune from liability. For these reasons, the PSC contends that any ASAP reports filed after the morning of August 27, 2006, regarding the conditions at the airport should be excluded and that no reference to them should be allowed.

Comair agrees with the PSC's motion and requests the court to broaden the scope of this exclusion to include *all* ASAP reports filed on behalf of Comair.

The court will grant the motion of the PSC and will pass the motion of Comair to trial.

## II. CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

A. The motion of the Plaintiffs' Steering Committee and certain other plaintiffs to exclude all reference of collateral source payments and benefits [DE #2688] is **GRANTED**;

B. The motion of the Plaintiffs' Steering Committee and certain other plaintiffs to exclude all reference to the tax consequences of a damages award [DE #2688] is **GRANTED**;

C. The motion of the Plaintiffs' Steering Committee and certain other plaintiffs to exclude all reference or argument by Comair regarding the state of mind of the pilots of Flight No. 5191 and/or whether they intended to harm themselves or others [DE #2688] is **GRANTED**;

D. The motion of the Plaintiffs' Steering Committee and certain other plaintiffs to exclude reference to negligence or failures or omissions by the Blue Grass Airport

---

in Civil No. 5:07-cv-316-KSF [DE #2572]; First Citizens Bank of Elizabethtown, Kentucky (Tetsuya Kono) in Civil No. 5:07-cv-317-KSF [DE #2574]; Kenneth A. Hunt in Civil No. 5:06-cv-400-KSF [DE #2550]; Kyra Frederick in Civil No. 5:07-cv-319-KSF [DE #2607]; Marsha Bentley Dawson in Civil No. 5:07-cv-300-KSF [DE #2593].

on August 27, 2006 [DE #2688] is **DENIED**; the jury is entitled to consider the condition of the airport, but no negligence can be apportioned to the airport.

E. The motion of the Plaintiffs' Steering Committee and certain other plaintiffs to prohibit Comair from making any reference to or argument that plaintiffs' future economic losses are speculative [DE #2688] is **PASSED** to trial and will be considered on an individual, case-by-case basis;

F. The motion of the Plaintiffs' Steering Committee and certain other plaintiffs to exclude any evidence of personal consumption [DE #2688] is **GRANTED**;

G. The motion of the Plaintiffs' Steering Committee and certain other plaintiffs to exclude all reference or evidence of Comair's prior bankruptcy proceeding [DE #2688] is **GRANTED**.  Additionally, Comair's request to broaden the scope of this ruling also to exclude any reference to its complete financial status is **GRANTED**;

H. The motion of the Plaintiffs' Steering Committee and certain other plaintiffs to prohibit any testimony by Dr. James Raddin that plaintiffs' autopsies are incomplete [DE #2688] is **PASSED** to be addressed by separate Opinion and Order;

I. The motion of the Plaintiffs' Steering Committee and certain other plaintiffs to preclude Comair from offering any testimony concerning the need for tissue samples from the victims of Flight No. 5191 [DE #2688] is **GRANTED**;

J. The motion of the Plaintiffs' Steering Committee and certain other plaintiffs to prohibit Comair from making any reference to the payments of $25,000 and other benefits and services it provided pursuant to the ADFAA [DE #2688] is **GRANTED**;

K. The motion of the Plaintiffs' Steering Committee and certain other plaintiffs to exclude all reference or evidence concerning ASAP reports filed after the crash of Flight No. 5191 [DE #2688] is **GRANTED**; Comair's request to broaden the scope

of this ruling to include *all* ASAP reports, both before and after the crash of Flight No. 5191, is **PASSED** to be considered at trial.

This July 17, 2008.

Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**