UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

**CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF**

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:  ALL CASES

### OPINION AND ORDER

This matter is before the Court on a motion *in limine* by Comair, Inc., Comair Services, Inc., Comair Holdings, LLC, and Delta Air Lines, Inc. ("Comair") to exclude the reading or use of videotaped deposition testimony of former and current Comair employees who will testify live at trial.  Plaintiffs and the United States having objected to the motion, and Comair having replied, this matter is ripe for consideration.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Comair moves *in limine* to preclude Plaintiffs and the United States from using the videotaped depositions of Comair former and current employees during the parties' case in chief when Comair has agreed to use its best efforts to produce the witnesses to testify live at trial. Comair acknowledges that the videotaped depositions can be used for impeachment and further agrees that David Soaper, Senior Vice President of Aircraft Operations; Brian Emmett, Director of Flight Training; and Mark Berner, Director of Corporate Safety, are "officers, directors or managing agents" of Comair whose deposition may be used for any purpose under Fed. R. Civ. P. 32(a)(3). Comair says it thought there was an agreement that Comair would produce all current or former employees live, and Comair requested seven days advance notice of when the witness would be called to testify.  However, Plaintiffs and the United States designated portions of depositions and stated their intention to use them in their cases in chief.

Comair opposes any use of video depositions in lieu of live testimony unless the requirements of Rule 32 and the Federal Rules of Evidence are met. It relies heavily on *Young & Associates Public Relations, LLC v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 524 (D. Utah 2003), where the court refused to allow the use of deposition testimony for persons that Delta agreed to produce live and further agreed with Delta that the "managing agent" and "100 mile" exceptions did not apply. Comair claims that most of the witnesses are not "managing agents" under Sixth Circuit standards. Since Comair anticipated live testimony and did not cross examine the witnesses during the depositions, it also claims prejudice if segments of the depositions are presented in lieu of live testimony. Finally, Comair claims that use of the depositions in addition to live testimony would "unduly prolong the trial with duplicative and cumulative testimony." [DE 3089, p. 8].

With respect to Comair witness Alan Dean, it claims that it did not object to any deposition designations because it anticipated producing the witness live. Additionally, Mr. Dean was designated as a 30(b)(6) witness on the ASAP issue and was deposed both as an employee and as a 30(b)(6) witness at the same time. Comair now seeks leave to file belated objections to the deposition designations.

Plaintiffs respond that they carefully examined all testimony in an effort to "greatly streamline" their case in chief and may need from these witnesses only a few minutes of videotape on particular issues to present their case in chief. They argue they are entitled to use deposition testimony of Comair witness under certain circumstances and that "Comair should not be allowed to undermine that right and thereby substantially compromise Plaintiffs' presentation of their case-in-chief." [DE 3144, p. 2]. They further argue that Comair "should not be allowed to require Plaintiffs to unnecessarily prolong or complicate their case" with extensive cross examination of live witnesses. *Id.* at 3. Plaintiffs assert that they never agreed to forego use of deposition testimony and, in fact, never received any response to their inquiry on whether witnesses would be produced live. Plaintiffs rely on the same Sixth Circuit standards as Comair for determining whether a

2

witness is a "managing agent," but reach a different result.  In addition to Soaper, Emmett, and Berner, Plaintiffs argue that Gregg Holthus, Manager of Flight Standards, and Richard Marcotte, Manager of Regulatory Compliance, are managing agents.  Plaintiffs further note that a number of the witnesses reside more than one hundred miles from Lexington and may not agree with Comair's "expectation" that they appear live at trial.  Plaintiffs mention eleven witnesses who have left Comair and relocated beyond the subpoena power of the court:  Donald Bornhorst, Fred Buttrell, Chris Belanger, Sharon Jones, Paul McClaskey, Thomas Monforte, Michael Piper, Courtney Schulker, and Paul Vislosky.  They urge that the Court should not rule out the use of these depositions.

