UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:  ALL CASES

## OPINION AND ORDER

This matter is before the Court on a motion by Comair, Inc., Comair Services, Inc.,  and Comair Holdings, LLC ("Comair") to strike all or portions of the testimony and exhibits relating to the deposition of Captain David Robles, motion for an emergency hearing regarding same, and motion to serve subpoena *duces tecum* on Robles and take his trial preservation deposition.  This matter having been fully briefed, it is ripe for consideration.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 13, 2008, Plaintiffs deposed Comair Captain David Robles ("Robles"), who has served as the Comair pilots elected representative of the Air Line Pilots Association ("ALPA") since joining Comair in 1998.  He has been Chairman of the Central Air Safety Committee ("CSAC") since 2005.  Robles is a certified flight instructor and holds an Airline Transport Pilot license. During his deposition, Robles said he had communicated a number of safety concerns to Comair management and, prior to the crash of Flight 5191, had predicted that problems such as sterile cockpit violations and runway incursions would lead to a crash and loss of life.  Comair disagrees that these concerns were communicated to management.

Comair seeks to strike Robles' testimony on a number of grounds.  First, Comair notes that Captain Robles was not designated as an expert witness, yet he expresses opinions that require technical or other specialized knowledge.  Second, Comair argues that Robles lacks the  personal knowledge to testify on a number of matters discussed during his deposition.  Third, Comair claims

Captain Robles made several comments regarding subsequent remedial measures in violation of Federal Rule of Evidence ("FRE") 407.  Fourth, despite acknowledging this Court's ruling that Comair's National Transportation Safety Board ("NTSB") submission is admissible [DE 3167], Comair argues that Robles comments regarding that submission are inadmissible.  Fifth, Comair contends that Robles' testimony and exhibits are "laden with hearsay and hearsay within hearsay" such that they should be inadmissible under FRE 802.  Finally, Comair argues that all of Robles' testimony should be excluded under FRE 403 as there "is substantial risk the jury will give Robles' testimony preemptive weight and thereby cause Comair to suffer extreme prejudice at trial." Specific testimony and exhibits are challenged in Comair's brief under each of these arguments.

Plaintiffs respond that Comair's motion to strike the testimony of Captain Robles is untimely and improper in that it was filed forty-two days after the deposition and on the eve of trial.[1]  It is also long after the deadline for motions in limine.[2]  Plaintiffs note they have designated only portions of Captain Robles' testimony, yet Comair moves to strike all of it.  Plaintiffs argue that Captain Robles is hardly a "lay" witness in light of his experience as a pilot for Comair and his work on safety issues at Comair.  In fact, they argue that he meets the requirements for FRE 702 expert testimony.  In support, Plaintiffs note that most of Comair's listed experts are Comair pilots.  They further note that Robles testified on his concerns regarding cockpit safety and his efforts to address those concerns from personal knowledge.  Regarding the letter that Robles testified he delivered to Captain Piper, Plaintiffs argue they have met their burden of showing delivery and it is Comair's burden to show the contrary.

---

[1]  Comair's sealed motions and memorandum were not filed with the Clerk until after the close of business on Friday, July 25, and trial begins Monday, August 4, 2008.

[2]  The Court notes that Comair timely sought an extension of time to file motions in limine for four witnesses who had not yet been deposed [DE 2551].  Captain Robles was not included in that motion.

Plaintiffs further argue that FRE 407 does not preclude evidence of Comair's interest in three safety measures, LOSA, FOQA and SMS.  First, Plaintiffs say that Robles' testimony does not touch on any measures actually taken by Comair and is, thereby, outside the scope of Rule 407.  Instead, the testimony concerns discussions between ALPA and Comair concerning potential implementation of these safety programs before and after the crash.  Alternatively, Plaintiffs argue that the evidence is admissible for other purposes, such as to rebut a claim that the programs were not feasible or for impeachment.  Lastly, Plaintiffs argue that the evidence regarding safety programs is highly probative to show "there were problems within the Comair management in terms of listening to safety recommendations, and that management put profits ahead of safety."  [DE 3214, p. 9].  They further claim it is admissible in response to the testimony of Comair's senior management that Comair had a high commitment to flight safety and to correct factual inaccuracies in Comair's submission to the NTSB.  Plaintiffs conclude their brief with a discussion of the admissibility of Exhibits 736, 737, 738, 739, 740, and 741 and testimony regarding the firing of a pilot and Hotline communications.

Comair's combined reply notes that Captain Robles was never designated as an expert and admits he is not an expert in situational awareness or safety culture.  Comair argues that Robles fails to satisfy any of the requirements of FRE 701 and that his opinions all require specialized knowledge that is outside the common knowledge of jurors.  Regarding the proposed safety measures, Comair replies that evidence that Comair was interested in implementing these procedures after the crash is prohibited evidence of subsequent remedial measures under FRE 407.

II.     **ANALYSIS**

     A.     **Deposition Testimony of Captain Robles**

This Court discussed in its Opinion and Order of July 30 [DE 3221] its preference for live testimony, particularly, as here, where credibility is such a critical issue. (Slip Opinion p. 5).

Accordingly, if Plaintiffs intend to use Captain Robles as a witness, his testimony at trial must be live and in person. Comair's motion to strike all of Captain Robles' deposition testimony is overly broad and will be denied. His deposition may be used in accordance with the rules relating to any live witness; for example, for purposes of impeachment.

**B.      Expert Testimony by Captain Robles**

Plaintiffs did not designate Captain Robles as an expert witness and the deadline for doing so is long past. Accordingly, Captain Robles may not testify as an expert under FRE 702.

**C.      Opinion Testimony by Captain Robles**

Pursuant to Rule 701, a lay witness may only testify to:

> those opinions or inference which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FRE 701; *JGR, Inc. v. Thomasville Furniture Industries, Inc.*, 370 F.3d 519, 525 (6th Cir. 2004). In *United States v. White*, 492 F.3d 380 (6th Cir. 2007), the court discussed the distinction between expert and lay opinions and quoted with approval *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005), where the court observed that "a lay opinion must be the product of reasoning processes familiar to the average person in everyday life." *White*, 492 F.3d at 402. In *White*, the court held that the various Medicare auditors could testify based on their personal knowledge of facts relevant to the case, but it was error to allow them to testify and "to apply knowledge and familiarity ... well beyond that of the average lay person." *Id.* at 403. Plaintiffs are cautioned that Captain Robles' testimony must satisfy the requirements of FRE 701.

**D.      Exhibits**

The Court is not able to address all of the last-minute objections to exhibits or to specific topics of Captain Robles' testimony at this time. These matters will need to be resolved at trial in conformity with the guidance already provided.

**III.    CONCLUSION**

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

A.    Comair's motion to strike all or portions of the testimony and exhibits relating to the deposition of Captain David Robles [DE 3188] is **DENIED**;

B.    If Plaintiffs intend to use Captain Robles as a witness, he must testify live at trial, and his deposition may be used only in accordance with the rules relating to any live witness;

C.    The Court will reserve ruling on any objections to the live testimony of Captain Robles or to exhibits associated with his testimony until trial;

D.    Comair's motion for an emergency hearing [DE 3188] is **DENIED**; and

E.    Comair's motion for leave to serve subpoena *duces tecum* on Captain Robles and to take his trial preservation deposition [DE 3189] is **DENIED**.

This July 31, 2008.



**Signed By:**

*__Karl S. Forester__* $KSF$

**United States Senior Judge**