UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

**CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF**

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

**RELATING TO THE FOLLOWING CASES:**

| Case | Case No. | Sixth Circuit Case No. |
|---|---|---|
| *Anderson v. Comair, et al.* | 5:07CV270KSF | 08-5198 |
| *Byrd v. Comair, et al.* | 5:06CV371KSF | 08-5071 |
| *Comair, Inc. v. USA* | 5:07CV058KSF | 08-5073 |
| *Cone v. Comair, et al.* | 5:07CV015KSF | 08-5069 |
| *Fahey, et al. v. Comair, et al.* | 5:07CV126KSF | 08-5068 |
| *Harris v. Comair* | 5:06CV292KSF | 08-5066 |
| *Hunt v. Comair* | 5:06CV400KSF | 08-5065 |
| *Mallory v. Comair, et al.* | 5:07CV124KSF | 08-5070 |
| *Moscoe v. Comair, et al.* | 5:06CV318KSF | 08-5072 |
| *Towles v. Comair, et al.* | 5:06CV429KSF | 08-5094 |
| *Washington v. Comair* | 5:06CV385KSF | 08-5067 |
| *Winters, et al. v. Comair, et al.* | 5:07CV127KSF | 08-5064 |

**OPINION AND ORDER**

This matter is before the Court on the motion of Comair, Inc. ("Comair") to certify this Court's Orders dated November 26, 2007 [DE 1126] and January 29, 2008 [DE 1362] for immediate appeal pursuant to Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b). Having been fully briefed, this matter is ripe for consideration.

**I.    BACKGROUND**

Following the crash of Comair Flight 5191 on August 27, 2006, families of the passengers and crew filed suits against a number of potentially responsible parties, including Comair, Delta Airlines, the United States of America and entities associated with the Bluegrass Airport, principally the Lexington-Fayette Urban County Airport Board and Lexington-Fayette Urban County Airport

Corporation ("Airport Defendants").  Comair filed cross claims or third-party complaints against the Airport Defendants claiming a right to indemnity or contribution.

Many of the plaintiffs' cases were remanded to the Fayette Circuit Court for lack of subject matter jurisdiction, but were removed again after the United States became a party.  While on remand, the Airport Defendants moved for dismissal on sovereign immunity grounds, based upon *Inco, Ltd. v. Lexington-Fayette Urban County Airport Board*, 705 S.W.2d 933 (Ky. Ct. App. 1985), and related authority.  In August 2007, the Fayette Circuit Court dismissed the Airport Defendants in all cases pending there, and Comair appealed to the Supreme Court of Kentucky.  The appeal was orally argued in August 2008, but no ruling has been issued to date.

Subsequent to the Fayette Circuit Court dismissal, the Airport Defendants relied on the same grounds in seeking dismissal of claims still pending in this Court.  The parties agreed that Kentucky law controls the question of immunity.  Pursuant to *Combs v. International Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004), this Court made the "best prediction" of what the Supreme Court of Kentucky would do when faced with the question and held that the Airport Defendants were entitled to immunity.  *In re Air Crash at Lexington, Kentucky, August 27, 2006*, 2007 WL 4206687 (E.D. Ky. 2007).  Accordingly, the motions to dismiss the Airport Defendants were granted.  Based upon this November 26, 2007 decision, motions to dismiss the Airport Defendants in additional cases were granted on January 29, 2008.

These decisions resolved only claims against the Airport Defendants and left many unresolved claims pending in this Court.  No separate Judgment was entered for either Order.  Comair did not request certification under Rule 54(b) for an interlocutory appeal.  Settlement agreements were reached in most cases, but one passenger plaintiff and the three crew plaintiffs have actions still pending.  Comair also has claims against the United States in all cases.

Comair appealed the two decisions regarding the Airport Defendants to the Sixth Circuit. On January 22, 2009 the Sixth Circuit ordered Comair to show cause why the appeals should not be dismissed. Comair then filed its motion to certify in this Court.

## II.    ANALYSIS

To determine whether an order is properly certifiable as a final order, several factors are to be considered.

