UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:

*Hebert, et al. v. Comair*, et al., No. 5:07-CV-320

**OPINION AND ORDER**

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Comair's motion in limine to exclude certain portions of the opinion testimony from Dr. Joy Osofsky and Dr. Frank Ochberg. [DE 3472]. Having been fully briefed, this matter is ripe for consideration.

**I.   BACKGROUND**

First, Comair seeks to exclude the testimony of Dr. Frank Ochberg that Jamie Hebert "suffers from PTSD and Dysthymia" and that her current condition is caused by the plane crash of August 27, 2006. By Opinion and Order dated May 1, 2009 [DE 3473], this Court denied Jamie Hebert's motions to file second and third amended complaints alleging personal damages from intentional or reckless infliction of emotional distress. To the extent that Dr. Ochberg's testimony would relate to any personal damages suffered by Jamie Hebert, that testimony is no longer relevant. Accordingly, the motion will be granted to exclude all testimony of Dr. Ochberg relating to Jamie Hebert's personal damages.

Second, Comair seeks to exclude the testimony of Joy D. Osofsky, Ph.D., that Lauren Hebert and Mattie Kay Hebert "meet criteria for chronic posttraumatic stress disorder" and "Dysthymic Disorder." [DE 3472]. Comair's primary argument appears to be that the testimony of Dr. Osofsky and Dr. Ochberg is not based upon scientifically valid methodology and is not reliably applied to the facts of this case. In support, they offer the opinion of Comair's expert, Dr. Shraberg,

who opines that Lauren and Mattie Kay Hebert could not suffer from PTSD because they did not directly witness the crash and were not involved in the crash. *Id.* at 4-5. He relies upon the criteria for PTSD in the Diagnostic and Statistical Manual of Mental Disorders – Fourth Edition "(DSM-IV)" that "[t]he person experienced, witnessed, or was confronted with an event that involved actual or threatened death or serious injury, or a threat to the physical integrity of self or others." Dr. Shraberg further states that "it did not appear that any standardized psychological testing was performed on ... Lauren Hebert or Mattie Kay Hebert." *Id.* at 5. He believes standardized testing would be important for a diagnosis. He also complains that "Dr. Osofsky only met with Lauren and Mattie Kay a couple of times." *Id.* at 6.

Comair also cites dictum from *Early v. Toyota Motor Corp.*, 486 F. Supp.2d 633, 637, n. 2 (E.D. Ky. 2007), that courts may consider whether the expert testimony grows naturally out of independent research or whether the opinions were developed expressly for purposes of testifying. *Id.* at 3. Comair claims that the opinions of these experts were developed expressly for testifying because neither of the experts are Plaintiffs' treating doctors. *Id.* at 6. Comair concludes that the opinions of Dr. Osofsky and Dr. Ochberg are "grounded in unreliable and inadmissible hearsay," but there is no factual statement in Comair's memorandum to support this conclusion. *Id.* at 6.

Plaintiffs respond that Dr. Ochberg currently is "a clinical Professor of Psychiatry at Michigan State University, a diplomat of the American Board of Psychiatry and Neurology, and a former Associate Director of the National Institute of Mental Health." [DE 3522, p. 3]. He also is a "recipient of the International Society for Traumatic Stress Studies Lifetime Achievement Award, 'which is the highest honor of the professional association devoted to research and treatment of PTSD.'" *Id.* Dr. Ochberg served on the Committee to Revise PTSD and is familiar with the formulation of the diagnostic criteria.

Dr. Osofsky has been a Professor of Pediatrics and Psychiatry at Louisiana State University Health Sciences Center since 1986, and is the Clinical Director for Child and Adolescent Services

2

with the Louisiana Spirit Disaster Crisis Counseling Program. *Id.* at 4. She also has published "numerous journal articles on trauma and disasters and their effects on children, adolescents and families." *Id.* at 4-5. Based upon these qualifications and additional facts contained in their resumes, Plaintiffs state that Drs. Ochberg and Osofsky are well qualified to testify regarding a diagnosis of PTSD and an analysis of the disorder and that their expertise will assist the jury in determining damages to the children. *Id.* at 8-10.

