**CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF**

**IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006**

**RELATING TO:**

*Hebert, et al. v. Comair*, et al., No. 5:07-CV-320

**OPINION AND ORDER**

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on motions by Plaintiff for a simultaneous trial of punitive damages claims against Comair and liability claims against the United States [DE 3760], motion to issue requests for admission concerning the extent of the United States' liability [DE 3798], motion in limine concerning Comair's claims of causal fault by others [DE 3768], and motion in limine to bar Comair from "admitting" liability at the punitive damages trial [DE 3801]. The Court has considered the motions, responses, and arguments of counsel at the Pretrial Conference and rules as follows.

**I.    BACKGROUND**

Plaintiffs moved for a simultaneous trial of their gross negligence/punitive damages claims against Comair and their negligence claims against the United States. [DE 3760]. In support, they argued that the only determination of negligence and causation was the Court's summary judgment against Comair. Plaintiffs noted that the Court has not determined the proportional liability of the United States, which it could do through a bench trial of any negligence of the United States as part of the gross negligence trial against Comair. Although the United States and Comair reached a settlement agreement allocating liability between them, Plaintiffs state there was no admission of liability on the part of the United States, and the Plaintiffs were not parties to that agreement.

Plaintiffs noted that such simultaneous trials are common practice and further efficiency and expediency interests, particularly in a case such as this where the issues are interrelated. Plaintiffs further noted that a simultaneous trial "will prevent Comair from exaggerating any negligence by the United States as a potential punitive damages shield." [DE 3761, p. 6].

Comair responded that the total amount of Plaintiffs' compensatory damages was established at the December 2009 trial of that issue, and that there was no further justiciable controversy between Plaintiffs and the United States. [DE 3764, pp. 1-2]. Comair noted that Plaintiffs' counsel agreed prior to the compensatory damages trial that the United States would not be a participant and that arrangements for this trial were made without the involvement of the United States. It claims that Plaintiffs now are trying to have it both ways. Comair further argued that a last-minute addition of issues regarding the United States would only complicate the case and waste judicial resources, since there would be no impact on Plaintiffs' entitlement to damages or any allocation of damages.

The United States responded that the settlement with Comair makes any determination of the United States' liability to Plaintiffs moot. [DE 3765]. The purpose of its entering into the settlement agreement was to avoid the cost and inconvenience of trial, and there has been no demonstration of "why the United States should not be permitted to rely upon this expectation." *Id.* at 2. The United States argues that the motion is an attempt to gain a tactical advantage in the punitive damages trial against Comair, and that forcing it to try issues of negligence would extend the trial and misuse judicial and party resources.

At the June 22, 2010, pretrial conference, Comair argued that there was a full award of compensatory damages, leaving nothing for trial, regardless of who was at fault. [DE 3797, June 22, 2010 Transcript p. 16]. Plaintiffs responded that, absent a determination or stipulation of the proportional liability of the United States, Comair would attempt "to exaggerate the fault of the government to a much greater degree." *Id.* at 18. Plaintiffs offered to stipulate that "fault is divided

2

82 percent to Comair and 18 percent to the United States." *Id.* at 19. Comair replied that it would admit "its compensatory liability, based upon negligence," but would defend against the claim of gross negligence by placing the actions of the pilots in the context of the multiple factors that may also have contributed to cause the accident. *Id.* at 20-21.

Shortly after the pretrial conference, Plaintiffs moved for leave to issue requests for admission whereby Comair and the United States would admit that negligence by the United States was a substantial factor in causing Plaintiffs' compensatory damages and that the United States is liable for 18 percent of those compensatory damages. [DE 3798, 3799]. Plaintiffs filed this motion as a potential alternative to a trial on the merits to determine the liability of the United States.

Comair responded that all discovery deadlines lapsed some time ago. [DE 3804]. It reiterated that there is nothing left to try, that Comair would satisfy the complete compensatory damages judgment, and that there was no need for further proceedings against the United States, either by trial or by admissions. Comair repeated that it did not intend to attempt to shift all blame to the United States and could not do so in light of the Court's ruling that Comair was negligent. Instead, it sought only to show that "the crash was not the product of reprehensible conduct on the part of Comair." It noted that the admissions would not assist Plaintiffs in prosecuting their punitive damages case because the United States cannot be held liable for punitive damages. It argues the motion should be denied since the additional discovery would have no effect on the outcome of the case.

Plaintiffs moved in limine to bar "evidence and argument before the jury of breach of the standard of care by entities or individuals other than Comair and its employees unless a proper foundation for admissibility of this evidence is established outside of the presence of the jury." [DE 3768]. In support, they note that evidence of negligence by others is not admissible unless there is non-speculative evidence that the alleged negligence was a substantial factor causing the crash,

citing the Court's summary judgment in favor of Jeppesen-Sanderson. Accordingly, Plaintiffs argue that any evidence of fault by others should be supported by appropriate evidence of causation before it may be admitted.

Comair responded that the motion was overly broad and would exclude substantial relevant evidence. [DE 3778]. It also relied on this Court's July 17, 2008 Opinion and Order that "the jury is entitled to consider evidence concerning the condition of the airport on August 27, 2006, so that it may consider the actions of the pilots in context rather than in a vacuum without considering the full picture." [DE 3134]. Comair argues that it is entitled to defend against punitive damages through evidence of circumstances that show gross negligence is less probable. Comair also argues that any weaknesses in the factual basis of an expert opinion should be exposed by cross examination, rather than exclusion of the evidence.