The United States responds that it designated the deposition testimony of twenty-eight present or former Comair employees and supplemented that filing with designations of two employees deposed subsequently.  It argues this testimony is admissible, regardless of whether the witnesses are available at trial, pursuant to the exception for managing agents.  Relying on *Black v. United Parcel Service, Inc.*, 797 F.2d 290 (6th Cir. 1986), where a UPS "preloading manager" was determined to be a managing agent, the United States claims that the following individuals are also managing agents of Comair:   Steve Briner, Chief Pilot; Scott Crowley, Duty Manager, Comair System Operation Control Center; Alan Dean, Manager, Flight Safety; Ashley Groves, Senior Manager Corporate Safety; Eric Hinz, CRJ50 Program Manager; Gregg Holthus, Manager Flight Standards; Richard Marcotte, Manager Regulatory Compliance; Larry W. Neal, Manager Flight Training; and Captain Brian Schimp, Fleet Manager. Accordingly, the United States claims the depositions of these individuals are admissible, even if they are present at trial.  The United States further claims that admissions by a party-opponent may be utilized under Fed. R. Evid. 801d)(2) without regard to their availability.  Finally, it asserts that the depositions of certain witnesses may be used for impeachment.  [DE 3140].

Comair replies first that a person must be a managing agent "when deposed" under Rule 32(a)(3). Accordingly, it argues that the deposition testimony of such individuals as Don Bornhorst, former CEO of Comair and Senior Vice President of Delta Connection, Inc. at the time of his deposition, cannot be used under the managing agent exception. It argues that depositions of all of the following former employees are inadmissible for the same reason: Miguel Vivanco, Sharon Jones, Thomas Monforte, Paul McClaskey, Paul Vislosky, Chris Belanger, Courtney Schulker, Mike Piper, and Fred Buttrell. [DE 3181, p. 4]. Additionally, Comair argues that witnesses other than Soaper, Emmett, and Berner do not satisfy the requirements for a managing agent. Comair cites *Brandon v. Art Centre Hosp. (Osteopathic)*, 366 F.2d 369, 372 (6th Cir. 1996), but relies primarily on the Utah District Court decision in *Young & Associates Public Relations, LLC v. Delta Air Lines, Inc.*, 216 F.R.D. 521 (D. Utah 2003), in which the court focused on whether the witnesses "were required to seek higher approval for decisions of substance in regard to general operations of the corporation." *Id.* at 524. Comair then discusses why it believes most of the deposed current or former employees are not managing agents. [DE 3181, pp. 10-17; DE 3190, pp. 7-11].

Next, Comair argues that the provisions of Rule 32(a)(4)(B) regarding the unavailability of witnesses more than 100 miles from the trial do not apply because Comair's corporate headquarters is within 100 miles from Lexington and the place of employment of a witness should be considered. Alternatively, Comair relies on a district court opinion from Iowa, *Niver v. Travelers Indemnity Co. of Ill.*, 430 F. Supp.2d 852, 866 (N.D. Iowa 2006), that the 100-mile exception does not apply when the witness will actually be present in court during the trial. Finally, Comair argues that depositions containing admissions cannot be used in a case-in-chief unless the requirements of Rule 32 are met, citing *Shanklin v. Norfolk S. Ry. Co.,* 369 F.3d 978 (6th Cir. 2004).

4

**II.    ANALYSIS**

"The party seeking to admit a deposition at trial must prove that the requirements of Rule 32(a) have been met." *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990). Whether to allow use of a deposition at trial is within the discretion of the trial court. *Id.*; *Heights Driving School, Inc. v. Top Driver, Inc.*, 51 Fed. Appx. 932, 940 (6th Cir. 2002) ("Even under Rule 32, however, 'the admission of deposition testimony still remains subject to the sound discretion of the trial court....'"); 2 ATLA's Litigating Tort Cases § 18:43 ("[A] trial court is not obligated to allow a plaintiff to present a witness's videotaped testimony instead of live testimony, absent a showing why the witness is unavailable to present live testimony").

"The restrictions imposed by Rule 32 make it clear that the federal rules have not changed the long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." Wright and Miller, 8A <u>Federal Practice & Procedure</u> § 2142. This Court has carefully considered the arguments of the parties and is of the opinion, based on the Court's experience, that testimony should be presented live whenever possible. In this case, credibility of the witnesses is an important issue, and it is the Court's opinion that live testimony will be more helpful to the jury in assessing that credibility than a videotape deposition.