> First is the relationship between the adjudicated and unadjudicated claims – they should generally be separate and independent so that the appellate court will not have to consider the same issues again if a second appeal is brought. Wright & Miller § 2659. Similarly, a court of appeals should not entertain appeals on issues that are still before the trial court "because questions the appellate court might want to consider have not been adjudicated at the trial level." *Id.* This is true both because of the need for a fully-developed record and because future proceedings in the district court might moot the issues. Another "requirement" under Rule 54(b) is that the district court articulate its reasons for certifying a final order. *Solomon*, 782 F.2d at 61 (failure to provide grounds for certification an abuse of discretion). The court must "weigh and examine the competing factors...." *Id.*

*Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994). In that case, the appellate court held that certification of an order dismissing state law claims was error because the dismissed claims and remaining federal claims were "inextricably intertwined, because any decision may be mooted by further proceedings in the district court, because another panel might have to address the same issue again and because the relevant precedent has not been addressed or analyzed by the district court." *Id.* at 144. The court noted that "[j]udicial economy generally is served best when appeals are presented in a unified package." *Id.* at 142.

In *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022 (6th Cir. 1994), the court held it was an abuse of discretion to certify as final a decision on the amount of potential damages a party might recover when there had been no determination on liability. Among the factors a district court should consider before finding there is "no just reason for delay" were the following:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence

3

> of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Id.* at 1030. The court noted that "[t]he potential for a challenged ruling to be mooted by subsequent developments in the district court weighs against certification for interlocutory appeal." *Id.* at 1031. Absent "countervailing considerations supporting an immediate appeal, this juridical concern is alone sufficient to warrant our finding that the district court abused its discretion in rendering the Rule 54 (b) certification." *Id.* The court continued:

> The potential for mootness takes on even greater weight in the 54(b) balance when the question we may never have to address presents sophisticated and unprecedented questions of state law.

*Id.*

In the present case, an additional fact is particularly relevant. On January 23, 2008, Comair filed a Motion to Stay in the Sixth Circuit, requesting that the appeal be held in abeyance pending the outcome of Comair's appeal to the Supreme Court of Kentucky. [DE 3419, Ex. A]. In its response to the Sixth Circuit's Show Cause Order, Comair said that the questions of law in the state court appeal "are identical to those before this Court." They also said that "any decision by the Kentucky Supreme Court would resolve all matters related to the appeal pending in this Court as well."

Without question, the decision of the Supreme Court of Kentucky will control the outcome of all claims against the Airport Defendants. Nothing that this Court or the Sixth Circuit does could change that fact. If the Supreme Court holds that the Airport Defendants are entitled to immunity, Comair's appeal to the Sixth Circuit would be moot. If the Supreme Court holds that the Airport Defendants are not immune, this Court would be obligated to reconsider its prior opinion to the contrary and reinstate the Airport Defendants as parties. So long as this Court's decisions granting immunity are interlocutory, the Court could quickly address a motion to reconsider following the Supreme Court decision. If the decisions were final and pending on appeal, this Court's hands

4

would be tied. Thus, judicial economy and avoidance of delay are best served by denying the motion to certify.

Additionally, there are sophisticated questions of state law involved. Any decision by the Sixth Circuit could be mooted by the Kentucky Supreme Court. This factor weighs strongly against certification. *General Acquisition*, 23 F.3d at 1031.

If the motion to certify were granted and the Sixth Circuit stayed the appeal pending the outcome in the Supreme Court of Kentucky, what would be the point of the appeal? It would only waste judicial resources and delay any final determination.

Regarding the relationship between the adjudicated and unadjudicated claims, the legal issue of the immunity of the Airport Defendants is unique. However, the pending district court actions involving Hebert, the Crew Plaintiffs, and Comair's claims against the United States would all be significantly impacted by the outcome.

There does not appear to be any possibility that the Sixth Circuit would be obligated to consider the claim a second time. To the contrary, there is no need for the Sixth Circuit to consider it the first time.

Certification under 28 U.S.C. § 1292(b) is permitted only when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." As discussed above, an immediate appeal in this case is most likely to create unnecessary delay in the ultimate termination of the litigation.

Interlocutory appeals "are the exception, not the rule." *Johnson v. Jones*, 515 U.S. 304, 309-120 (1995). No exceptional circumstances have been shown here. Instead, the relevant factors weigh against certification. *Justice*, 40 F.3d at 141; *General Acquisition*, 23 F.3d at 1030.

### III. CONCLUSION

**IT IS ORDERED** that Comair's Motion to Certify prior orders as final and appealable [DE 3418] is **DENIED**.

This March 9, 2009.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**