Plaintiffs argue that the experts' testimony is the product of reliable principles and measures in that they applied the DSM-IV criteria for diagnosing PTSD to information gathered from interviews with the Plaintiffs and facts relating to Brian Woodward's death. In response to Dr. Shraberg's claim that PTSD requires involvement in or witnessing the plane crash, Plaintiffs rely on language from the DSM-IV that the disorder can result from "learning about" an unexpected or violent death of a family member. *Id.* at 13. Regarding Dr. Shraberg's criticism that standardized tests were not administered to Lauren and Mattie Kay, Plaintiffs respond with authority that a diagnosis "depends first and foremost on careful and direct clinical interviews with the child and the parents." *Id.* at 15. Plaintiffs also note that Comair does not suggest any testing that should have been employed. Accordingly, Plaintiffs claim the testimony of the experts is the product of reliable principles and measures. Finally, Plaintiffs claim that the expert reports reflect the use of comprehensive material regarding Woodward's death, personal interviews and evaluations, and application of the DSM-IV criteria to that data, such that the methods were reliably applied here.

## II.     ANALYSIS

### A.      Standard for Expert Testimony under Rule 702

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient

3

>facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In the exercise of its gatekeeping role under FRE 702, a district court is responsible for determining the relevance and reliability of all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Sixth Circuit recently summarized the standard for admissibility of expert testimony as follows:

>[A] proposed expert's opinion is admissible, at the discretion of the trial court, if the opinion satisfies three requirements. First, the witness must be qualified by "knowledge, skill, experience, training, or education." Fed.R.Evid. 702. Second, the testimony must be relevant, meaning that it "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* Third, the testimony must be reliable. *Id.*

*In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 528-29 (6th Cir. 2008). Knowledge meets the standard for evidentiary reliability when "an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice in the relevant field." *Jahn v. Equine Services, PSC*, 233 F.3d 382, 388 (6th Cir. 2000).

>**B.  Comair's Motion to Exclude Evidence that Lauren and Mattie Kay Hebert Suffer From PTSD**

It is the opinion of this Court that the testimony of Dr. Osofsky and Dr. Ochberg relating to the diagnosis of Lauren Hebert and Mattie Kay Hebert as suffering from PTSD is admissible. Comair does not seriously challenge the qualifications of Drs. Osofsky and Ochberg to testify regarding PTSD and the damages suffered by the girls. The resumes of these two experts reflect extensive experience and professional recognition in the subject areas in which they propose to testify. The Court finds Plaintiffs' experts are unquestionably qualified to testify.

Comair also does not seriously question the relevancy of the testimony. The issue is a mental health diagnosis, and the expert testimony will be of assistance to the jury in determining damages.

Regarding the sufficiency of facts or data to support the expert opinions, Comair argues that "Dr. Osofsky only meet [sic] with Lauren and Mattie Kay a couple of times...." [DE 3472, p. 6]. Dr. Shraberg's affidavit does not support this criticism (see Ex. 2), and there is no suggestion as to why the five interviews Dr. Osofsky conducted might be insufficient.

Comair's primary challenge to the testimony of Plaintiffs' experts concerns the reliability of their diagnosis. Dr. Shraberg insists that the facts of this case do not satisfy the criteria for PTSD. First, the mere fact that doctors may disagree on a diagnosis does not render the diagnosis unreliable or inadmissible. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596.

Second, Dr. Shraberg's opinions are contradicted by the evidence on which he relies. Dr. Shraberg bases his opinion on DSM-IV (DE 3472, Ex. 2, ¶¶ 6, 11, 12, 16) and says in his affidavit:

> 9. That as sine qua non for the diagnosis of PTSD is that the individual actually was actually involved in the crash or directly witnessed the crash.
>
> 17. That it is a well recognized principle in psychiatry that in order to be properly diagnosed with PTSD that the individual had to actually witness or be involved in the crash.

[DE 3472, Ex. 2]. However, Plaintiffs quote the *Posttraumatic Stress Disorder Diagnostic Features* section of DSM-IV in which the APA states:

> The essential feature of Posttraumatic Stress Disorder is the development of characteristic symptoms following exposure to an extreme traumatic stressor involving direct personal experience of an event that involves actual threatened death or injury ... or learning about unexpected or violent death, serious harm, or threat of death or injury experienced by a family member or other close associate (Criterion A1).
>
> * * *
>
> Events experienced by others that are learned about include, but are not limited to, violent personal assault, serious accident, or serious injury experienced by a family member or a close friend; learning about the sudden, unexpected death of a family member or a close friend; or learning that one's child has a life threatening disease.

5

[DE 3522, Ex. 1, pp. 463-464]. Thus, PTSD can be based upon "learning about unexpected or violent death ... by a family member" and "learning about the sudden, unexpected death of a family member." Both of Plaintiffs' experts state their diagnoses are based on the fact that the Plaintiffs learned about the traumatic and unexpected death of Bryan Woodward. [DE 3472, Ex. 3, p. 10; Ex. 4, p. 8]. This Court finds that the opinions of Plaintiffs' experts are not rendered unreliable because the diagnoses are based on Plaintiffs "learning" of their family member's death, rather than being actually involved or directly witnessing it.

Dr. Shraberg's opinion that the PTSD diagnoses of the daughters were not based on standardized psychological tests, likewise, does not render the diagnoses unreliable. Plaintiffs cite the American Academy of Child and Adolescent Psychiatry, which addresses the requirement of standardized testing and states:

> The assessment of PTSD in children depends first and foremost on careful and direct clinical interviews with the child and the parents. ... Although several questionnaires and semi-structured interviews purport to measure this disorder, there is no single instrument accepted as a "gold standard" for making this diagnosis or monitoring its symptom course.

*Practice Parameters for the Assessment and Treatment of Children and Adolescents With Posttraumatic Stress Disorder*, DE 3522, Ex. 2, p. 12. Comair offers no suggestions for which tests should have been administered or any potential impact on the reliability of the diagnosis.

Finally, Comair's reliance on *Early v. Toyota Motor Corp.*, 486 F.Supp.2d 633, 637, n. 2 (E.D. Ky. 2007), regarding opinions developed expressly for testifying, is misplaced. Aside from the fact that the quoted language is dictum, Comair misapplies the standard in this case. A physician does not have to be a "treating" physician to "testify about matters growing naturally and directly out of research they have conducted independent of the litigation." These experts have years of experience diagnosing and treating other persons for the same condition, independently of this litigation. There is no evidence they developed some unique methodology for diagnosing these individuals. Moreover, "[a]ny weakness in [an expert's] methodology will affect the weight

6

that his opinion is given at trial, but not its threshold admissibility." *Best v. Lowe's Home Centers, Inc.*, 563 F.3d 171, 182 (6th Cir. 2009), citing *Kudabeck v. Kroger Co.,* 338 F.3d 856, 861-62 (8th Cir. 2003) ("[A]ttacks regarding the completeness of [a doctor's] methodology go to the weight and not admissibility of his testimony."). Comair has failed to show that the testimony of Plaintiffs' experts is not the product of reliable principles and methods, nor that the principles and methods were not applied reliably to the facts of this case. Accordingly, the testimony is admissible.

### III. CONCLUSION

**IT IS ORDERED** that:

A. Comair's motion [DE 3472] to exclude testimony by Dr. Frank Ochberg regarding any personal damages suffered by Jamie Hebert is **GRANTED**;

B. Comair's motion [DE 3472] to exclude testimony by Dr. Joy Osofsky regarding personal damages suffered by Lauren Hebert or Mattie Kay Hebert is **DENIED**; and

C. Comair's request for an evidentiary hearing [DE 3472] is **DENIED**.

This June 23, 2009.



Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**