Plaintiffs also filed a recent motion in limine to bar Comair from "admitting" liability at the punitive damages trial. [DE 3801]. Based upon the statement of Comair's counsel that it intended "to admit our compensatory liability, based upon negligence," at the punitive damages trial, Plaintiffs argue "it would be misleading for Comair to claim at the punitive damages trial it is admitting or has admitted liability for plaintiffs' compensatory damages." *Id.* at 1-2. Plaintiffs contend this would be an improper attempt for Comair "to garner sympathy from the jury by presenting itself as a repentant tortfeasor that has acknowledged the harm it has caused." Instead, Comair resisted liability for negligence until the Court granted summary judgment against it.

Comair responds first that the motion is untimely. [DE 3806]. Second, it argues that Plaintiffs filed a similar motion prior to the December 2009 trial for compensatory damages, and the Court denied the motion stating that Comair was "entitled to admit all or any portion of liability or damages as part of its defense strategy." *Id.* at 1, quoting DE 3598 at 7. Accordingly, Comair claims the issue has already been decided. It further argues that it is entitled to present its defense of recognizing liability for negligence, while denying gross negligence.

4

## II. ANALYSIS

The present motions raise evidentiary issues that are subject to the discretion of the trial court. *See e.g. Rush v. Illinois Central R. Co.,* 399 F.3d 705, 715 (6th Cir. 2005) ("We review a district court's contested evidentiary determinations for an abuse of discretion."). The parties in the present case agreed at the pretrial conference and in their proposed jury instructions that the jury trying the issue of punitive damages should be told by the Court that another jury determined compensatory damages and the amounts. [June 22, 2010 Transcript, pp. 47-48].

Considering the last motion first, the Court observes there have been some significant developments between the outset of the last trial and the present one. Plaintiffs' motion for partial summary judgment against Comair on the issues of negligence and causation was granted. [DE 3706]. Judgment was entered against Comair for the jury award totaling $7.1 million in compensatory damages. [DE 3702]. Thus, Comair is no longer free to admit or deny all or any portion of liability or damages as part of its defense strategy. It is the opinion of this Court that the jury should be advised at the outset of the trial, and perhaps again in the instructions, as follows: "The Court has ruled as a matter of law that the Flight 5191 pilots employed by Defendant Comair, Inc. were negligent in attempting to take off from the wrong runway, which was too short for safe takeoff, and also that this negligence was a substantial factor causing the plane to crash after it ran off the end of the runway." Comair is not thereby precluded from its defense of acknowledging negligence but denying gross negligence. Likewise, the jury will not be misled or confused on the issues of Comair's negligence and causation.

Regarding any determination of the negligence liability of the United States, the Court agrees that the settlement between Comair and the United States renders the issue moot. Plaintiffs have a judgment against Comair for the entire amount of their compensatory damages. [DE 3702]. Moreover, the United States cannot be liable for punitive damages. There is no relief

that this Court can grant Plaintiffs against the United States. *See Brock v. International Union*, 889 F.2d 685, 690 (6th Cir. 1990).

The practical issue, however, is what evidence may Comair offer regarding the conduct of others relating to the plane crash and what should the jury be told regarding the liability of others? Plaintiffs are correct that evidence of negligence must be accompanied by non-speculative evidence that the alleged negligence was a substantial factor causing the crash. For example, this Court held that "there is no evidence that this [Jeppesen] chart was the probable cause of the crash among other possibilities," and that plaintiffs "failed to tilt the balance from possibility to probability on the issue of proximate cause." *In re Air Crash at Lexington, Ky., August 27, 2006*, 2008 WL 2704155 (E. D. Ky. 2008), *aff'd, Polehinke v. Jeppesen-Sanderson, Inc.*, 359 Fed. Appx. 559 (6th Cir. 2009). During the Pretrial Conference, the Court ruled that evidence regarding the Airport would be admissible, but evidence regarding Jeppesen would not. [June 22, 2010 Transcript, pp. 29-30].

To avoid confusion and misunderstanding on the part of the jury, this Court intends to advise the jury at the outset of the case that their duty is to determine whether Comair or its pilots were grossly negligent and, if so, what amount of punitive damages would be appropriate in light of the circumstances. Any issues regarding the conduct of others have been determined previously and are not the concern of this jury. The United States has admitted it is liable for any negligence by the air traffic controller that was a substantial factor in causing the crash of Flight 5191; however, the United States may not be held liable for punitive damages. The jury may consider evidence of the conduct of others for the sole purpose of determining whether there is gross negligence on the part of Comair or its pilots, but not for any other purpose. If the parties have specific language to suggest for this admonition, they may file it with the Court <u>before 12:00 noon, Thursday, July 15</u>.

6

**III.    CONCLUSION**

   A.    Plaintiffs' motion for a simultaneous trial of punitive damages claims against Comair and liability claims against the United States [DE 3760] is **DENIED**;

   B.    Plaintiffs' motion in limine concerning Comair's claims of causal fault by others [DE 3768] is **GRANTED** with respect to conduct by Jeppesen-Sanderson, Inc., and **DENIED** with respect to the Airport and the United States;

   C.    Plaintiffs' motion to issue requests for admission concerning the extent of the United States' liability [DE 3798] is **DENIED**; and

   D.    Plaintiffs' motion to bar Comair from admitting liability at the punitive damages trial [DE 3801] is **GRANTED** to the extent that the Court will advise the jury of the determination of liability and causation.

This July 12, 2010.

Signed By:
*Karl S. Forester*   KSF
United States Senior Judge