A blanket order prohibiting the use of video depositions in the case-in-chief by Plaintiffs or the United States would not be appropriate, as the parties may be able to demonstrate that the requirements of Rule 32 and the Federal Rules of Evidence are met for a particular witness. The Court agrees that, if Comair makes a witness available at the date and time requested by Plaintiffs or the United States, that witness is not "unavailable" within the meaning of Rule 32(a)(4). *See Young & Associates Public Relations v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 524 (D. Utah 2003); *Mazloum v. District of Columbia Metro. Police Dept.*, 248 F.R.D. 725 (D.D.C. 2008). The Court does not agree that all employees "work" within 100 miles of Lexington simply because Comair's

5

headquarters is located within 100 miles of Lexington. It is the Court's impression that all crew members are not "stationed" or "based" at Comair's headquarters. The individual situations may need to be considered.

Comair has requested seven days advance notice of the need for one of its current or former employees as a witness and mentions, in particular, the need to schedule coverage for active pilots who may be called. The Court is of the opinion that Comair should be able to make necessary arrangements for substitute coverage for its active pilots and for their appearance in court with three calendar days advance notice from Plaintiffs or the United States. With respect to all other current or former Comair employees, overnight notice should be sufficient. If the witness lives and works a substantial distance from Kentucky, twenty-four hours notice may be necessary to allow for travel.

The Court agrees that videotaped depositions may be used for purposes of impeachment, but only after the witness has testified. The parties cannot presume the witness will testify in a manner contrary to a deposition.

On the issue of who is a "managing agent," the Court will follow the suggested criteria in *Brandon v. Art Centre Hospital (Osteopathic),* 366 F.2d 369 (6th Cir. 1966):

A managing agent of a corporation ... is any person who:

1. Acts with superior authority and is invested with general powers to exercise his judgment and discretion in dealing with his principal's affairs (as distinguished from a common employee, who does only what he is told to do; has no discretion about what he can or cannot do; and is responsible to an immediate superior who has control over his acts);

2. Can be depended upon to carry out his principal's directions to give testimony at the demand of a party engaged in litigation with his principals; and

3. Can be expected to identify himself with the interests of his principal rather than those of the other party.

*Id.* at 372., quoting *Newark Ins. Co. v. Sartain*, 20 F.R.D. 583, 586 (D.C. Cal. 1957).

The Court is of the opinion that Comair's interpretation of managing agent limiting its applicability to three individuals, Soaper, Emmett and Berner, may be overly narrow. For example, Comair argues that Gregg Holthus was not a "managing agent" because "he did not have the high level of independent authority that is essential to being a managing agent." [DE 3181, pp. 12-13]. Yet, Mr. Holthus was the Manager of Flight Standards at Comair and his responsibilities included supervising the line check airmen in recurrent training, analyzing safety trends and providing research support and recommendations to the Director of Operations. Steve Briner is the System Chief Pilot at Comair and is responsible for overseeing the performance of chief pilots, as well as meeting with ALPA representatives on a monthly basis. He has supervisory authority over line pilots and is responsible for carrying out Comair policies relating to aircraft operations. Yet, Comair claims Briner is not a managing agent because he reports to the Director of Operations and "is not the final authority with respect to ensuring that chief pilots carry out their duties." [DE 3181, p. 16]. Neither of these individuals appear to do only what they are told with no discretion. In the context of trial, these individual issues can be determined more appropriately. Accordingly, the Court will not make any final determination on who is a managing agent at this time.

With respect to Mr. Dean who testified, at least in part, as a Rule 30(b)(6) witness, Comair chose not to object to any deposition designations, even though the deposition of a Rule 30(b)(6) witness may be used for any purpose under Rule 32(a)(3). It is too late to do so now.

### III. CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

A. Comair's motion to exclude the use of videotaped deposition testimony of former and current Comair employees who are available at trial to testify live as part of the case-in-chief [DE 3089] is **GRANTED IN PART** to the extent that the Court exercises its discretion in favor of the use of live testimony to the extent possible.

7

B. The motion is **DENIED IN PART** to the extent that a party may use a videotaped deposition (1) if the witness meets the requirements of Rule 32 and the testimony meets the requirements of the Federal Rules of Evidence; or (2) for purposes of impeachment.

C. Comair's request, as part of its motion to exclude, for seven days advance notice to produce its current or former employees at trial is **DENIED**; Plaintiffs or the United States shall give Comair three calendar days advance notice for active pilots and only overnight notice for other employees, unless 24 hour notice is necessary for travel.

D. The Court will determine at trial whether a prospective witness is a managing agent in accordance with the Sixth Circuit guidelines.

This July 30, 2008.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge